DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE:  (907) 269-5100

1 | DAVID W. MÁRQUEZ
ATTORNEY GENERAL
2 | Brenda B. Page
Assistant Attorney General
3 | 1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
4 | Phone:  (907) 269-5136
Fax:  (907) 258-4978

5 | Attorney for the State of Alaska, Department of Transportation
and Public Facilities, and Individual Defendants

6

7 | IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

8 | ELSA BILLINGHAM,                          )
                                           )
9 |                    Plaintiff,           )
                                           )
10 | v.                                     )
                                           )
11 | STATE OF ALASKA, DEPARTMENT            )
OF TRANSPORTATION AND PUBLIC              )
12 | FACILITIES, and Individual Defendants  )
MORT PLUMB, JR., DAVE EBERLE,             )
13 | DAN HARTMAN, FRED KLOUDA,              )
DOUG HUNTER, AND BRUCE JOKELA, )
14 |                                         )
                    Defendants.            )
15 | _____)    Case No.  A05-0240 CIV (RRB)

16 | **MOTION TO DISMISS**

17 |         Defendants, State of Alaska, Department of Transportation and Public Facilities

18 | ("DOT/PF"), Mort Plumb, Jr., Dave Eberle, Dan Hartman, Fred Klouda, Doug Hunter,

19 | and Bruce Jokela, by and through the Office of the Attorney General, pursuant to Rules

20 | 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, file this motion to dismiss

21 | certain of Plaintiff Elsa Billingham's claims and to strike the portions of her complaint

22 | related to those claims.

23 |         Specifically, Defendants request that the Court dismiss all claims that are based

24 | on actions other than Ms. Billingham's termination and the alleged "blacklisting" after

25

Motion to Dismiss                                                      Page 1 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

her termination. In addition, Defendants request that the Court dismiss all claims against the individual defendants. Ms. Billingham's claims based on actions that occurred before her termination are barred by applicable statutes of limitations. Moreover, Ms. Billingham cannot bring claims against the individual defendants under 42 U.S.C. § 2000e-5 ("Title VII") and there are compelling reasons for the Court to decline to exercise supplemental jurisdiction over any state law claims against the individual defendants.

Defendants recognize that Ms. Billingham is without counsel in this litigation and her complaint is somewhat confusing regarding the claims she is asserting. Therefore, Defendants believe that it would be beneficial for the Court to dismiss certain claims at the outset of this litigation to bring some clarity to the scope of this lawsuit and to prevent the parties and the Court from expending time and resources litigating claims that should not be before the Court.

Defendants limit this motion to matters raised by the pleadings and the administrative documents related to proceedings that are precondition to suit under Title VII.[1] Any dispositive motions that require submission of additional information will be filed after discovery in this matter.

---

[1]    Although a motion to dismiss under Rule 12(b) is directed to the complaint itself, matters that are properly the subject of judicial notice, including administrative agency files and decisions, may be considered by the Court without converting this motion to a motion for summary judgment. *See Hotel Employees and Rest. Employees Local 2 v. Vista Inn Mgmt. Co.,* 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005)(holding that the court may take judicial notice of matters of public record and may consider documents whose authenticity cannot be questioned and on which the plaintiff's complaint relies in ruling on a 12(b)(6) motion); *Northgate Motors, Inc. v. General Motors Corp.,* 111 F. Supp. 2d 1071, 1077 (E.D. Wisc. 2000) (holding that administrative agency files and decisions are the subject of judicial notice and may be considered without converting a Rule 12(b)(6) motion to a motion for summary judgment)

Motion to Dismiss                                                                                    Page 2 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE:  (907) 269-5100

## BRIEF PROCEDURAL HISTORY

Ms. Billingham initially filed a complaint in this case on October 12, 2005, but did not serve the complaint properly on Defendants.  On January 24, 2006, Ms. Billingham filed an amended complaint, which she properly served.  Before the deadline for Defendants' response, however, Ms. Billingham filed another amended complaint, entitled "Second Amended Complaint," on February 7, 2006.  Although this complaint is not a model of clarity, Ms. Billingham apparently seeks to bring claims of discrimination and retaliation related to conduct that occurred throughout her employment at DOT/PF.

