RECEIVED
APR 2 1 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

3:05-cv-00240-TMB
Elsa Billingham
PO.Box 231625
Anchorage Alaska 99523
(907) 332-3791

| | |
|---|---|
| Elsa Billingham ) | |
|    Plaintiff, ) | |
| v. ) | |
| State of Alaska, Department ) | |
| Of Transportation, and Public ) | |
| Facilities, and Individual ) | |
| Defendants, Morton Plumb Jr., ) | Motion |
| Dave Eberle, Dan Hartman, ) | |
| Fred Klouda, Doug Hunter, ) | |
| and Bruce Jokela, ) | |
| _____ ) | Case No. 3:05-cv-00240-TMB |

### Motion in opposition to Dismiss

Come now Plaintiff, Elsa Billingham answers Defendant's Motion to Dismiss as follows:.

Scope and Coverage of the Civil Rights Act of 1866, 42 U.S.C. & 1871 & 1981.

Aserts all Persons within the jurisdiction of the United States shall have the same rights to make and enforce contracts, to sue, be parties, give evidence, and to the full & equal benefit of all laws and proceedings for security of person & property as enjoyed by all citizens, and shall be subjected to the like punishments, pains, penalties, taxes, license, and exaction of every kind.

Statutory Authority Section 1983 Provides:

"Every Person who under color of any statute, ordinance, regulation, custom or usage, of any States, territory, subjects, or causes to be subjected, any citizen of the United States or other person within the Jurisdiction thereof to deprivation of any

Opposition to Motion to Dismiss
Elsa Billingham v. State of Alaska/DOT & PF.
And Individual Defendants, 3:05-cv-0240     page 1 of 8

Case 3:05-cv-00240-TMB

rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action of law, suit in equity or other proper proceeding for redress.

This statute, along with the conspiracy statutes that now appear at 42 U.S.C.$ 1985 and 1986 was originally enacted as $ one of the civil rights of 1871, Also known as the Ku Klux Klan Act.

Each Defendant listed in caption above played a role in Plaintiff's biweekly evaluations each defendant contributed in Plaintiff's disparate treatment and finally termination of a ten year tenure. In any case Plaintiff Billingham objects to dismissal of any Defendant, who all caused injury to be done, the act of injury to Plaintiff by depriving her of Income to support herself, and who may have action for recovery of damages, occasioned by such injury or deprivation and retaliation, against anyone or more of the conspirators. 2 The argument concerning individual defendant's can not be sued is not factored in 42 U.S.C.$$ 12112(a) Section 12203, individuals can be sued for retaliation under section 503 of ADA. 1 See Master and Servant 30(1.15) Norcon, Inc, Appellant, v. Mary Kotowski, Cross-Appellant, v. Norcon, Inc. and Veco, Inc, Cross-Appellees. Nos. S-6390,S-6420. Supreme Court of Alaska Feb. 19,1999. Supreme Court has recognized that a retaliatory discharge gives rise to a cause of action for breach of duty of good faith and fair dealing.

Opposition to Motion to Dismiss
Elsa Billingham v. State of Alaska/DOT&PF.
And Individual Defendant's                    page 2 of 8

Case 3:05-cv-00240-TMB

Plaintiff argues that the general rule is that the court has inherent power to act Sua sponte to dismiss an action for want of prosecution, since dismissal with prejudice is a drastic sanction with result that appellate courts will carefully scrutinize such order and occasionally will find it necessary to set them aside. However, there was not contumacious conduct on her part or serious showing of willful default or any clear record of delay.

Plaintiff has sought help and because of limited income chose to file as Pro Se because Discrimination continued to be a crime however disposed of by Technicalities.

## Background

Elements of Retaliation.

1. Billingham has participated in a protected activity: See exhibits 1.2,3,4,5,6,.

2. Several of her Supervisors had admitted that they had knowledge of her past complaints and lawsuit.

3. Billingham had written an affidavit for an electrician whose supervisors had use an incident that had occurred involving Billingham and the electrician, as a reason to terminate his employment.

4. Billingham was interrogated by a Kathleen Strasberg and Assistant Attorney General and another attorney.

5. Billingham was subpoened and compelled to testify at an age discrimination hearing for an electrician. See exhibits 9 ,10,11 and 12.

