IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| ELSA BILLINGHAM, )<br>  )<br>      Plaintiff,  )<br>vs.                     )<br>  )<br>ENSERCH ALASKA CONSTRUCTION, INC., )<br>HARVEY POWELL, JOE WARREN,  )<br>JACK JOHNSON and HERB MIDDLETON, )<br>  )<br>      Defendants.  )<br>_____) | RECEIVED<br><br>APR 2 1 2006<br><br>CLERK U.S. DISTRICT COURT<br>ANCHORAGE, ALASKA |

CASE NO. 3AN-89-07398 CIV.

## AMENDED COMPLAINT

Plaintiff by and through her attorney of record, HAL P. GAZAWAY, pleads and alleges as follows:

1. Plaintiff is an individual residing in the State of Alaska.

2. At all times herein referred to, defendants, JOE WARREN, JACK JOHNSON and HERB MIDDLETON have been residents of the State of Alaska. The acts committed by defendant HARVEY POWELL, occurred while he resided and worked in Alaska.

3. At all times herein referred to, defendant, ENSERCH ALASKA CONSTRUCTION, INC. (hereinafter ENSERCH), was duly organized and existing under the laws of the State of Alaska with its principal place of business at 550 W. 7th Avenue, Anchorage, State of Alaska.

4. This court therefore has jurisdiction for trial in the above captioned matter.

5. Defendant, HARVEY POWELL, was hired by defendant, ENSERCH, to serve in the capacity of superintendent of

1

Exhibit 2 page 1 of 8

defendant's, ENSERCH, to serve in the capacity of superintendent of defendant's ENSERCH, RED DOG CONSTRUCTION project. Defendant, HARVEY POWELL, continued to be employed by defendant, ENSERCH, through and including December 1987, and was employed by defendant, ENSERCH, in the capacity of Project superintendent.

6. Defendants, JOE WARREN and JACK JOHNSON were hired by defendant, ENSERCH, to serve in the capacity of Foremen of defendant's, RED DOG CONSTRUCTION project. Defendants, JOE WARREN and JACK JOHNSON continued to be employed by defendant, ENSERCH, through and including December 1987, and were employed by defendant, ENSERCH, in the capacity of foremen.

7. Defendant, HERB MIDDLETON, was hired by defendant, ENSERCH, to serve in the capacity of Superintendent of defendant, ENSERCH'S, Bradley Lake Construction project. Defendant, HERB MIDDLETON, continued to be employed by defendant ENSERCH, through and including May 20, 1989 in the capacity of Project Superintendent.

8. In August 1987 plaintiff received a work assignment to work on the RED DOG project as a truck driver. While assigned to that project plaintiff worked directly for defendant, JOE WARREN, and JACK JOHNSON subject to their direct supervision and control and indirectly for defendant HARVEY POWELL subject to his supervision and control.

9. Starting after plaintiff began working at the RED DOG Project defendant, HARVEY POWELL, began making lewd and sexually suggestive remarks to plaintiff. Defendant, JOE WARREN,

ATTORNEY AT LAW
555 WEST NORTHERN LIGHTS BLVD.
SUITE 207 A
ANCHORAGE, ALASKA 99503
(907) 272-7591

2

got in plaintiffs truck and advised plaintiff defendant, HARVEY POWELL wanted to have sex with a teamster. Plaintiff was the only female teamster on the project.

10. JACK JOHNSON and plaintiff lived in the same dormitory, and shared the same bathroom and rode the same bus to and from the project area. Defendant, JACK JOHNSON, repeatedly made lewed and sexually suggestive remarks to plaintiff.

11. As a direct and proximate result of defendants POWELL, WARREN and JOHNSON sexual remarks, and verbal abuse plaintiff suffered anxiety, humiliation, embarrassment, and emotional distress. As a result she was in fear of losing her job.

12. Defendants, POWELL, WARREN, and JOHNSON acted in a manner intentionally calculated to cause plaintiff fear, anxiety, and emotional distress. They acted in a willful and malicious manner in reckless disregard for plaintiff's rights. Punitive damages should be assessed against defendants, POWELL, WARREN, and JOHNSON.

13. At all times material hereto defendants, POWELL, WARREN, and JOHNSON were incompetent and unfit to perform the work required as superintendent and foremen of a construction project supervising female employees, for defendant, ENSERCH, because defendants, POWELL, WARREN, and JOHNSON harassed female employees by making lewd comments, sexually suggestive remarks and subjected female employees to unconsented sexual touching and advances.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
555 WEST NORTHERN LIGHTS BLVD.
SUITE 207 A
ANCHORAGE, ALASKA 99503
(907) 272-7591

14. Defendant, ENSERCH, knew or should have known that persons in plaintiff's position would be subjected to an unreasonable risk of harm, emotional injury, and distress, and stress from defendants, POWELL, WARREN, and JOHNSON as a superintendent and foremen for defendant, ENSERCH.

15. Defendant, ENSERCH, when it promoted defendants, POWELL, WARREN, and JOHNSON to superintendent and foremen owed to plaintiff to use reasonable care in hiring its superintendent and foremen by its failure to conduct a reasonable investigation into the background and character of defendants, POWELL, WARREN, and JOHNSON prior to the time defendants, POWELL, WARREN, and JOHNSON were hired and promoted by defendant, ENSERCH.

16. Defendant, ENSERCH, when it promoted defendants, POWELL, WARREN, and JOHNSON to a position of superintendent and foremen breached the duty it owed to plaintiff to use reasonable care in hiring defendants, POWELL, WARREN, and JOHNSON when defendant, ENSERCH, prior to the time of such hiring, knew or should have known that defendants, POWELL, WARREN, and JOHNSON were unfit to manage female employees.

