# MEMORANDUM

## State of Alaska

### Department of Transportation & Public Facilities
### Office of the Commissioner

RECEIVED
JAN 2 6 '95

TO: All Departmental Employees

DATE: January 25, 1995

TEXT NO: (907) 465-3652
FAX NO: (907) 586-8365
TELEPHONE NO: (907) 465-3900

FROM: Joseph L. Perkins
Commissioner

SUBJECT: Discrimination/Harassment Allegations

| | COPY | ACTION |
|---|---|---|
| REGIONAL DIRECTOR CENTRAL REGION | | |
| Design & Const. | ✓ | |
| Maint. & Oper. | | |
| Admin Svcs. | | |
| Planning | | |
| A/A | | |
| A/A | | |
| Commissioner | | |
| Dep. Comm. Oper. | | |
| Dep. Comm. Budget | | |
| M. Hollern | ✓ | |
| D. Breeden | ✓ | |

Most of you are aware that allegations of discrimination and sexual harassment have been raised in the Northern Region. I will not tolerate discrimination or sexual harassment in this Department and have ordered an immediate investigation into the allegations. It is my intention that the rights of all employees be protected during the course of the investigation and any subsequent actions.

I expect full cooperation of all employees during the course of the investigation. The investigators will report directly to Deputy Commissioner Kurt Parkan and I will personally review and act on the results of the investigation. All employees are reminded of the Department's nondiscrimination policy as articulated in Administrative Order 81 which establishes the basis for the State of Alaska's and this Department's policy against discriminatory harassment. A copy of this order is available in your regional Personnel Office. Additionally, any retaliation against, or attempts to intimidate an employee who is involved in the filing, reporting or investigation of a complaint, is prohibited by Federal and State laws.

I expect all Department employees to conduct themselves in an appropriate and professional manner. Any reports of retaliation will be investigated immediately and disciplinary action taken should the allegations be true. I ask that all employees examine their behavior and communications closely to assure that there are no perceptions of retaliation.

Thank you for your cooperation. I look forward to the completion of this investigation and resolution of the issues.

Exhibit 3    page 1 of 1

## ALASKA STATE COMMISSION FOR HUMAN RIGHTS

**COMPLAINT OF DISCRIMINATION**                                     ASCHR NO. C-02-269

| | |
|---|---|
| **COMPLAINANT:** | Elsa Billingham |
| ADDRESS: | P.O. Box 231625, Anchorage, Alaska 99523 |
| TELEPHONE: | 332-3791 |

| | |
|---|---|
| **RESPONDENT:** | State of Alaska, Department of Transportation and Public Facilities, Ted Stevens International Airport |
| ADDRESS: | 4100 Aircraft Drive, Anchorage, Alaska 99517 |
| TELEPHONE: | 266-2429 |

I would also like this complaint filed with EEOC
**DATE OF MOST RECENT OR CONTINUING DISCRIMINATION:** August 4, 2002 and continuing
**RESPONDENT EMPLOYS:** 20 or more

Respondent has employed me for eight years as an equipment operator, wage grade 56. During my employment, I have been denied training that would permit me to qualify for testing for promotion to equipment operator wage grade 54. I have complained to respondent that I was denied training because of my sex. Respondent has regularly assigned work to younger males that permits them to work and to be paid at grade 54 and above, but does not provide upgrades to me on a regular basis. On August 4, 2002 respondent placed me on 30-day suspension after the mower I was using overheated.

I allege that respondent has discriminated against me on the basis of my sex, female and age, 52, and retaliated against me for opposing sex discrimination in violation of AS 18.80.220, the Age Discrimination in Employment Act of 1967, as amended, and Title VII of the Civil Rights Act of 1964, as amended, for the following reasons:

1. During my employment, I have repeatedly requested training on equipment, which would qualify me to test for openings for grade 54 operators. Respondent has denied training to me but has provided that training to male operators. I applied to test for open grade 54 positions, and I learned on July 1 and July 16, 2002 that those positions had been awarded to younger males.
2. Respondent regularly assigns work to younger males, which allows them to work and to be paid at grade 54, and to obtain experience on equipment used by grade 54 employees. Respondent does not provide upgrades to me on a regular basis.
3. I have repeatedly complained to respondent that I believed that I was denied training and experience on the equipment because of my sex. In 1996 I participated in an investigation of a sex discrimination complaint against respondent.
4. On August 4, 2002, I was suspended for failing to follow instructions after the mower I was using overheated. I believe that I was suspended because I am female, 52 years old, and I had opposed sex discrimination.

I pledge to inform the Human Rights Commission and any other agency listed above of any change in my address or telephone number and will cooperate fully with them in the proceeding of this complaint.

