# STATE OF ALASKA

## HUMAN RIGHTS COMMISSION

FRANK H. MURKOWSKI, GOVERNOR

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE:   (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX:     (907) 278-8588

RECEIVED
APR 21 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Elsa Billingham
PO Box 231625
Anchorage, AK 99523

Penny Beiler, EEO Program Manager
Division of Personnel
Department of Administration
State of Alaska
619 E. Ship Creek Dr., Suite 309
Anchorage, AK 99501

RE: Elsa Billingham v State of Alaska, Department of Transportation & Public Facilities, Ted Stevens Anchorage International Airport
ASCHR No: C-02-269
EEOC No: 38AA200285

## DETERMINATION

Under the authority of AS 18.80.010 et seq., the Alaska State Commission for Human Rights has impartially investigated this complaint and now issues the following determination.

This complaint was timely filed in accordance with 6 AAC 30.230(b). Respondent is subject to the Commission's jurisdiction and all other jurisdictional requirements have been met.

Complainant alleges that respondent discriminated against her because of her sex and age (52) and retaliated against her for opposing discrimination when it promoted younger males and when it placed her on suspension.

Respondent denies complainant's allegations. Respondent states that complainant failed to qualify for a promotion and that it suspended her after she failed to follow her supervisor's directions, damaged equipment, and failed to report an accident.

Investigation showed that respondent initially hired complainant as a laborer in May 1994. In April 2002, complainant's job classification was Equipment Operator, Wage Grade 56.

Evidence showed that in April 2002, respondent adopted a policy that required personnel wishing to be tested for promotion to a higher wage grade to be proficient in all equipment at their current grade level and partially proficient in all equipment in the grade level for which they are testing.

Exhibit 9 page 1 of 3
Toll Free
In Alaska (800) 478-4692

Evidence showed that complainant failed to meet the requirements for testing for an upgrade to wage grade 54 for the spring 2002 testing period because she was not proficient on all equipment at her current grade level. Evidence showed that three male employees failed to meet the testing requirements as well and were similarly not eligible to test for a promotion to a higher wage grade.

Evidence showed that respondent trained complainant on equipment along with her male coworkers both in group training sessions and on a one-to-one basis. Testimony indicated that respondent gave complainant more one-on-one training than her coworkers.

Evidence showed that complainant received reprimands for failing to follow instructions and for misuse of equipment at various times during her employment. Evidence showed that when respondent moved complainant up to a higher grade level for training purposes, complainant had trouble performing at the higher level.

Testimony indicated that respondent allowed employees to practice on equipment on their own time. Evidence did not show that respondent denied complainant opportunities to practice on its equipment.

Evidence showed that on August 4, 2002, respondent suspended complainant for thirty days after she failed to follow her supervisor's directions in two incidents on June 24 and June 26, 2002. Evidence showed that in addition to not following her supervisor's directions on June 24, complainant damaged a mower and failed to report it to her supervisor. Evidence showed respondent had suspended complainant on four other occasions between July 2000 and February 2001 for failing to follow her supervisor's instructions and for her behavior at work. Evidence showed that respondent suspended a younger male employee for damaging a grader and not reporting the incident to his supervisor.

Testimony did not indicate that complainant's manager had knowledge of complainant's participation in a discrimination complaint in 1996 or that complainant reported to respondent that she believed that she had been denied training on equipment because of her sex. Investigation failed to show that respondent treated complainant differently than her younger male coworkers in the terms and conditions of her employment. Therefore, having concluded the investigation, I find that complainant's allegations are not supported by substantial evidence.

_6/18/04_  
Date

Erin M. Collins  
Investigator

On behalf of the executive director, I approve this determination. The commission staff will take no further action and the case is now dismissed.

_6/18/04_  
Date

Donald H. Miller  
Investigations Director

Enclosure: Closing Order          page 2 of 3

# STATE OF ALASKA

FRANK H. MURKOWSKI, GOVERNOR

## HUMAN RIGHTS COMMISSION

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE:   (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX:       (907) 278-8588

Elsa Billingham
PO Box 231625
Anchorage, AK 99523

Penny Beiler, EEO Program Manager
Division of Personnel
Department of Administration
State of Alaska
619 E. Ship Creek Dr., Suite 309
Anchorage, AK  99501

**RE: Elsa Billingham v State of Alaska, Department of Transportation & Public Facilities, Ted Stevens Anchorage International Airport**
ASCHR No: C-02-269

## CLOSING ORDER

Pursuant to AS 18.80.010 et seq., this case is hereby closed for the following reason:

Investigation did not find substantial evidence to support allegations in the complaint.

_____6/18/04_____
Date

Paula M. Haley
Executive Director

By: _____[signature]_____
Donald H. Miller
Investigations Director

### Notice of Right to Judicial Review

AS 44.62.560 - 44.62.570 provides for judicial review of this order by the Superior Court. A Notice of Appeal must be filed with the Superior Court within 30 days of the date this order is mailed.