ANCHORAGE UI CALL CENTER
ANCHORAGE AK 99510
Phone: 907-269-4700  Fax: 907-269-4853

*Notice of Non-Monetary Determination*

Date Issued: 07/08/2004     Date Mailed:07/09/2004

SSN: 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

Claimant Name: Elsa S Billingham

Employer Name: Soa/Dot/Personnel

Issue Code: 16

RETURN SERVICE REQUESTED

RECEIVED

APR 2 1 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Elsa S Billingham
PO BOX 231625
ANCHORAGE          AK 99523-1625

Decision Code: A

Statement: 1600

Reconsideration Code:

This decision regarding eligibility for Unemployment Insurance is based on the following facts, laws and regulations.

You were discharged from your job with the State of Alaska, Department of Tansportation, because you did not meet the full conditions of a letter of dispute resolution agreed upon 6/10/03.  Since you were discharged for not meeting your employer's expectation over an extended period and not for any one specific incident, a finding of misconduct has not been found.  Your last day of work was 6/28/04.

**** LAW AND REGULATIONS ****

AS 23.20.379, 8 AAC 85.095
An individual is disqualified for waiting week credit or benefits for the first week the individual is unemployed and for the next five weeks of unemployment if the individual was discharged from his last work for misconduct connected with the work, and the maximum benefits payable are reduced by three times the weekly nefit amount.

**** CONCLUSION OF FACTS ****

You were discharged by your employer.  Because the circumstances involved in your discharge did not show a willful disregard of your employer's interest, it has been determined that you were discharged for reasons other than misconduct in connection with your work.  Benefits are therefore allowed beginning 06-27-2004, if otherwise eligible.

*Carefully review the law and regulations, the finding of fact, and the reasoning and conclusion. If you feel that this determination is not correct, please turn this page over for appeal instructions.*

04190001740          BNonA (7/2/1995)

Exhibit 40     page 1 of 6

Page 1 of 2

NAME:   Elsa Billingham

EMPLOYER:   Department of Transportation,
State of Alaska, Anchorage
International Airport Field
Maintenance

SSN:    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

PHONE:      266-2427

PHONE:  332-3791

Called Charlotte Withers-Musat, personnel, who concurred with Elsa's last day of work, suspension with pay date, final wage and administrative leave pay and leave without pay suspension date information.  Effective May 12th, Elsa was suspended without pay, after a thorough investigation, because she violated company policy, after warnings and previous disciplinary actions, for failure to accurately report an accident with the company vehicle. Elsa had had previous accidents and had failed to follow the company's required reporting procedures.  She had been informed (with each warning) that ALL accidents must be reported immediately.  With the previous warnings, she had been informed it was required that she call her supervisor immediately if she is involved in any accidents in a company vehicle.  The union had been present with previous warnings and disciplinary actions.  With the last warning, Elsa was informed her employment was in jeopardy if she did not adhere to the required accident reporting procedures.  Elsa again had an accident.  Against company policy, she left the scene of the accident.  She did report (in person) to her supervisor, but failed to notify the supervisor immediately (via cell phone) as previously instructed.  Elsa's decision that the accident was "minor" and should not require she call in was against policy.  There was damage to property that required immediate response.  She was aware of the requirements of reporting accidents and was aware that if she failed to report as required, her employment was in jeopardy.  Elsa's supervisor reported her violation of the accident reporting policy.  Human resources and upper management conferred.  It was determined Elsa would be suspended (effective immediately) with pay pending further investigation.  Elsa did not report to work her next scheduled work shift.  Her was contacted and informed she was suspended.  The employer pursued an investigation (at four different levels), reviewed Elsa's previous warnings, contacted and discussed disciplinary actions with the union, etc.  Because Elsa had again violated the company's accident reporting policy, she was suspended without pay effective May 12th for thirty days and will be demoted upon her return to work.  Any further violations of this policy will result in termination from her job, per company policy and union contract.

                              Carol H-M        5/9/2003

EXHIBIT 4

Page ___ of ___

ALASKA DEPARTMENT OF LABOR
AND WORKFORCE DEVELOPMENT
EMPLOYMENT SECURITY DIVISION
P.O. BOX 107023
ANCHORAGE, ALASKA 99510-0723

## APPEAL TRIBUNAL DECISION

**Docket No.** 03 1116                     **Hearing Date:** June 11, 2003

**CLAIMANT:**                              **EMPLOYER:**

ELSA S BILLINGHAM                          SOA\PERSONNEL
POB 231625                                 POB 196900
ANCHORAGE AK   99523-1625                  ANCHORAGE AK   99519-6900

**CLAIMANT APPEARANCES:**                  **EMPLOYER APPEARANCES:**

Elsa S Billingham                          None

**ESD APPEARANCES:**

None

## CASE HISTORY

Ms. Billingham appealed a May 15, 2003 determination that denied
her benefits under AS 23.20.379. The issue is whether the
employer discharged her for misconduct connected with her work.

