DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5136
Fax: (907) 258-4978

Attorney for the State of Alaska, Department of Transportation
and Public Facilities, and Individual Defendants

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF ALASKA, DEPARTMENT ) | |
| OF TRANSPORTATION AND PUBLIC ) | |
| FACILITIES, and Individual Defendants ) | |
| MORT PLUMB, JR., DAVE EBERLE, ) | |
| DAN HARTMAN, FRED KLOUDA, ) | |
| DOUG HUNTER, AND BRUCE JOKELA, ) | |
| ) | |
| Defendants. ) | |
| _____) | Case No. 3:05-cv-0240 (TMB) |

**SUPPLEMENTAL REPLY MEMORANDUM**

Defendants, State of Alaska, Department of Transportation and Public Facilities ("DOT/PF"), Mort Plumb, Jr., Dave Eberle, Dan Hartman, Fred Klouda, Doug Hunter, and Bruce Jokela, by and through the Office of the Attorney General, pursuant to Rules 12 (b)(6) and 12(f) of the Federal Rules of Civil Procedure and Rules 7.1 (b) and 7.1 (h)(1) of the Local Rules of the United States District Court for the District of Alaska, file this supplemental reply memorandum in support of Defendants' Motion to Dismiss.

Supplemental Reply Memorandum                                                Page 1 of 6
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants*, 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Plaintiff Elsa Billingham filed a second Motion in Opposition to Dismiss on April 21, 2006.[1] Although the arguments in the motion are somewhat unclear, she appears to contend that the individual defendants should not be dismissed and that no claims should be dismissed based on statutes of limitation.

**I.   The Individual Defendants Cannot Be Sued Under Title VII And The Court Should Decline to Exercise Supplemental Jurisdiction Over The State Law Claims Against The Individual Defendants**

As discussed in Defendants' Motion to Dismiss, the individual defendants in this lawsuit cannot be sued under Title VII and should be dismissed. *Miller v. Maxwell Int'l,* 991 F.2d 583, 587 (9th Cir. 1993). Moreover, because supplemental jurisdiction is inappropriate in this case and the traditional rationales for pendent jurisdiction do not apply, Defendants requested that the Court decline to exercise supplemental jurisdiction over Ms. Billingham's state law claims against the individual defendants. Ms. Billingham did not cite any legal authority in her second opposition that disputes Defendants' arguments. Therefore, for the reasons discussed in Defendants' Motion to Dismiss, the claims brought against the individual defendants should be dismissed.

**II.  Ms. Billingham Should Not Be Allowed To Amend Her Complaint By Making Additional Vague Assertions of Other Causes of Action in Her Second Opposition Motion**

In Ms. Billingham's second amended complaint, she specifically brought three causes of action—(1) breach of the covenant of good faith and fair dealing, (2) violation of AS 18.80.220, and (3) violation of 42 U.S.C. 2000e-2 ("Title VII"). She did not bring this action under the Americans With Disabilities Act, 42 U.S.C. § 12112(a)

---

[1] Ms. Billingham did not timely file this opposition and it is the <u>second</u> opposition she has filed. The Court has not issued an order as to whether Ms. Billingham can file this second opposition.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

("ADA") or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Nor did she bring any claims under 42 U.S.C. § 1983. Nevertheless, in her second opposition motion, Ms. Billingham now makes reference to all of these statutes.

For example, Ms. Billingham appears to argue that under § 1983 and the ADA, a plaintiff can bring suit against individual defendants. It is not clear, however, whether Ms. Billingham refers to these statutes in an attempt to support an argument that she should be allowed to bring her Title VII claim against individual defendants or whether she somehow now seeks to bring claims under these statutes. In addition, although Ms. Billingham did not specifically bring a claim of age discrimination in her Second Amended Complaint, she now appears to allege age discrimination in her second opposition motion. If Ms. Billingham is seeking to bring any claims under these statutes, she should be required to clarify her intent through a motion to amend her complaint so that Defendants and the Court can proceed in an orderly manner in this litigation.

Because Ms. Billingham's complaint did not give notice of a claim under § 1983 or the ADA, Defendants did not address any issues or defenses related those statutes in their motion to dismiss. To the extent Ms. Billingham is seeking to bring any claims under § 1983, a two-year statute of limitations applies. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (holding that 42 U.S.C. § 1983 does not contain its own statute of limitations, so courts must borrow the most appropriate state statute of limitations); *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001) (holding that statute of limitations for a § 1983 claim is prescribed by the two-year state statute of limitations period for personal injury actions). Therefore, in this case, any

Supplemental Reply Memorandum
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 3 of 6

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

claims under § 1983 based on conduct prior October 12, 2003, are barred by the statute of limitations and would be futile if brought in an amended complaint.

