Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 1

Not Reported in F.Supp.2d, 2003 WL 1888862 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Rafael Gonzalez HIDALGO, Plaintiff,
v.
PROGRESS FOUNDATION, Chris Perry, and Jack Maclean, Defendants.
**No. C 02-2881 CRB.**

April 10, 2003.

ORDER

BREYER, J.

*1 Plaintiff filed a pro se complaint alleging that defendants wrongfully terminated his employment. At a status conference on December 23, 2002, the Court scheduled defendants' summary judgment motion for hearing on February 14, 2003 and warned plaintiff of his obligation to respond to defendants' motion. Defendants subsequently filed their summary judgment motion in accordance with the Court's order. Plaintiff did not file a written opposition; instead, two days before the hearing on the motion for summary judgment he filed a motion for continuance. Plaintiff appeared at the February 14, 2003 hearing and the court granted his continuance motion. The Court ordered plaintiff to file his opposition by March 14, 2003 and defendants to file their reply by March 28, 2003 and that the motion would then be deemed submitted without oral argument.

Plaintiff timely filed his response. After carefully considering the papers filed by the parties, defendants' motion for summary judgment on the federal claims and the breach of contract claim is GRANTED and the Court dismisses the remaining state claims without prejudice.

BACKGROUND

Defendant Progress Foundation is a non-profit agency dedicated to providing community-based residential treatment for persons with mental disabilities. Progress Foundation terminated plaintiff's employment on June 27, 2001 for his repeated failure to follow patient medication policies and protocols. Plaintiff subsequently filed this lawsuit alleging racial harassment and that he was terminated because of his race; he also alleges that his termination violated the collective bargaining agreement between Progress Foundation and the union. Plaintiff's complaint makes claims for violation of Title VII, as well as state law claims for breach of contract, negligence, and intentional infliction of emotional distress.

Defendants move to dismiss the Title VII claim on the ground that it is time-barred. They also allege the state law claims fail as a matter of law for various reasons.

DISCUSSION

Summary judgment may be granted as a matter of law if there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56. The defendant, as the moving party, bears the responsibility of introducing evidence indicating the absence of a genuine factual issue. *Id.* The burden of proof then shifts to the non-moving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). To show that a fact is in dispute, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

A. The Title VII Claim

Defendants contend that plaintiff's Title VII claim is barred by the statute of limitations. Title VII requires a plaintiff to file his lawsuit in state or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2003 WL 1888862 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

federal court within 90 days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). Procedural requirements such as a statute of limitations are to be strictly adhered to. *See Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir.1992) (holding that a Title VII claim was foreclosed because it was filed three days after expiration of the statute of limitations). When a Title VII claimant fails to file within the 90-day statute of limitations, the action is barred. *Id.* at 267.

*2 Plaintiff filed his lawsuit on June 14, 2002. His form employment discrimination complaint alleges he received the right-to-sue letter on March 13, 2002, and his typewritten complaint, filed along with his form complaint, alleges the right-to-sue notice was mailed by the EEOC on March 11, 2002 and received by plaintiff on or about March 14, 2002. Assuming he received the complaint on the later date-March 14, 2002-his complaint was filed 92 days after his receipt of the right-to-sue notice and thus was filed two days too late.

In rare circumstances courts have allowed extension of the time limits on Title VII complaints by equitable tolling. If a plaintiff has been misled about the 90-day limit or has received inadequate notice, the 90-day limit may be tolled in the interests of fairness. *See Baldwin County Welcome Center v. Brown*, 466 U.S.147, 151 (1984). Plaintiff has not alleged that any such circumstances existed here.

In his March 14, 2003 response in a document entitled "Plaintiff's Notice Of Motion And Motion For Opposition To Summary Judgment Or Partial Summary Judgment And Proceed To Jury Trial" plaintiff states:
Plaintiff in his form Employment Discrimination Complaint made a mistake when he wrote "on or about March 13, 2002." Plaintiff put more importance on the pleading than in the Court form. What Plaintiff intended was to right [sic] on that form the date of March 16, 2002. Plaintiff remembers very well that he counted 90 days and even asks the clerk about it. Plaintiff called the EEOC person that sent the right to sue letter and he confirm that at that time a right too [sic] sue letter issued by EEOC office took about 5 days to arrive to the recipient.

