Elsa Solveig Billingham
P.O. Box 231625
Anchorage, Alaska 99523
(907) 332-3791

RECEIVED

FEB 0 7 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA SOLVEIG BILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALASKA DEPARTMENT OF ) | |
| TRANSPORTATION PUBLIC ) | |
| FACILITIES, Mort Plumb, Jr., ) | |
| Dave Eberle, Dan Hartman, ) | |
| Fred Klouda, Doug Hunter, ) | |
| Bruce Jokela, ) | Case No. A05-0240 CV (RRB) |
| ) | |
| Defendants. ) | |
| ) | |

SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Elsa Billingham (pro-se), moves to file her Second Amended Complaint. Plaintiff pleads and alleges as follows:

1. Plaintiff is an individual residing in the State of Alaska.

2. At all times herein referred to, defendants, State of Alaska Department of Transportation Public Facilities, Mort Plumb, Jr., Dave Eberle, Dan Hartman, Fred Klouda, Doug Hunter and Bruce Jokela.

Second Amended Complaint
<u>Billingham vs. Alaska Dept of Transportation, et al.</u>
Case No. A05-0240 CV (RRB)   **Page 1 of 14**

3. The acts committed by defendants Mort Plumb, Jr., Dave Eberle, Dan Hartman, Fred Klouda, Doug Hunter and Bruce Jokela occurred while they resided and worked in Alaska.

4. At all times herein referred to, defendant State of Alaska, Department of Transportation Public Facilities was duly organized and existing under the laws of the State of Alaska with its principle place of business at P.O. Box 196960, Ted Stevens, Anchorage International Airport, Anchorage, Alaska 99519-6960.

5. Defendant Mort Plumb was hired by defendant, State of Alaska to serve in a capacity of Airport Director of Ted Stevens International Airport. Defendant Mort Plumb, Jr., continues to be employed in this capacity.

6. Defendant Dave Eberle was hired by defendant State of Alaska to serve in the capacity of Project Manager of Construction. Dave Eberle continues to be employed in this capacity.

7. Defendant, Dan Hartman, was hired by defendant, State of Alaska to serve in the capacity of Airfield Manager of Ted Stevens International Airport. Defendant Dan Hartman continues to be employed in this capacity.

8. Defendant Doug Hunter was hired by defendant State of Alaska in the capacity of Assistant Airfield Manager and then transferred to Building Maintenance. Defendant Doug Hunter

continues to be employed in this capacity.

9.  Defendant, Fred Klouda was hired by defendant State of Alaska in the capacity of Foreman of Airfield Maintenance. Defendant Fred Klouda is presently retired from the defendant State of Alaska.

10.  Defendant, Bruce Jokela, was hired by the defendant State of Alaska to serve in the capacity of Grounds Supervisor. Defendant Bruce Jokela continues to be employed in that capacity.

## COUNT ONE

## DISCRIMINATION

In May of 1994, plaintiff received a work assignment to work at Ted Stevens International Airport as a wage grade 58 laborer position. While in this position, plaintiff worked directly under Fred Klouda and indirectly for Wayne Gibson. Plaintiff was subject to Gibson's supervision and control.

While working under Fred Klouda, two other employees, Dean Powell and Erik Seibels were hired at the same time and worked under defendant Fred Klouda. Dean Powell and Eric Seibels were both immediately given job assignments where they would be driving dump-truck and operating T-dozers. Plaintiff who had a class A CDL at the time was dispatched to work on the Climline crew in the summer and was hand shoveling and sanding the sidewalks on the public side of the terminal. Dean Powell had

only a class B CDL at the time.

Plaintiff was encouraged to take a custodial position, when a position came open. Neither Dean Powell nor Erik Seibels were encouraged to take a custodial position. Their job assignments and training was to work on the airfield and to train for upgrades and higher job classifications.

