IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM,<br><br>    Plaintiff,<br><br> vs.<br><br>STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, and individual defendants, MORT PLUMB, JR., DAVE EBERLE, DAN HARTMAN, FRED KLOUDA, DOUG HUNTER and BRUCE JOKELA,<br><br>    Defendants. | Case No. 3:05-cv-0240-TMB<br><br>O R D E R |

**INTRODUCTION**

Several matters are before the Court in this employment discrimination case. Defendants move to dismiss Plaintiff Elsa Billingham's claims regarding incidents that occurred before Billingham's employment was terminated as time-barred. Defendants also seek dismissal of Billingham's claims against individually named Defendants. Docket Nos. 17 (Mot.); 21 (Opp'n); 20 (Reply).[1] On March 7, 2006, the Court granted Billingham's motion for leave to file a second amended complaint. Docket No. 19. While the Court received a notice of response to the second amended complaint from Defendants, docket no. 23, the second amended complaint was not filed. The proposed second amended complaint that was attached to the motion for leave to file was,

---

[1] Billingham served the opposition on Defendants on March 15, 2006, but did not file it with the Court until March 24, 2006, which accounts for why the reply to the opposition was filed prior to the opposition.

1

therefore, entered for Billingham at docket no. 29. Billingham, proceeding pro se, has filed several other documents. On March 29, 2006, Billingham filed a motion for an extension of time to oppose the motion to dismiss. Docket No. 22. However, Billingham filed an opposition to the motion to dismiss on March 24, 2006. Billingham has also filed a motion for leave to file a proposed order and other documentation in support of her opposition to the motion to dismiss. Docket No. 24. On April 21, 2006, Billingham filed a new, more substantive opposition to the motion to dismiss, as well as a revised statement of facts. Docket Nos. 25; 26.[2] In response, Defendants filed a motion for leave to file a supplemental reply memorandum. Docket No. 27.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to bringing this lawsuit, Billingham filed multiple complaints with the Equal Employment Opportunity Commission ("EEOC"), and the Alaska State Commission for Human Rights ("ASCHR").[3] The first was filed both with the EEOC and ASCHR in August, 2002. In this complaint, Billingham alleged that during her eight years of employment with the Department of Transportation and Public Facilities she was denied advancement opportunities based on her age and sex. Docket No. 17, Ex. A. ASCHR issued its decision on the claim on June 18, 2004. ASCHR concluded that Billingham's allegations were not supported by substantial evidence, and it closed the case. *Id*., Ex. B. The EEOC adopted ASCHR's conclusions, and issued a notice of right to sue on July 7, 2004. *Id*., Ex. C.

On January 30, 2004, Billingham filed her second discrimination charge with ASCHR and the EEOC. *Id*., Ex. D. This charge covered conduct between January 10, 2003, to January 12, 2004. In this filing, Billingham alleged that she was being subjected to ongoing discrimination, as

---

[2] The Court is sensitive to the difficulties a non-lawyer faces in navigating the court system. However, it is important that Billingham follow the Federal Rules of Civil Procedure, as well as the Local Rules for the District of Alaska. In particular, the Court directs Billingham to Local Rule 7.l, which sets out basic rules for motion practice.

[3] Administrative agency decisions may be considered in a 12 (b)(6) motion without converting it to a summary judgment motion. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

ORDER

well as retaliation for filing the earlier complaint. The EEOC investigated this complaint, and determined on April 22, 2004, that it was "unable to conclude that the information obtained establishe[d] violations." *Id*., Ex. E. The EEOC simultaneously issued a notice of right to sue. ASCHR reviewed the EEOC's determination, and adopted it on November 2, 2004. *Id*., Ex. F.

Billingham filed her third complaint with ASCHR and the EEOC on December 30, 2004. There, Billingham alleged that she was fired in retaliation for her prior complaints, and that she was unable to find other employment with the Department of Transportation because she had been blacklisted by the Department and her union. *Id*., Ex. G. The EEOC investigated, and closed its file, concluding that the information did not establish statutory violations. *Id*., Ex. H. As to this claim, the EEOC issued its notice of right to sue on July 18, 2005.

Billingham filed this case on October 11, 2005. She has since filed several amended complaints. In the second amended complaint, filed as an exhibit to the motion for leave to file the second amended complaint, Billingham alleges three counts under Title VII and AS 18.80.220. In Count I she alleges discrimination based on being passed over for promotions, a lack of response from supervisors when she reported inappropriate conduct by co-workers, and inappropriate conduct by the supervisors themselves. In Count II Billingham alleges wrongful termination following an accident she had on the job and after she testified in an unrelated age discrimination suit. In Count III Billingham alleges retaliation, claiming she was "blacklisted" from further employment with the Department of Transportation. Defendants argue that Billingham's claims about conduct she complained of in her first two ASCHR and EEOC complaints are barred because she did not institute suit within the ninety days allowed by the notice of right to sue. Defendants also argue that Billingham's claims against individual defendants should be dismissed.

