Case 3:05-cv-00240-TMB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
MAY 25 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

ELSA BILLINGHAM )
       Plaintiff, )
vs. )
 )
STATE OF ALASKA, DEPARTMENT )
OF TRANSPORTATION AND PUBLIC )
FACILITIES, )
       Defendants. )
 )

Case No.3:05-cv-0240-TMB

MOTION

## MOTION FOR OPPOSITION TO ORDER

Plaintiff is in opposition to the dismissal of Individual Defendants.

Plaintiff Billingham opposes her inability to file additional documentation, at docket #24. This is the basis of her complaint, her evidence. Many of the documents in the amended Statement of the Facts show inferences to sex discrimination, age discrimination, retaliation and disparate treatment, and the breach of the covenant of good faith and fair dealing.

Plaintiff Billingham also opposes her testimony at an age discrimination hearing as unrelated. The close timing of the age discrimination hearing for an electrician, to the extreme harrassment and extreme prosecution that Billingham was subjected to, was suspiciously timely. Also her interrogation by State Attorneys prior to these events.

Plaintiff's affidavits of witnesses and testimony of co-workers is substantial.

Motion for Opposition to Order
Elsa Billingham v. State of Alaska/DOt & PF.

Page 1 of 4

Case 3:05-cv-00240-TMB

## FACTUAL AND PROCEEDURAL BACKGROUND

Rule 41 Party seeking relief from judgment of dismissal must show the existence of a meritorious claim. Corso v. Commissioner of Education, Op No. 1412, 563 P2d 246(Alaska 1977).

To show the existence of meritorious claim, party must show facts which if established, might reasonably be said to meet affirmative defenses of adversary.

Billingham has established that she is a member of a protected class because she is a woman, and is over 40 years old. Billingham testified and had written an affidavit and filed in opposition to discrimination. Billingham is also a qualified woman as evidenced by documentation. Billingham was involved in a minor backing up accident in which she did $51 worth of damage to a stop sign. Similarly situated males were treated more favorably and did not receive the same treatment even though they had moving violations, drug and alcohol convictions, felonies and accidents.

Billingham had filed with ASCHR and the EEOC. This is a protected Activity. This is evidence. Billingham failed to file in court in a timely manner. Protection under the participation clause extends to those who file untimely charges. EEOC COMPLIANCE MANUAL page 12 of 26. In Robinson v. Shell Oil Company,/31 The Supreme Court unanimously held that Title V11 prohibits respondents from retaliating against former employees.

Motion for Opposition to Order
Elsa Billingham v. State of Alaska/Dot & PF.                    page 2 of 4

Case 3:05-cv-00240

as well as current employees for participating in any proceeding under Title V11 or opposing any practice made unlawful by that Act.

Civil Rights 1119 For Title V11 purposes, an "adverse employment action," is a tangible employment action which constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significant change in benefits. Civil Rights Act of 1964,$$ 703(a),704 as amended, 42 U.S.C.A. $$2000e-3.

Title V11 Job performance and effiency. Discharging or otherwise disciplining an employee for inefficiency is a business necessity. But you must be able to show that you have been evenhanded,and consistent in the application of disciplinary policies, and you must have the records prove it.

Rule 41 Party seeking relief from Judgment of dismissal must show the existence of a meritorious claim. Corso v. Commissioner of Education, Op No. 1412, 563 P2d 246 (Alaska 1977).

Plaintiff Billingham was co-erced into signing a contract on June 10 2003. This contract signed away all her rights, all her seniority, and all of her ability to be promoted. No one else at Airfield Maintenance was subjected to a contract of this type. Billingham was terminated from her permanent position allegedly due to unacceptable evaluations. The men who subjected Billingham to this harrassment were all involved in more costly and more serious accidents than Billingham. This is disparate treatment. Billingham's personal record is peppered with many writeups by co-workers and men that she did not

Motion for Opposition to Order
Elsa Billingham v. State of Alaska/DOT & PF                              page 3 of 4

Case 3:05-cv-00240-TMB

work with. Billingham had never seen most of these write-ups and was not allowed to respond to them. Billingham received many acceptable evaluations but was passed over for promotion on many occasions. This is an adverse employment action. Billingham was terminated from her wg gd 58 position on June 28 2004, due to poor evaluations. See page 17 SOA Raters Guide CAUTIONS There are many pitfalls to avoid in reviewing performance. A supervisor may inadvertently distort the employee's evaluation or rating through one or more of the following: Nature of error , Halo or Bias Definition similar to me definition: The tendency to rate people who are like you more favorably. Evaluations can be distorted and false statement can be made. Rule 8 (a)2 a short and plain statement of the claim showing that the pleader is entitled to relief. Billingham is entitled to reinstatement of her position, reinstatement of her 10 years of seniority plus back and forward pay, reinstatement of her SBS account plus interest, reinstatement of her retirement account plus interest. Training for future employment if she is not entitled to her position back. Punitive damages for extreme suffering and anxiety, depression and emotional instability. The inability to find future employement with the Department of Transportation, and Public Facilies due to blacklisting, As evidenced by Charlotte Mushat-Whithers E-mail to Tracy Newbill at Public Employees Local 71.

Case 3:05-cv-00240-TMB

IN THE DISTRICT COURT FOR THE UNITED STATES

FOR THE DISTRICT OF ALASKA

Certificate of Service

Dated May 25 2006

By: _____
Elsa Billingham
PO. Box 231625
Anchorage Alaska 99523

Certificate of Service
This is to certify that on May 25 2006,

A true and Correct copy of the Plaintiff's
Motion for Opposition to Order
in this proceeding was served in person by
Elsa Billingham on the following:

United States District Court
District of Alaska
Clerk of Court
Federal Building, US Court House
222 W. 7th ave. #4
Anchorage alaska 99513-7564

Brenda B. Page
Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, Ak 99501
(907)269-5136 (phone)
(907)258-4978(Fax)

Motion for Opposition to Order
Elsa Billingham v. State of Alaska/DOT & PF.