Specifically, in Count One of her complaint, Ms. Billingham alleges that she was discriminated against with regard to work assignments, training and promotions, and that she was verbally and physically assaulted. In Count Two of her complaint, Ms. Billingham similarly alleges that various incidents of discrimination occurred during her employment at DOT/PF during the 1990's and alleges that, in lieu of termination, in June 2003, she was "coerced" to sign a letter of dispute resolution that "Public Employees Union Local 71 and the State of Alaska had put together," resulting in a demotion and transfer to probationary status.  Pl. Compl. p. 8.  Ms. Billingham also alleges in Count Two that she was wrongfully terminated from her employment in June 2004.  Finally, in Count Three, Ms. Billingham alleges that she was blacklisted after her termination in retaliation for a "past legal action."   Pl. Compl. p. 11.

Before bringing this lawsuit, Ms. Billingham filed multiple discrimination complaints with the Equal Employment Opportunity Commission ("EEOC") and the Alaska State Commission for Human Rights ("ASCHR").  Ms. Billingham first filed a

Motion to Dismiss                                                                                          Page 3 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants*, 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

complaint of discrimination with ASCHR against DOT/PF in August 2002. This initial complaint, ASCHR No. C-02-269, was co-filed with the EEOC as Charge No. 38A-2002-00285 under the workshare agreement between the EEOC and ASCHR. In the complaint, Ms. Billingham alleges that, during her eight years of employment with DOT/PF, through August 4, 2002 and continuing, she was discriminated against with regard to training and work assignments, denied promotional opportunities and suspended based on her sex, age and opposition to sex discrimination. (Attached as Exh. A). After investigation, ASCHR issued a determination on June 18, 2004, finding that Ms. Billingham's allegations were not supported by substantial evidence and closing the case. (Attached as Exh. B). The EEOC adopted ASCHR's findings and issued a Notice of Right to Sue to Ms. Billingham on July 7, 2004. (Attached as Exh. C). Ms. Billingham did not file a lawsuit within 90 days of receiving this first Notice of Right to Sue.

In the meantime, however, Ms. Billingham filed a second complaint of discrimination covering a period from January 10, 2003 until January 12, 2004, in which she alleged continued sex and age discrimination and retaliation for filing the first complaint of discrimination. (Attached as Exh. D). Ms. Billingham again alleged that she was not allowed to gain training and experience and that she was disciplined more harshly than male workers for errors or accidents on the job. She further alleged that she was discriminatorily suspended and demoted in June 2003. This second complaint also was co-filed with ASCHR (No. E-04-003) and the EEOC (No. 380-2004-00472). The EEOC investigated the second complaint and issued a Notice of Right to Sue on April 22, 2004, with a determination that, based upon its investigation,

Motion to Dismiss                                                    Page 4 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

it was unable to conclude that the information obtained established violations of the statutes. (Attached as Exh. E). Ms. Billingham did not file a lawsuit within 90 days of receiving this second Notice of Right to Sue.

ASCHR adopted the EEOC's action, determined that the allegations in the second complaint were not supported by substantial evidence, and closed its case in November 2004. (Attached as Exh. F). In December 2004, Ms. Billingham filed an appeal of ASCHR's determination in the Superior Court for the State of Alaska, Case No. 3AN-04-12964CI, which currently is pending.

In addition, in December 2004, Ms. Billingham filed a third complaint with the EEOC alleging only: (1) that her termination on June 28, 2004, was discriminatory and retaliatory; and (2) she was blacklisted by the union and DOT/PF and can no longer work for DOT/PF.[2] (Attached as Exh. G). The EEOC issued a Notice of Right to Sue for Ms. Billingham's third complaint (No. 380-2004-03898) on July 18, 2005, determining that, based upon its investigation, it was unable to conclude that the information obtained established violations of the statutes. (Attached as Exh. H) On October 12, 2005, Ms. Billingham filed this lawsuit.