---

2 Niece v. Fitzner Cite as 922 F. Supp. 1208(E.D Mich. 1996) Defendant's Motion to Dismiss the Americans with Disabilities Act claims asserted against remaining Defendants, as well as the remaining claims against all Defendants is Denied.
Opposition to Motion to Dismiss
Elsa Billingham v. State of Alaska/DOT & PF,
and individual defendant's, 3:05-cv-0240 (TMB)                              page 3 of 8

Case 3:05-cv-00240-TMB

## Adverse Action

6. Billingham was given different job assignments than the men. Billingham was sentenced to ten years of hard labor. She was given the grunt jobs, the dirtier and more arduous job assignments, continually on her feet and given very little equipment time.

7. Billingham was given a 30 day suspension for not watering enough flowers, She watered as many as she could get to. Due to massive traffic at 1:30pm to 3:00pm she was unable to water some of the beds. Also she was given the small truck with the small hose that did not pump much water. A 30 day suspension is an adverse action.

8. Billingham was accused of not following orders: see exhibit 34 and 35. Billinghams diary showed that on june 21 and june 27 Billingham was not at work on either of those days, Dan Hartman elected to write up an additional report making false statements as to what happened. Billingham was operating a mower that had overheated, there was no damage to the mower. Steve Pringle instructed Billingham to continue to mow, then he changed his mind and instructed Billingham to take the mower to the mechanics, which is exactly what she did. See exhibit 30.

9. The Human Rights Commissions Determination, See exhibit 4 page3. Said that Billingham damaged a mower and failed to follow instructions, and did not report this incident. This is a false statement: the mower was not damaged and she took the mower to the mechanics, see exhibit 30, She also discibed that another employee had damaged a road grader and was suspended for not reporting. Dan Hartman harrassed Billingham for not calling on the radio and reporting the incident, Billingham did not believe that her radio was working. See Exhibit 30 page 3.

10. Billingham was passed over for promotion on several occasions. See exhibit 23 pages 1 to 3.

11. Billingham was fired for being involved in a minor accident in which she backed into a stop sign. And did $51 worth of damage to the telspar. There was no damage to her pu. Billingham drove one block back to the shop and immediately reported the accident, according   to AS 28.35.080. Immediate notice of accident. See exhibits 32,33,34,35,36.

Opposition to Motion to Dismiss
Elsa Billlingham v. State of Alaska/DOT & PF.
And Individual Defendants, 3:05-cv-0240.                                    Page 4 of 8

Case 3:05-cv-0240

12. Fred Klouda, Ed Cook and Dale Fairclough were all involved in accidents, which were more unsafe and more costly than Billinghams accident. See exhibit: 25.

13. Billingham was put on administratieve leave, given a 30 day suspension, and co-erced to sign a letter of agreement if she wanted to continue to work. Billingham signed this letter under duress. She was put under surveillance, demoted to a wage grade 58, put on probation, written up every two-weeks by men who had more serious accidents than she had. If Billingham drove across to the only bathroom facility available she would be interrogated. Billingham was not allowed to run any equipment , was not allowed any training or upgrades and was on a different contract than everyone else in the department.

14. Billingham signed away her ten years of seniority, all her rights and and benefits as a union member. Her union signed her off. See exhibit 37,38,39. and exhibit 13.

15, Men and Women with less seniority than Billingham were allowed to test for higher positions but Billingham was not allowed to.See exhibits 17,20& 21.

16. Billingham was treated diffently than minority men who had filed EEOC complaints. They were not given a letter of dispute resolution to change there contract.

17. Billingham received a threat from one of her supervisors , he told her he was going to take her out.

<u>Causal Connection Between the Protected Activity and the AdverseAction</u>

1.Billingham was subjected to disparate treatment. Refer to : Jim Dommnecks letter and affidavit, exhibits 13 and 30.

2. Billingham was interrogated by Susan Strasberg and Assistant Attorney General and another attorney for writing an affidavit for an electrician who had filed an age discrimination complaint.

3. Billingham started receiving poor evaluations. Which up until this time had been average and acceptable.

Opposition to Motion to Dismiss
Elsa Billingham v. State of Alaska/DOT & PF
And Individual Defendant's, 3:05-cv-0240                                page 5 of 8

Case 3:05-cv-00240-TMB

4. Dan Hartman made a statement on Billinghams shift and on another shift that there would be no more upgrades or promotions if there are any more Human Rights Complaints. See exhibit 7, complaint of Teddy Burns.

5. Billingham was terminated from her job by Morton Plumb Jr. the Airport Director, for failure to meet the conditions of the dispute resolution. See exhibit 41. Also see Affidavit of Diane Barth exhibit 16.