17. As a direct and proximate result of defendant, POWELL, WARREN, and JOHNSON'S, sexual harassment defendant, ENSERCH, breached of its duty in hiring defendants, POWELL, WARREN, and JOHNSON plaintiff has sustained severe and serious injury to her person in the form of lost wages, anxiety, humiliation, embarrassment emotional distress, and reduced earning capacity.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
555 WEST NORTHERN LIGHTS BLVD.
SUITE 207 A
ANCHORAGE, ALASKA 99503
(907) 272-7591

18. Employees of the opposite sex were not subjected to the harassment described in paragraphs 8 and 9, and plaintiff was subjected to such harassment substantially on the basis of her sex.

19. Plaintiff did not encourage, welcome, or consent to the harassment described in paragraphs 8 and 9.

20. The harassment described in paragraphs 8 and 9 had a substantial detrimental effect on plaintiff's employment and psychological well-being.

21. Plaintiff gave defendant, ENSERCH, notice of the harassment described in paragraphs 9, 10, 11, and 12 by submitting a statement outlining the sexual harassment to an investigator for RHODA WEINHARD and to defendant, ENSERCH'S office manager ANN O'HARA.

22. Defendant, ENSERCH, had notice of the harassment described in paragraphs 9, 10, 11, and 12 because such harassment was pervasive and obvious.

23. Defendant, ENSERCH, failed to investigate and take remedial action in response to the complaints of plaintiff and others.

24. In May 1988 plaintiff received a call to report for work with ENSERCH at Bradley Lake. During the time she worked for ENSERCH at Bradley Lake from May 1988 to May 1989 she was subjected to sexual harassment and discriminatory treatment on the basis of her sex, by ENSERCH'S Superintendent, HERB MIDDLETON and other foremen on the Bradley Lake Project.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
555 WEST NORTHERN LIGHTS BLVD.
SUITE 207 A
ANCHORAGE, ALASKA 99503
(907) 272-7591

5

25. In March 1989 and again in May 1989 Defendant HERB MIDDLETON acting with the scope of his authority as defendant ENSERCH, Project Superintendent terminated plaintiff without justification and in retaliation for plaintiffs efforts to work as a heavy equipment operator and in retaliation for her assisting other women who had been the victim of sexual harassment and for her complaints for prior acts of sexual discrimination.

26. All of such lay offs and terminations discriminated against plaintiff on account of her sex. Employees of the opposite sex were not subjected to the same sexual discrimination.

27. As a result of the sexual discrimination by defendants ENSERCH and HERB MIDDLETON plaintiff has suffered a loss of earnings. The sexual discrimination has a substantial detrimental effect on plaintiff's employment and psychological well-being.

## FIRST CAUSE OF ACTION

28. As a result of the facts alleged above, plaintiff BILLINGHAM has been discriminated against in violation of AS 18.80.220 in that she has been sexually harassed and she has been terminated in retaliation for refusing to submit to sexual advances and for asserting her rights under AS 18.80.220.

## SECOND CAUSE OF ACTION

29. All employment contracts in Alaska contain a covenant of good faith and fair dealing. Base upon the facts

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
555 WEST NORTHERN LIGHTS BLVD.
SUITE 207 A
ANCHORAGE, ALASKA 99503
(907) 272-7591

alleged above, Defendant have breached the covenant of good faith and fair dealing.

### THIRD CAUSE OF ACTION

30. Based upon the facts alleged above, defendants have intentionally and negligently inflicted emotional distress upon plaintiff BILLINGHAM.

### FOURTH CAUSE OF ACTION

31. Based upon the facts alleged above, defendant POWELL has committed assault and batter upon plaintiff BILLINGHAM, with the tacit approval of the defendants ENSERCH, WARREN and JOHNSON. The other defendants are responsible for POWELL'S actions.

### FIFTH CAUSE OF ACTION

32. Based upon the facts alleged above, defendants have discriminated against plaintiff BILLINGHAM in violation of AS 18.80.220 in that they have harassed her and terminated her because of her sex causing her to suffer loss of income, embarrassment, humiliation, and emotional distress.

### SIXTH CAUSE OF ACTION

33. Based upon the facts alleged above, defendants have engaged in unlawful employment practices in violation of 42 U.S.C. 2000e-2 and discriminated against her to suffer loss of income, embarrassment, humiliation, and emotional distress.

WHEREFORE plaintiff BILLINGHAM respectfully prays judgment against defendants jointly and separately as follows:

1. Compensatory damages in and amount to be proven at trial in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus for

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
555 WEST NORTHERN LIGHTS BLVD.
SUITE 207 A
ANCHORAGE, ALASKA 99503
(907) 272-7591

anxiety, humiliation, and embarrassment.

    2.    Compensatory damages in and amount to be proven at trial in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus for lost wages.

    3.    Compensatory damages in and amount to be proven at trial in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus for reduced earning capacity.

    4.    Punitive damages against defendants, HARVEY POWELL, JOE WARREN and JACK JOHNSON.

    5.    Costs, attorney fees, prejudgment interest, and such other relief as this court may deem proper.

DATED:_____

                                HAL P. GAZAWAY
                                Attorney at Law

                              By:_____
                                HAL P. GAZAWAY
                                Attorney for Plaintiff

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
555 WEST NORTHERN LIGHTS BLVD.
SUITE 207 A
ANCHORAGE, ALASKA 99503
(907) 272-7591