I swear or affirm that I have read the above complaint and that it is true to the best of my knowledge, information and belief:

_[signature]_ 8/9/02
SIGNATURE OF COMPLAINANT          DATE
Subscribed and sworn to me this 9th day of August
20 02 at Anchorage, AK

_[signature]_
SIGNATURE OF NOTARY PUBLIC or POSTMASTER
My commission expires July 6, 2003

If no notary public is available, please certify below:

A notary public or other official empowered to administer oaths is not available. Therefore, I swear and certify under penalty of perjury that the above complaint is true to the best of my knowledge, information and belief

_____
SIGNATURE OF COMPLAINANT          DATE

_____
PLACE (City, Town, or Village and State)

Exhibit 4   page 1 of 5

# STATE OF ALASKA

FRANK H. MURKOWSKI, GOVERNOR

## HUMAN RIGHTS COMMISSION

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE:   (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX:        (907) 278-8588

Elsa Billingham
PO Box 231625
Anchorage, AK 99523

Penny Beiler, EEO Program Manager
Division of Personnel
Department of Administration
State of Alaska
619 E. Ship Creek Dr., Suite 309
Anchorage, AK 99501

      **RE: Elsa Billingham v State of Alaska, Department of Transportation & Public Facilities, Ted Stevens Anchorage International Airport**
          ASCHR No: C-02-269
          EEOC No: 38AA200285

## DETERMINATION

Under the authority of AS 18.80.010 et seq., the Alaska State Commission for Human Rights has impartially investigated this complaint and now issues the following determination.

This complaint was timely filed in accordance with 6 AAC 30.230(b). Respondent is subject to the Commission's jurisdiction and all other jurisdictional requirements have been met.

Complainant alleges that respondent discriminated against her because of her sex and age (52) and retaliated against her for opposing discrimination when it promoted younger males and when it placed her on suspension.

Respondent denies complainant's allegations. Respondent states that complainant failed to qualify for a promotion and that it suspended her after she failed to follow her supervisor's directions, damaged equipment, and failed to report an accident.

Investigation showed that respondent initially hired complainant as a laborer in May 1994. In April 2002, complainant's job classification was Equipment Operator, Wage Grade 56.

Evidence showed that in April 2002, respondent adopted a policy that required personnel wishing to be tested for promotion to a higher wage grade to be proficient in all equipment at their current grade level and partially proficient in all equipment in the grade level for which they are testing.

Evidence showed that complainant failed to meet the requirements for testing for an upgrade to wage grade 54 for the spring 2002 testing period because she was not proficient on all equipment at her current grade level. Evidence showed that three male employees failed to meet the testing requirements as well and were similarly not eligible to test for a promotion to a higher wage grade.

Evidence showed that respondent trained complainant on equipment along with her male coworkers both in group training sessions and on a one-to-one basis. Testimony indicated that respondent gave complainant more one-on-one training than her coworkers.

Evidence showed that complainant received reprimands for failing to follow instructions and for misuse of equipment at various times during her employment. Evidence showed that when respondent moved complainant up to a higher grade level for training purposes, complainant had trouble performing at the higher level.

Testimony indicated that respondent allowed employees to practice on equipment on their own time. Evidence did not show that respondent denied complainant opportunities to practice on its equipment.

Evidence showed that on August 4, 2002, respondent suspended complainant for thirty days after she failed to follow her supervisor's directions in two incidents on June 24 and June 26, 2002. Evidence showed that in addition to not following her supervisor's directions on June 24, complainant damaged a mower and failed to report it to her supervisor. Evidence showed respondent had suspended complainant on four other occasions between July 2000 and February 2001 for failing to follow her supervisor's instructions and for her behavior at work. Evidence showed that respondent suspended a younger male employee for damaging a grader and not reporting the incident to his supervisor.

Testimony did not indicate that complainant's manager had knowledge of complainant's participation in a discrimination complaint in 1996 or that complainant reported to respondent that she believed that she had been denied training on equipment because of her sex. Investigation failed to show that respondent treated complainant differently than her younger male coworkers in the terms and conditions of her employment. Therefore, having concluded the investigation, I find that complainant's allegations are not supported by substantial evidence.

\_\_6/18/04\_\_    \_\_\_Erin M. Collins\_\_\_
Date             Erin M. Collins
                 Investigator

On behalf of the executive director, I approve this determination. The commission staff will take no further action and the case is now dismissed.

\_\_6/18/04\_\_    \_\_\_Donald H. Miller\_\_\_
Date             Donald H. Miller
                 Investigations Director

Enclosure: Closing Order

# STATE OF ALASKA

## HUMAN RIGHTS COMMISSION

FRANK H. MURKOWSKI, GOVERNOR

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE:    (907) 274-4692 / 276-7474
TTY/TDD:  (907) 276-3177
FAX:      (907) 278-8588

Elsa Billingham
PO Box 231625
Anchorage, AK 99523

Penny Beiler, EEO Program Manager
Division of Personnel
Department of Administration
State of Alaska
619 E. Ship Creek Dr., Suite 309
Anchorage, AK 99501

RE: Elsa Billingham v State of Alaska, Department of Transportation &
Public Facilities, Ted Stevens Anchorage International Airport
ASCHR No: C-02-269

### CLOSING ORDER

Pursuant to AS 18.80.010 et seq., this case is hereby closed for the following reason:

Investigation did not find substantial evidence to support allegations in the complaint.

Date: 6/18/04

Paula M. Haley
Executive Director

By: _____
Donald H. Miller
Investigations Director

### Notice of Right to Judicial Review

AS 44.62.560 - 44.62.570 provides for judicial review of this order by the Superior Court. A Notice of Appeal must be filed with the Superior Court within 30 days of the date this order is mailed.

*Toll Free*
*In Alaska (800) 478-4692*

page 4 of 5

**PRIVACY ACT STATEMENT.** Under the Privacy Act of 1974, Public Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.