## FINDINGS OF FACT

Ms. Billingham worked as a light duty equipment operator. The
work was located in Anchorage, Alaska.

While operating a pickup truck on about April 16, 2003
Ms. Billingham backed into a stop sign. There was no damage
caused to her vehicle. The stop-sign was damaged. Company policy
requires all accidents to be reported to a foreman or supervisor
immediately (Exhibit 9). Instead of reporting the accident
immediately by radio telephone, Ms. Billingham drove back to the
shop and reported the mishap to management from there. She
testified that she did not report the accident while at the scene
because the accident caused such minor damage. Because the stop-
sign she had hit was bent, after reporting the accident she
returned and repaired the stop-sign by replacing the tail spar.

Ms. Billingham's was employed in a union position, however, her
union advised her that she could only grieve either a termination
or a demotion to an entry-level position. She declined to grieve
the matter. Ms. Billingham had two other accidents in the past
three years. In both cases she properly reported the incidences.

ELSA 'S BILLINGHAM
Docket 03 1116
Page 2


As a result of her accident reporting rule infraction
Ms. Billingham was suspended without pay for 30 days.


## PROVISIONS OF LAW

AS 23.20.379 provides, in part:

    (a)   An insured worker is disqualified for waiting-week
        credit or benefits for the first week in which the
        insured worker is unemployed and for the next five
        weeks of unemployment following that week if the
        insured worker. . .

        (1)   was discharged for misconduct connected with the
              insured worker's work.

    (c)   The department shall reduce the maximum potential
        benefits to which an insured worker disqualified under
        this section would have been entitled by three times
        the insured worker's weekly benefit amount, excluding
        the allowance for dependents, or by the amount of
        unpaid benefits to which the insured work is entitled,
        whichever is less.

    (d)   The disqualification required in (a) and (b) of this
        section is terminated if the insured worker returns to
        employment and earns at least eight times the insured
        worker's weekly benefit amount.

8 AAC 85.095 provides, in part:

    (d)   "Misconduct connected with the insured worker's work"
        as used in AS 23.20.379(a)(2) means

        (1)  A claimant's conduct on the job, if the conduct
            shows a wilful and wanton disregard of the
            employer's interest, as a claimant might show, for
            example, through gross or repeated negligence,
            wilful violation of reasonable work rules, or
            deliberate violation or disregard of standards of
            behavior that the employer has the right to expect
            of an employee; wilful and wanton disregard of the
            employer's interest does not arise solely from
            inefficiency, unsatisfactory performance as the
            result of inability or incapacity, inadvertence,
            ordinary negligence in isolated instances, or good
            faith errors in judgment or discretion; or

ELSA S. BILLINGHAM
Docket 03 1116
Page 3

        (2)   A claimant's conduct off the job, if the conduct

               (A)   shows a wilful and wanton disregard of the employer's interest; and

               (B)   either

                     (i)   has a direct and adverse impact on the employer's interest; or

                     (ii)  makes the claimant unfit to perform an essential task of the job.

## CONCLUSION

"The Tribunal is not an investigative body, rather, the parties to an appeal must bring forward any evidence they would like considered in an appeal." <u>Galusha</u>, Comm'r Dec. 96 2396, February 11, 1997.

> The meaning of the term misconduct is limited to conduct evincing such willful disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute. <u>Boynton Cab Co. v. Neubeck</u>, 237 Wis. 249, 296 N.W. 636 (1041) from <u>Lynch</u>, Comm'r Rev. No. 82H-UI-051, March 31, 1982.

It is clear Ms. Billingham's accident was careless and warranted the employer making a business decision to suspend her. However, the evidence does not support the conclusion that Ms. Billingham intentionally failed to "immediately" report her accident. Her reason for not reporting the damage she cause to the stop-sign by radio telephone is not unreasonable. She determined that it was a minor mishap and that an immediate report could be made in person.

page 5 of 6

ELSA S BILLINGHAM
Docket 03 1116
Page 4

This was a good faith error in judgment and thus, this Appeals
Tribunal holds, for unemployment insurance purposes, Ms.
Billingham was not suspended for misconduct connected with her
work. The disqualifying provisions of AS 23.20.379 do not apply to
this case.

## DECISION

The May 15, 2003 determination is **REVERSED**. Ms. Billingham is
allowed benefits beginning with the week ending May 17, 2003
through the week ending June 21, 2003 if she is otherwise eligible.
There will be no three-week deduction from her maximum benefit
amount, and she may again be eligible for extended benefits.

## APPEAL RIGHTS

This decision is final unless an appeal is filed to the
Commissioner of Labor and Workforce Development within **30 days**
after the decision is mailed to each party. The appeal period may
be extended only if the appeal is delayed for circumstances
beyond the party's control. A statement of appeal rights and
procedures is enclosed.

Dated and Mailed in Anchorage, Alaska, on June 16, 2003.

Michael Swanson
Hearing Officer