Similarly, it is not clear whether Ms. Billingham seeks to bring claims under the ADA or the ADEA, but such claims also would be futile. As Defendants indicated in footnote 4 of their Motion to Dismiss, Title VII does not cover age discrimination and lawsuits brought in federal court against the state under the ADEA are barred by the doctrine of sovereign immunity. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 91 (2000). Moreover, a plaintiff must file a complaint of disability discrimination with the Equal Employment Opportunity Commission and satisfy the administrative prerequisites before bringing an ADA complaint in federal court. 42 U.S.C § 12117(a). Ms. Billingham has presented no evidence that she has done so. Therefore, it appears that any attempt by Ms. Billingham to amend her complaint to include these claims would be futile.

**III. All Claims Based on Actions That Took Place Prior to Ms. Billingham's Termination Are Barred by the Applicable Statutes of Limitations**

As discussed in Defendants' Motion to Dismiss, to the extent Ms. Billingham seeks to base any claims on actions that occurred prior to her termination, such claims are barred by the applicable statutes of limitations. Ms. Billingham apparently argues in her second opposition that statutes of limitations should not be applied in her case because she did not engage in contumacious conduct or willful default. She has not shown any basis, however, upon which the statute of limitations could be tolled. "The Supreme Court has stated that equitable tolling will not apply to plaintiffs who fail to exercise due diligence in preserving legal rights." *Hidalgo v. Progress Foundation,* 2003 WL 1888862, at *3 (N.D. Cal. April 10, 2003) (quoting *Baldwin County Welcome*

Supplemental Reply Memorandum
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 4 of 6

Case 3:05-cv-00240-TMB   Document 28   Filed 04/28/2006   Page 5 of 6

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

*Center v. Brown,* 466 U.S. 151 (1984).[2] Moreover, courts "consistently hold that *pro se* status is not a reason to toll the statute of limitations." *Id.*

Thus, for the reasons discussed in Defendants' Motion to Dismiss, all of Ms. Billingham's claims based on conduct prior to her termination should be dismissed.

### IV. Defendants Oppose Ms. Billingham's Submission of Unauthenticated Documents

Ms. Billingham submitted numerous documents to the Court that are not properly authenticated. Ms. Billingham filed an "Amended Statement of Facts" and accompanying exhibits with her second opposition motion. Defendants are uncertain as to what constitutes the amended statement of facts and do not believe that it requires a specific response. Defendants object, however, to Ms. Billingham's submission of documents that are not properly authenticated. Rule 7.1 of the Local Rules of the United States District Court for the District of Alaska require that documents submitted in support of a motion be properly authenticated. D. Ak. LR 7.1(a)(3). In addition, the documents submitted do not appear to relate to the issues in Defendants' motion to dismiss, and, therefore, do not need to be considered by the Court in ruling in the motion.

### V. Conclusion

For all of the reasons discussed above and in Defendants' Motion to Dismiss, Defendants respectfully request that the Court dismiss all claims that are based on actions other than Ms. Billingham's termination and the alleged blacklisting after her

---

[2] Defendants have attached a copy of this decision pursuant to D. Ak. LR 7.1(c)(1). Although this decision is unpublished, citation of the decision is not prohibited by the Local Rules of the United States District Court for the Northern District of California. N. D. Cal. LR 3-4(d)(5),(e).

Supplemental Reply Memorandum
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants*, 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

termination, dismiss all claims against the individual defendants, and strike the portions of the complaint related to those claims.

RESPECTFULLY submitted this 28th day of April, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:
/s/ Brenda B. Page
Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5136 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No. 0303007

**CERTIFICATE OF SERVICE**

This is to certify that on April 28, 2006, a true and correct copy of the **SUPPLEMENTAL REPLY MEMORANDUM** in this proceeding was served by first class U.S. Mail on the following:

Elsa Billingham
P.O. Box 231625
Anchorage, AK 99523

/s/ Brenda B. Page
Assistant Attorney General
Attorney for the State of Alaska and Individual Defendants

Supplemental Reply Memorandum
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)

Page 6 of 6