Notice at 2. The statement about what the EEOC official allegedly stated is inadmissible hearsay and will not be considered by the Court.

Plaintiff's statement is not signed under oath. Nonetheless, even if the Court were to consider it as if it were properly made in a declaration, the statement is insufficient to create a genuine dispute as to whether plaintiff timely filed his complaint. The allegations in plaintiff's form and typewritten complaints are judicial admissions by which he is bound. As the Ninth Circuit has explained:
"[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.

*American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988) (citations omitted). Plaintiff's claim that he actually received the right-to-sue letter on March 16, 2002-exactly 90 days before he filed this lawsuit-is not entitled to any weight. First, he only changed his allegation *after* defendants moved to dismiss on the ground the claims are time-barred. Second, he explains that the date in the form complaint is incorrect because plaintiff placed "more importance" on the pleading than the court form. That pleading (the typewritten complaint) on which he placed more importance, however, alleged that he received the EEOC right-to-sue letter on March 14, 2002.

*3 There is nothing in the record to indicate that plaintiff's failure to file a timely Title VII complaint was based on anything other than an error in counting on his part. The Supreme Court has stated that equitable tolling will not apply to plaintiffs who fail to "exercise due diligence in preserving legal rights." *Baldwin*, 466 U.S. at 151. Although plaintiff filed his complaint as a *pro se* litigant, courts consistently hold that *pro se* status is not a reason to toll the statute of limitations. *See Baldwin*,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 3
Not Reported in F.Supp.2d, 2003 WL 1888862 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

466 U.S. 147; *McGill v. General Elec. Co.,* 1990 U.S. Dis. LEXIS 19217, at *3-4 (D.Md.1990).

Since plaintiff failed to file his Title VII discrimination claim within the 90 days required by statute, his Title VII claim fails as a matter of law.

B. Breach of contract claim

Plaintiff's breach of contract claim arises of defendants' alleged failure to follow the grievance procedure set forth in the governing collective bargaining agreement ("CBA"). Accordingly, the claim is preempted by the Labor Management Relations Act ("LMRA") and must be dismissed. *See Cramer v. Consolidated Freightways, Inc.,* 255 F.3d 683, 689 (9th Cir.2001).

Plaintiff responds that defendant Progress Foundation had its own contract which goes beyond the obligations set forth in the CBA. Plaintiff, however, offers no evidence of such contract. In any event, the complaint now before the Court alleges a violation of the CBA. That claim will be dismissed.

C. The remaining state law claims

Since the Court has granted defendants summary judgment on the Title VII claim, the only claims remaining in this action are brought under state law. The Court will dismiss the breach of contract claim to the extent it alleges a breach of the CBA. With respect to the remaining state law claims, the Court declines to exercise supplemental jurisdiction and instead dismisses the state law claims without prejudice. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.").

D. Request for continuance

Plaintiff, again, requests a continuance of defendants' motion. As grounds for his motion he cites defendants' failure to produce certain documents. None of those documents, however, is relevant to the primary issue on defendants' motion; namely, when did plaintiff receive the EEOC right-to-sue letter. Accordingly, plaintiff's request is DENIED.

CONCLUSION

Defendants' motion for summary judgment on plaintiff's Title VII claim is GRANTED on the ground plaintiff's complaint was filed after the expiration of the 90-day statute of limitations. Plaintiff's claim for breach of contract arising out of the CBA is dismissed as preempted by the LMRA. Plaintiff's remaining state law claims are DISMISSED without prejudice.

*4 IT IS SO ORDERED.

N.D.Cal.,2003.
Hidalgo v. Progress Foundation
Not Reported in F.Supp.2d, 2003 WL 1888862 (N.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 3:02cv02881 (Docket) (Jun. 14, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.