On January 26, 1996, a memorandum that was directed to "All Department Employees" and was from Commissioner Joseph L. Perkins, was delivered to all departments at Ted Stevens International Airport. The memorandum was encouraging an investigation into all discrimination allegations.

Plaintiff testified in person and by telephone in this inquiry.

Plaintiff was dispatched to work with Teddy Burns, a black man who was at the time a wage grade 57, and Sang Yul Lee, a Korean who was wage grade 57. Other employees had filed discrimination complaints, including both Mr. Burns and Mr. Lee.

Plaintiff was trained on some of the laborer equipment and during snow storms was given upgrades to dump truck driver and occasionally upgraded to T-dozer operator. Plaintiff worked on the airfield and hauled snow - both were successful upgrades with no accidents or injuries.

Plaintiff did drive on the wrong taxiway on one occasion.

Second Amended Complaint
*Billingham vs. Alaska Dept of Transportation, et al.*
Case No. A05-0240 CV (RRB)    Page 4 of 14

This incident was investigated by the FAA. There was a difference of opinion as to where RW 3214 extension started. The incident was not ruled an incursion.

Plaintiff did break out a window on a pickup and reported it to her supervisor and it was investigated by Safety Airport Police as routine procedure.

In June of 2000, plaintiff was operating a riding lawn mower and hit a rock that broke out a window in a passing car. Damage was estimated at $300.00. Routine investigation by Airport Safety Police was performed.

Although plaintiff had the above noted incidents, other employees also had incidents which caused damage.

In approximately June of 2000, Rusty Holmes was operating a Case mower and hit a rock that damaged a window of a motor-home.

On June 5, 2001, co-worker Tim Hanley was driving a dump-truck and ran into a fire-hydrant. It was not estimated as to how much the damage was to the fire-hydrant. On March 17, 2002, Tim Hanley ran into a catering truck on the ramp and did damage to the catering truck, estimated at $2,000.00. Hanley was involved in two other minor accidents in the year 2003.

On November 26, 2003, Joe Walker backed a Glycol truck into an airplane. The plane was being leased to an oil company for $22,000.00 per day. Joe Walker resigned his position and was

later rehired.

Defendant Fred Klouda passed plaintiff over for a promotion to a wage grade 54 position on several occasions. Eric Seibels, Dean Powell, Joe Guzman, Tim Hanley, and Bruce Jokela were all promoted over the plaintiff. Plaintiff had seniority over all of these people and others.

Plaintiff on several occasions was verbally attacked and physically assaulted by co-workers. When plaintiff reported these incidents to management it was covered up and turned on plaintiff, as if it were her fault. Since supervisors would do nothing, plaintiff wrote up one incident and put it in her file.

Other female employees were promoted over plaintiff. They were all younger and more attractive than the plaintiff. Two of them were involved with some of the supervisors in the department. Steve Pringle alleged to have had a sexual relationship with one of the female employees.

Defendant State of Alaska knew or should have known that persons in plaintiff's position would be subject to an unreasonable risk of harm, emotional injury and distress.

Defendant Fred Klouda acted in a manner intentionally calculated to cause plaintiff fear, anxiety, and emotional distress. He acted in a willful and malicious manner in reckless disregard for plaintiff's rights. Punitive damages should be

assessed against defendant Fred Klouda.

## COUNT TWO

### WRONGFUL TERMINATION

November 16, 1995 Wayne Gibson who was at that time Airfield Manager of Anchorage International Airport tells the plaintiff, "you sue people." This caused plaintiff stress and anxiety.

On December 7, 1995 someone left pornography magazines in the paper recycle bin, which one of the plaintiff's assignments at the time was to empty the bin.

On April 8, 1996 Walt Nesbit ran a Snow Blast into a light can and broke the Snow Blast in half. It was stated to cause $25,000.00 in damages.

On March 12, 1997, plaintiff was involved in an incident with an electrician who ran her out of his office. His supervisor Mark Shearer said the electrician was paranoid and didn't want any harassment suits against him. Plaintiff followed his instructions and never went into the electricians office again until instructed to do so.