## DISCUSSION

A complaint will not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). For purposes of a motion to dismiss, all material allegations in the complaint will be taken as true and

ORDER

construed in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *SmileCare*, 88 F.3d at 782–83.

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Even where recovery is unlikely based on the pleadings, a plaintiff may still offer evidence in support of the complaint. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

**I.      Notice of Right to Sue**

Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 provides that within ninety days of the issuance of a notice of right to sue from the EEOC, "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The ninety-day time limit constitutes a statute of limitations. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990). A claim filed after the ninety days has expired is, therefore, time-barred.

Here, it is plain that Billingham failed to file suit within ninety days of either the first or second EEOC/ASCHR claims. The first notice of right to sue was issued on July 7, 2004. The second was issued on April 22, 2004. This suit was instituted on October 11, 2005, over one year after the later dated notice of right to sue was issued. The claims brought in the first two EEOC/ASCHR complaints, therefore, are time-barred and will be dismissed. Billingham's suit was instituted within the ninety-day period for the third complaint. The retaliation and wrongful termination claims are, therefore, timely.

**II.     Individually Named Defendants**

Pursuant to AS 18.80.220, it is unlawful for "an employer to refuse employment to a person, or to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's race, religion, color, or national origin." *See* AS 18.80.220(a)(1). The Alaska Supreme Court has stated that the Alaska Human Rights Act, codified in AS 18.80.220, "mirrors Title VII of the Federal Civil Rights Act of 1964" in barring discrimination and that courts should "look to decisions under Title VII in interpreting

ORDER

Alaska's anti-discrimination laws." *See ERA Aviation v. Lindfors*, 17 P.3d 40, 43 (Alaska 2000). However the Alaska statute is "intended to be more broadly interpreted than federal law to further the goal of eradicating discrimination." *Miller v. Safeway, Inc.*, 102 P.3d 282, 290 (Alaska 2004).

The Ninth Circuit has held that "[t]he liability schemes under Title VII . . . limit civil liability to the employer." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Because individual liability cannot be imposed on employees, inasmuch as Billingham's complaint asserts Title VII claims against individual employees of the Department of Transportation and Public Facilities, the claims must be dismissed.

Whether Billingham can bring claims against individual employees under AS 18.80.220 appears to be an unanswered question of Alaska statutory interpretation. Were Billingham represented by counsel, the Court might exercise its discretion to retain these claims, with an eye toward certifying novel issues of state law to the Alaska Supreme Court. However, in light of Billingham's pro se status, it is highly unlikely that the Supreme Court would accept certification. Therefore, to the extent that Billingham's complaint states claims against individual employees under AS 18.80.220, those claims will be dismissed. Billingham should understand that this dismissal is without prejudice to bringing the claims in state court.

### III.   Remaining Claims

Billingham's complaint also alleges that her employer breached the covenant of good faith and fair dealing implied in her employment contract. Actions based on the covenant of good faith and fair dealing in employment contracts sound in contract. *Municipality of Anchorage v. Gentile*, 922 P.2d 248, 260 (Alaska 1996). The statute of limitations for contract actions is three years. *See* AS 09.10.053. It is not clear from the complaint what actions Billingham alleges violated the covenant, and consequently it is not possible to determine whether this claim is timely. This claim will therefore not be dismissed.[4]

---

[4] Defendants also argue that to the extent Billingham raises sexual harassment claims, they should be dismissed as untimely. Although Billingham's complaint is peppered with the term 'sexual harassment,' by the Court's reading she uses the term to describe discrimination based on sex. The Court therefore does not reach this section of Defendants' motion.

ORDER

**IT IS THEREFORE ORDERED:**

Defendants' motion to dismiss at **Docket No. 17** is **GRANTED IN PART**. Billingham's claims that were raised in EEOC 38A-2002-00285 and EEOC 380-2004-00472 are dismissed as untimely. Billingham's claims based upon Title VII against individual defendants are dismissed. Billingham's claims against individual defendants based on AS 18.80.220 are dismissed without prejudice to their refiling in state court. Because there are not other claims against the individual Defendants, they will be dismissed from this lawsuit. Billingham's motion for an extension of time at **Docket No. 22** is **DENIED AS MOOT**. Billingham's motion for leave to file additional documentation at **Docket No. 24** is **DENIED AS MOOT.** Defendants' motion for leave to file a supplemental reply at **Docket No. 27** is also **DENIED AS MOOT.**

Dated at Anchorage, Alaska, this  15   day of May 2006.

                                              /s/ Timothy M. Burgess
                                            **TIMOTHY M. BURGESS**
                                            United States District Judge