## RELEVANT POINTS AND AUTHORITIES

**I.     Ms. Billingham's Claims Based On Actions That Took Place Prior To Her Termination Are Barred By Statutes Of Limitation**

To the extent Ms. Billingham seeks to base any claims on actions that occurred during her employment at DOT/PF, such claims are barred by the applicable statutes of limitation. Defendants do not dispute that Ms. Billingham's claims based on her

---

[2]     Ms. Billingham did not timely file a complaint with ASCHR regarding her termination.

Motion to Dismiss                                                                                  Page 5 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE:  (907) 269-5100

termination and the alleged subsequent blacklisting are timely filed and can be litigated

in this action.[3]  Claims based on conduct prior to her termination, however, are untimely

and should be dismissed.

### A.    The Statute of Limitations Bars Title VII Claims Based on Allegations in the First Two EEOC Complaints

Ms. Billingham did not file timely lawsuits based on her first two EEOC

complaints and now is barred from pursuing any claims based on allegations in those

complaints.  In her "Third Cause of Action," Ms. Billingham alleges that Defendants

engaged in unlawful employment practices in violation of Title VII.  Ms. Billingham

bases this cause of action on all of the allegations in the complaint, including allegations

concerning incidents throughout her entire employment at DOT/PF.  The statute of

limitations, however, bars Ms. Billingham from bringing a claim under Title VII based

on any conduct other than the conduct alleged in her third EEOC complaint.

Title VII establishes an administrative procedure that a plaintiff must follow

before filing a lawsuit.  A plaintiff who receives a Notice of Right to Sue from the

EEOC has 90 days in which to file a lawsuit in state or federal court.  42 U.S.C.

§ 2000e-5(f)(1).  This 90-day statute of limitations is communicated clearly to the

plaintiff on the EEOC notice, which indicates in bold letters that any lawsuit under

federal law based on the charge must be filed within 90 days of receipt of the notice or

the right to sue based on the charge will be lost.

Notably, even if a plaintiff timely files a lawsuit after receiving a right to sue

letter on a subsequent charge, the plaintiff may not revive the allegations in the

---

[3]     Defendants, however, reserve the right to assert other affirmative defenses to the claims and to seek summary disposition after discovery.

Motion to Dismiss                                                        Page 6 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

previously dismissed charge.  As the court in a recent decision explained, such a result would undermine the purposes of the 90-day filing requirement:

> When an employee has pursued multiple charges of discrimination or retaliation, the employee may come to court with several final administrative decisions in hand.  Charges addressed in stale decisions, those issued more than 90 days before filing of suit, may not form the basis of an employee's Title VII lawsuit regardless of subsequent unexpired decisions. … [A]n unexpired decision can only be the basis of a Title VII suit to the extent that addresses charges different, if related, to those addressed in stale decisions.  This makes sense, because the time limitations of [Title VII] would be meaningless if potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased.

*Price v. Greenspan,* 374 F. Supp. 2d 177, 184 (D.C. Cir. 2005) (quotations and citations omitted).

In fact, when a plaintiff fails to file a lawsuit within 90 days of receiving a notice of right to sue on a charge, courts routinely and consistently hold that the plaintiff is precluded from later basing a claim on those same events, even if the plaintiff timely files a lawsuit after receiving a right to sue notice for a subsequent charge.  *See Price,* 374 F. Supp. 2d at 184 (holding that plaintiff with three EEOC charges was barred from litigating retaliation claims based on the second EEOC charge because he did not file the suit within 90 days of receiving the Notice of Right to Sue); *Spears v. Missouri Dep't of Corrs. and Human Resources,* 210 F.3d 850, 853 (8th Cir. 2000) (holding that plaintiff who did not timely sue after previous EEOC charge was barred from later asserting claims based on events alleged in that charge); *Lo v. Pan Am. World Airways, Inc.,* 787 F.2d 827 (2d Cir. 1986) (holding that second EEOC charge and right to sue letter did not revive previous claims of plaintiff who did not bring timely suit after receiving right to sue letter on first EEOC charge).