6. Billingham takes an open call and is hired once again at Ted Stevens International Airport. She if fired after three days on the job. Her supervisor Joe Owens said this did not reflect him or anyone in his department and he was instructed to write her another termination letter and it had to do with her previous job at the airport. Dave Eberle oversees the Construction of Ted Stevens International Airport, He also has previous knowledge of Billinghams past lawsuit, He also worked as head of Central Division of the Alaska Department of Transportation. See exhibit 42.

7. Letter from Charlotte Withers-Mushat to Tracy Newbill the dispatcher at Public Employees Local 71. Letter blacklisting Billingham and not allowing her to work for the Department of Transportation.

8. Examples of post-employment retaliation include actions that are designed to interfere with the individual's prospects for employment. See EEOC Compliance Manual page 14 of 26.

8. Billingham believes she is blacklisted with the Teamsters Union, the Operating Engineers Union and with the Laborers Union. She can no longer find employment. The union calls are mainly name request for employees that contractors want to hire. A co-worker told Billingham that Wilder Construction would never hire Billingham. Billingham worked for Wilder Construction in the past and did an excellent job.

9. Retirees showed irreparable harm and qualified for a preliiminary injunction where they ost work and future prospects for work, consequently suffering emotional distress, depression, a contracted social life and other related harms. Billingham is a retiree who recieves $468.70 a month She can no longer find full-time employment that pays into a retirement. She was force to spend her SBS account that she had on bills, living expenses, legal bills and medical. She no longer has medical insurance. Billingham suffers from depression, emotional trauma, due to her disparate treatment and retaliation. She is continuing to be subjected to retaliation from other organizations. Billingham is an innocent person and requests damages under ADA, and ADEA
See EEOC Compliance Manual page 19 od 26.
Billingham v. State of Alaska/DOT & PF.
And Individual Defendant's, 3:05-cv-0240              page 6 of 8

Case 3:05-cv-00240-TMB

### Disparate Treatment

1. Title VII 13-14 Job performance and efficiency. Discharging or otherwise disciplining an employee for inefficience is a business necessity. But You must be able to show that you have been evenhanded and consistent in the application of disciplinary policies, and you must have the records to prove it.

2. A. Disparate Treatment Analysis
the United State supreme court has explained that disparate treatment is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin ,or age. Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment.

See McDonnell Douglas Corp.v. Green, 411 U.S. 792,802,93, S.Ct 1817, 1824,36 L.Ed.2d 668,677 (1977)

### Conclusion

For all of the reasons discussed above , Plaintiff respectfully requests that the

Court does not dismiss any claims or actions including but not separately

that are based on actions including her discrimination, retaliation, disparate

treatment, age discrimination, sexual harrassment and suing of individual's

defendant's and the timelyness of complaints. The retaliation is causing

Plaintiff fear and emotional trauma and Billingham doesn't understand why

an innocent American woman whose father is a veteran of two wars is

being treated like a second class citizen and not being allowed to work.

Dated: March 21 2006

By: _____
Elsa Billingham
PO.Box 231625
Anchorage  Alaska 99523

Opposition to Motion to Dismiss
Elsa Billingham v. State of Alaska, DOT & PF,
and Individual Defendants, 3:05-cv-0240 (TMB)                               page 7 of 8

Case 3:05-cv-00240 TMB

IN THE DISTRICT COURT FOR THE UNITED STATES

FOR THE DISTRICT OF ALASKA

CERTIFICATE OF SERVICE

Dated April 21 2006                       By _____
                                          Elsa Billingham
                                          PO. Box 231625
                                          Phone: (907) 332-3791

Certificat of Service
this is to certify that on april 21 2006
A true and correct copy of the Plaintiff's
Opposition to Motion to Dismiss
in this proceeding was served in person by
Elsa Billingham on the following:

United States District Court
District of Alaska
Clerk of Court
Federal Building, US Court House
222 W. 7th Ave. #4
Anchorage Alaska 99513-7564

Brenda B.Page
Assistant Attorney General
Attorney for the State of Alaska and
Individual Defendants. At
Department of Law
Office of the Attorney General
Anchorage Branch
1031 W. Fourth Avenue, Suite 200
Anchorage Alaska 99501
Phone: (907) 269-5100


Opposition to Motion to Dismiss
Elsa Billingham v. State of Alaska/DOT & PF
and Individual Defendants, 3:05-cv-0240 (TMB)                    page 8 of 8