On August 9, 2002, plaintiff filed a ASCHR complaint C-02-269.

On May 8, 2003 plaintiff received a dismissal letter that is signed by Mort Plumb, Jr. for a minor accident in which a stop sign on a bicycle path is bent, and is accused of not reporting

the accident when in fact there is evidence in writing that it was reported. Defendant Mort Plumb, Jr. Terminated plaintiff without justification and in retaliation for plaintiffs efforts to work as an equipment operator and for prior discrimination testimony and complaints.

On June 17, 2003 plaintiff is coerced to sign a letter of dispute resolution that Public Employees Union Local 71 and the State of Alaska had put together. This letter demoted plaintiff to a wage grade 58 and transferring her to a probationary position. This subjected plaintiff to retaliation, extreme scrutiny, continued grunt job assignments, no training except in a wage grade 58 and continued poor evaluations every two weeks. Nobody else at airfield maintenance was subjected to these conditions. Plaintiff was not allowed to rebut these false allegations, or sign-up for future promotions.

Defendants Dan Hartman, Doug Hunter, Bruce Jokela, and Fred Klouda subject the plaintiff to this continued harassment.

Defendants Fred Klouda and Bruce Jokela have both been involved in more serious and expensive accidents that the plaintiff. On December 12, 2001, Fred Klouda recklessly ran into a snowbank and damaged the Dodge Pick-up No. 2. The repairs totaled $675.00. Fred Klouda got a letter of reprimand.

On September 22, 2003, Bruce Jokela operated a Case Side

Boom mower. He was exiting the AOA through E21 gate when he snagged the fence post and bent it over, damaging the post and fence. Not a word was said about his accident. He merely got a letter of reprimand.

On June 18, 2004, ASCHR Determination states on page two: "...*evidence shows that complaint damaged a mower.*" This is a false statement. The Honda Mower was not damaged, it overheated. There is evidence of letters from mechanics showing that there was nothing wrong with the mower. Dandelion fuzz needed to be blown out. Plaintiff was accused of not following orders, there is no evidence of this. The mechanic's letters are evidence that she did follow orders. Plaintiff followed her supervisors orders exactly. This is a false statement.

On June 30, 2003, plaintiff is compelled and subpoenaed to testify against an electrician who had filed an age discrimination complaint. His supervisor had written a letter using plaintiff as a excuse to terminate his employment. Plaintiff's diary described an event that took place a year prior to the supervisor's letter.

On January 23, 2004 plaintiff files EEOC complaint 380-2004-00472 for retaliation. Authority 42 U.S.C. 2000E5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117. Under 704(a) of Title VII, Section 4(d) of the ADEA, and section 503(a) of the ADA, it is

unlawful for an employer to discriminate against an employee that has testified in an investigation, proceeding or hearing.

One June 28, 2004 a Letter of Dismissal from the State of Alaska signed by Mort Plumb, Jr. describes the continued two-week evaluations that no one else at Airfield Maintenance received.

Mort Plumb had been previously sued by a female employee. There is evidence that Mort Plumb, Jr. had discriminated, harassed and allegedly stalked another woman who had previously worked at Ted Stevens International Airport.

Plaintiffs frequent evaluations and false statements were used to terminate plaintiff and take away her ten years of seniority, full time employment, her retirement and SBS accounts and medical insurance.

Performance evaluations on December 16, 2002 and June 10, 2003 by Fred Klouda describe plaintiff as unable to use an airless paint sprayer. Although in plaintiff's training records, Fred Klouda has signed plaintiff off as partially proficient. Defendant Fred Klouda also describes plaintiff as unable to check the oil on the Dynapac compactor. The training records also show plaintiff as signed off as partially proficient.

As a result of the sexual discrimination by defendants, plaintiff has suffered a loss of earnings. The sexual discrimination has had a substantial detrimental effect on

plaintiff's employment and psychological well-being.