Motion to Dismiss                                                                                          Page 7 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

As in the cases above, Ms. Billingham is barred from pursuing any claims based on her first two EEOC charges. In total, Ms. Billingham filed three charges with the EEOC related to her employment with DOT/PF. The first charge covered a period of employment from 1994 through August 2002 and alleged disparate treatment regarding training, assignments, promotions and discipline on the bases of her age and sex and in retaliation for opposing sex discrimination. Although the EEOC issued a Notice of Right to Sue for that charge in July 2004, Ms. Billingham did not file a lawsuit within 90 days of receiving the notice. As a result, she cannot now bring any claims under Title VII in this lawsuit based on the allegations in that charge.

Likewise, Ms. Billingham is barred from bringing claims based on the allegations in her second EEOC charge, which covered the period of her employment from January 10, 2003 through January 12, 2004. In the second charge, Ms. Billingham also alleged disparate treatment in training, opportunities and discipline and alleged that she was discriminatorily suspended and demoted in June 2003. Again, although the EEOC issued a Notice of Right to Sue on the second charge in April 2004, Ms. Billingham failed to file a lawsuit under Title VII within 90 days of receiving the notice.

Thus, this lawsuit, which Ms. Billingham filed after receiving the right to sue letter for her third EEOC charge, must be limited to the allegations in the third charge. Ms. Billingham only raised two allegations in the third charge—that her termination in June 2004 was discriminatory and retaliatory and that the union and DOT/PF subsequently blacklisted her. As a result, Ms. Billingham's Title VII claim must be limited to the termination decision and the alleged actions subsequent to the

Motion to Dismiss
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants*, 3:05-cv-0240 (TMB)

Page 8 of 15

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

termination. Accordingly, any other claims that she seeks to bring under Title VII should be dismissed.[4]

**B.     Plaintiff Billingham's Claims of Sexual Harassment under State Law Are Barred by the Applicable Statutes of Limitations**

Ms. Billingham's sexual harassment claims under state law also are untimely filed.[5] In her Second Amended Complaint, Ms. Billingham asserts two causes of action in which she specifically alleges that she was sexually harassed and terminated in violation of AS 18.80.220 and in breach of the covenant of good faith and fair dealing. As with her claim under Title VII, Defendants do not dispute that Ms. Billingham timely filed a termination claim under state law. Ms. Billingham has not set forth any allegations, however, to support a timely claim of sexual harassment.

---

[4]     In her EEOC charge and in the previous versions of her complaints in this lawsuit, Ms. Billingham alleged that her termination was discriminatory based on her age and sex. It appears, however, that Ms. Billingham has dropped her allegations of age discrimination in her Second Amended Complaint. To the extent Ms. Billingham is continuing to assert any claims of age discrimination in this lawsuit, such claims should be dismissed. Title VII does not cover age discrimination. 42 U.S.C. § 2000e(a)(6). Moreover, lawsuits brought in federal court against the state under the Age Discrimination in Employment Act ("ADEA") are barred by the doctrine of sovereign immunity. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 91 (2000) (holding that the doctrine of sovereign immunity protects states from lawsuits under the ADEA brought by individual plaintiffs in federal court).

[5]     It is not entirely clear what claims Ms. Billingham seeks to assert under state law. Ms. Billingham's complaint is confusing, in part, because she divides it into three "counts" and three "causes of action." Count One is entitled "Discrimination," Count Two is entitled "Wrongful Termination," and Count Three is entitled "Retaliation." The first Cause of Action specifically alleges that Ms. Billingham was discriminated against "in that she has been sexually harassed" and has been terminated in breach of the covenant of good faith and fair dealing. The second Cause of Action alleges that Defendants violated AS 18.80.220 "in that they have harassed her" and terminated her because of her sex. In contrast, the third cause of action alleges, more generally, that defendants engaged in unlawful employment practices in violation of Title VII. Therefore, Defendants conclude that Ms. Billingham only seeks to bring claims of termination and sexual harassment under state law.