## COUNT THREE

## RETALIATION

On August 28, 2004, plaintiff had been dispatched to work for the Department of Transportation Public Facilities. Plaintiff was dispatched as an engineering technician wage grade 59. On her third day Joe Owens gave her a letter stating she was no longer needed. Mr. Owens also stated that this action had nothing to do with him or his department. He said that he had been instructed to give her this letter and it had to do with the plaintiff's past job at Ted Stevens International Airport.

Dave Eberle is head of Construction at Ted Stevens Airport. Mr. Eberle has knowledge of plaintiff's past legal action. He was previously head of the Central Region for the Department of Transportation.

On August 30, 2004, a letter blacklisting plaintiff was faxed to Tracy Newbill at Public Employees Union Local 71. The letter requested that due to plaintiff's termination from the Department of Transportation, that she not be referred for future employment consideration. This letter was written by Charlotte Withers-Mushat.

## FIRST CAUSE OF ACTION

As a result of the facts alleged above, plaintiff has been

Second Amended Complaint
*Billingham vs. Alaska Dept of Transportation, et al.*
Case No. A05-0240 CV (RRB)   Page 11 of 14

discriminated against in violation of AS 18.80.220 in that she has been sexually harassed and has been terminated in retaliation for testifying at discrimination inquiries and hearings and for asserting her rights under AS 18.80.220.

All employment contracts in Alaska contain a covenant of Good Faith and Fair Dealing. Based upon the facts alleged above, defendants have breached the covenant of good faith and fair dealing.

## SECOND CAUSE OF ACTION

Based upon the facts alleged above, defendants have discriminated against plaintiff in violation of AS 18.80.220 in that they have harassed her and terminated her because of her sex causing her to suffer loss of income, embarrassment, humiliation, and emotional distress.

## THIRD CAUSE OF ACTION

Based upon the facts alleged above, defendants have engaged in unlawful employment practices in violation of 42 U.S.C. 2000e-2 and discriminated against her to suffer loss of income, embarrassment, humiliation, and emotional distress.

WHEREFORE plaintiff respectfully prays for judgement against defendants jointly and separately as follows:

1.  Reinstatement of her position at Ted Stevens International Airport Field Maintenance.

2. Compensatory damages in and amount to be proven at trial in excess of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS plus reduced earning capacity.

3. Compensatory damages in an amount to be proven at trial in excess of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS plus an amount to be determined for reduced earnings capacity.

4. That punitive damages be awarded against defendants Mort Plum, Jr., Dave Eberle, Fred Klouda, Doug Hunter, Dan Hartman and Bruce Jokela.

5. Costs, attorney fees, prejudgment interest, and such other relief as this court may deem proper.

DATED: 2-7-2006            Elsa Billingham (pro-se)

                           By: _____
                               ELSA BILLINGHAM

I hereby certify that on 7 day of
February 2006, a copy of the
above **SECOND AMENDED COMPLAINT**
was served upon the following
by U.S. First Class mail:

**State of Alaska, Department of Law**
**Brenda B. Page, Assistant Attorney General**
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501

**Morton Plumb, Jr.**
P.O. Box 196960
Anchorage, Alaska 99519-6960

**David Eberle**
P.O. Box 196960
Anchorage, Alaska 99519-6960

**Dan Hartman**
5740 Dehavilland Dr.
Anchorage, Alaska 99502

**Fred Klouda**
6324 Airguard Rd
Anchorage, Alaska 99502

**Doug Hunter**
P.O. Box 196960
Anchorage, Alaska 99519-6960

**Bruce Jokela**
5740 Dehavilland Dr.
Anchorage, Alaska 99502

_____ 2-7-2006
Elsa Billingham

Second Amended Complaint
_Billingham vs. Alaska Dept of Transportation, et al._
Case No. A05-0240 CV (RRB)   Page 14 of 14