Motion to Dismiss                                                   Page 9 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

The Alaska Human Rights Act does not contain a specific statute of limitations for actions brought under the Act. Therefore, the applicable statute for determining the limitation period is AS 09.10.070, which provides that:

> Except as otherwise provided by law, a person may not bring an action . . . upon a liability created by statute, other than a penalty or forfeiture; unless the action is commenced within two years of the accrual of the cause of action.

AS 09.10.070(a)(5). A three year statute of limitations governs Ms. Billingham's sexual harassment claim for breach of the covenant of good faith and fair dealing, if she seeks a remedy under contract.[6] The applicable statute provides:

> Unless the action is commenced within three years, a person may not bring an action upon a contract or liability, express or implied, except as provided in AS 09.10.040, or as otherwise provided by law, or, except if the provisions of this section are waived by contract.[7]

AS 09.10.053. In either case, Ms. Billingham has not made allegations that she was sexually harassed during the statute of limitations period. Ms. Billingham filed her initial complaint in this lawsuit on October 12, 2005. Thus, Ms. Billingham must allege in her complaint that sexually harassing conduct occurred after October 2002. She has not done so.

There are two types of actionable sexual harassment—hostile environment and quid-pro-quo. To establish a claim of hostile environment sexual harassment, Ms. Billingham must show that: (1) she was subjected to verbal or physical conduct of a

---

[6]     If Ms. Billingham seeks a remedy in tort for breach of the covenant of good faith and fair dealing, the two-year statute of limitations under AS 09.10.070(a)(2) should be applied.

[7]     The issues of whether Ms. Billingham's claim for breach of the covenant of good faith and fair dealing were waived by contract and whether she exhausted her contractual remedies are beyond the scope of this Rule 12(b)(6) motion and will be addressed in a dispositive motion after discovery, if necessary.

Motion to Dismiss                                                    Page 10 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir. 2003). To establish quid-pro-quo sexual harassment, she must show that a supervisor explicitly or implicitly conditioned a job, a job benefit, or the absence of a job detriment upon an employee's acceptance of sexual conduct. *Holly D. v. California Inst. of Tech.,* 339 F.3d 1158, 1169 n. 15 (9th Cir. 2003). Ms. Billingham made no allegations in her complaint that she was sexually harassed after October 2002. In fact, the only specific actions alleged in the complaint that occurred after October 2002 and before Ms. Billingham's termination relate to Ms. Billingham's demotion in June 2003.[8] The demotion, however, which was the result of a letter of dispute resolution with the union, does not constitute sexual harassment. Because Ms. Billingham has not alleged any sexually harassing conduct occurring after October 2002, her claims of sexual harassment under state law are barred by the applicable statutes of limitation and should be dismissed.

## II.    The Individual Defendants Cannot Be Sued Under Title VII

Although Plaintiff Billingham has included six individual defendants in this lawsuit, they cannot be sued individually under Title VII. In the Ninth Circuit, an employee or supervisor is not considered an "employer" under Title VII and, therefore, cannot be held individually liable for damages. "Because Congress assessed civil liability only against an employer under Title VII, this court has held that individual

---

[8]     Ms. Billingham's appeal of ASCHR's decision regarding the 2003 demotion currently is pending in Superior Court.

Motion to Dismiss                                                                Page 11 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

defendants cannot be held liable for back pay." *Miller v. Maxwell Int'l*, 991 F.2d 583, 587 (9th Cir. 1993); *see also Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396 (N.D. Cal. 1997)(holding that it is well-settled that employees cannot be held liable under Title VII).  Therefore, under Title VII, the individual defendants must be dismissed from this case.

**III.    The Court Should Decline To Exercise Supplemental Jurisdiction Over The State Law Claims Against The Individual Defendants**

If the Court dismisses the Title VII claims against the individuals, Defendants request that the Court decline to exercise supplemental jurisdiction over Ms. Billingham's state law claims against the individual defendants.  There are specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim that is brought with a claim over which the court has original jurisdiction.  28 U.S.C. § 1367.  For example, a district court may refuse to exercise supplemental jurisdiction if the state claim raises a novel or complex issue of state law, substantially predominates the claim over which the district court has original jurisdiction or if, in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28. U.S.C. §§ 1367 (c)(1), (2), (4); *see also Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 498 (9th Cir. 1998)(holding that a district court may decline supplemental jurisdiction over pendent state law claims under any one of four provisions under 28 U.S.C. § 1367.  If a district court decides that it has the discretion to decline jurisdiction, it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction.  *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994).

Motion to Dismiss
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants*, 3:05-cv-0240 (TMB)

Page 12 of 15

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

In this case, supplemental jurisdiction is inappropriate. First, the claims raise a novel issue of state law because the Alaska Supreme Court has not ruled on the issue of liability for individual defendants under the Alaska Human Rights Act. *See Hernandez v. Wangen,* 938 F. Supp. 1052, 1065 (D. Puerto Rico 1996)(after dismissal of supervisor as individual defendant under Title VII, court declined to exercise pendent jurisdiction over employee's supplemental state law claims against supervisor where state had not ruled on whether individuals could be held personally liable). Second, if the Court dismisses the individuals as defendants under Title VII, the state law claims will substantially predominate over the remaining claims over which the Court has original jurisdiction. Moreover, because the individual defendants in this case are state employees, had these claims been brought in state court, there is a statutory provision under which the state can be substituted for the individual defendants as the party defendant. The statute provides that:

> Upon certification by the attorney general that the state employee was acting within the scope of the employee's office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon the claim in a state court is considered an action or proceeding against the state under the provisions of this title, and the state is substituted as the party defendant.

AS 09.50.253(c). Therefore, if this court retains supplemental jurisdiction over the state law claims against the individual defendants, it will force the individuals to continue as defendants in federal court even though they may be dismissed as defendants in state law claims in federal court. Such a result will not result in judicial economy, convenience, or fairness but, rather, is a compelling reason for declining jurisdiction.

Accordingly, Defendants request that the Court decline to exercise supplemental jurisdiction over these claims.

Motion to Dismiss
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

Page 13 of 15

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE:  (907) 269-5100

**IV.    Defendants Request That The Court Strike Portions Of The Complaint**

In the event that the Court grants Defendants' motion to dismiss, Defendants request that the Court strike those portions of Ms. Billingham's Second Amended Complaint that are rendered immaterial.  Specifically, Defendants suggest that the Court strike the following portions of the complaint:

- Numbered paragraphs 2, 3, and 5-10 on pages 1-3 of the complaint.

- All of the discrimination Count One on pages 3-7 of the complaint.

- The first 12 paragraphs of the Wrongful Termination Count Two on pages 7-9 of the complaint, with the exception of the fifth paragraph alleging that plaintiff filed ASCHR complaint C-02-269 on August 9, 2002.

**V.    Conclusion**

For all of these reasons discussed above, Defendants respectfully request that the Court dismiss all claims that are based on actions other than Ms. Billingham's termination and the alleged blacklisting after her termination, dismiss all claims against the individual defendants, and strike the portions of the complaint related to those claims.

DATED:  February 23, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:
    /s/ Brenda B. Page
    Assistant Attorney General
    Attorney General's Office
    1031 W. 4th Avenue, Suite 200
    Anchorage, AK 99501

Motion to Dismiss
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)

Page 14 of 15

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE:  (907) 269-5100

(907) 269-5136 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No.  0303007

**CERTIFICATE OF SERVICE**

This is to certify that on February 23, 2006, a true
and correct copy of the **MOTION TO DISMISS
with EXHIBITS A-H** in this proceeding was served
by first class U.S. Mail on the following:

Elsa Billingham
P.O. Box 231625
Anchorage, AK 99523

/s/ Brenda B. Page
Assistant Attorney General
Attorney for the State of Alaska and Individual
Defendants

Motion to Dismiss                                                        Page 15 of 15
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants,* 3:05-cv-0240 (TMB)