DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5136
Fax: (907) 258-4978

Attorney for the State of Alaska, Department of Transportation
and Public Facilities, and Individual Defendants

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALASKA, DEPARTMENT | ) |
| OF TRANSPORTATION AND PUBLIC | ) |
| FACILITIES, and Individual Defendants | ) |
| MORT PLUMB, JR., DAVE EBERLE, | ) |
| DAN HARTMAN, FRED KLOUDA, | ) |
| DOUG HUNTER, AND BRUCE JOKELA, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3:05-cv-0240 (TMB) |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant, State of Alaska, Department of Transportation and Public Facilities ("DOT/PF"), by and through the Office of the Attorney General, answers Plaintiff Elsa Billingham's Second Amended Complaint as follows:

1. Upon information and belief, Defendant admits the allegations in Paragraph 1.

2. The allegations in Paragraph 2 are an incomplete sentence and do not make any assertions regarding the defendants listed and, therefore, no response is required. To the extent the allegations indicate, however, that Mort Plumb, Jr., Dave

Defendant's Answer                                                     Page 1 of 12
*Elsa Billingham v. State of Alaska/DOT & PF,*
*and Individual Defendants*, 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Eberle, Dan Hartman, Fred Klouda, Doug Hunter or Bruce Jokela are defendants in this lawsuit, all of the named individuals have been dismissed as defendants and, therefore, Defendant denies the allegations.

3.  The allegations in Paragraph 3 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

4.  Defendant admits that the State of Alaska, DOT/PF is a state agency organized and existing under the laws of the State of Alaska.  Defendant further admits that DOT/PF conducts business at Ted Stevens International Airport in Anchorage, Alaska, and that the post office address for DOT/PF, Ted Stevens International Airport is P.O. Box 196960, Anchorage, Alaska, 99519-6960.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 4.

5.  The allegations in Paragraph 5 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

6.  The allegations in Paragraph 6 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

7.  The allegations in Paragraph 7 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

8.  The allegations in Paragraph 8 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

9.  The allegations in Paragraph 9 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

10.  The allegations in Paragraph 10 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 2 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

# COUNT ONE: DISCRIMINATION

11. The allegations in Paragraph 11 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

12. The allegations in Paragraph 12 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

13. The allegations in Paragraph 13 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

14. The allegations in Paragraph 14 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

15. The allegations in Paragraph 15 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

16. The allegations in Paragraph 16 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

17. The allegations in Paragraph 17 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

18. The allegations in Paragraph 18 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

19. The allegations in Paragraph 19 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

20. The allegations in Paragraph 20 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

21. The allegations in Paragraph 21 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 3 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

22. The allegations in Paragraph 22 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

23. The allegations in Paragraph 23 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

24. The allegations in Paragraph 24 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

25. The allegations in Paragraph 25 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

26. The allegations in Paragraph 26 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

27. The allegations in Paragraph 27 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

28. The allegations in Paragraph 28 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

29. The allegations in Paragraph 29 concern claims that have been dismissed by the Court and no response is required, therefore, Defendant denies same.

**COUNT TWO: WRONGFUL TERMINATION**

30. Defendant admits that Wayne Gibson was Airfield Maintenance Manager of Ted Stevens Anchorage International Airport in November 1995. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies them.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies them.

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 4 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

32. Defendant admits that Walt Nesbett had an accident on April 8, 1996, that caused approximately $23,000.00 worth of damage to a snowblower and that the accident investigation determined that the damage was not caused due to operator error. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 32 of the complaint.

33. Defendant admits that Plaintiff Billingham reported to her supervisor that she was involved in an incident with an electrician who ran her out of his office in the spring of 1997. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies them.

34. Upon information and belief, Defendant admits the allegations in Paragraph 34.

35. Defendant admits that Mort Plumb drafted a letter to Plaintiff Billingham, dated May 8, 2003, to notify her of her dismissal from employment at DOT/PF based on her poor work history, disciplinary record, and failure to accept responsibility for her actions. Defendant denies that the letter was sent to Plaintiff Billingham. Defendant admits that Plaintiff Billingham eventually reported an accident in which she damaged a stop sign, but denies that Plaintiff Billingham properly reported the accident in accordance with DOT/PF policy and procedure. Defendant denies that the dismissal was without justification and denies that it was in any way retaliatory. Defendant further denies that Mort Plumb is a defendant in this lawsuit. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 35.

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 5 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

36. Defendant admits that Art Chance, Labor Relations Manager for the State of Alaska, Department of Administration, and Jim Ashton, Assistant Business Manager for Public Employees, Local 71, signed a Letter of Dispute Resolution in June 2003 between the State of Alaska and Public Employees, Local 71 for full and final resolution of State Case #03-L-304, involving Plaintiff Billingham. Defendant further admits that the Letter of Dispute Resolution set forth the following terms: (1) Ms. Billingham will voluntarily demote to a WG58 Laborer, Sub-journey I effective June 11, 2003; (2) Ms. Billingham will be placed on a thirty-day (30) suspension commencing Monday, May 12, 2003 and ending June 10, 2003; (3) During the first year as a WG58, Ms. Billingham will not be upgraded to higher level equipment, nor be entitled to training other than WG58 training equipment and safety training; (4) if Elsa's performance does not reach a mid-acceptable level or higher after one year as a WG58, she will be dismissed; (5) This will be Ms. Billingham's last chance to change her behavior. One more act of unacceptable behavior will result in dismissal. Defendant further admits that the terms of the Letter of Dispute Resolution were specific to Plaintiff Billingham. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant admits that Fred Klouda and Bruce Jokela have both been involved in accidents at the workplace. Defendant admits that, on December 4, 2001, Fred Klouda damaged Dodge Pick-up No. 2, with repairs totaling approximately $450.00. Defendant admits that Mr. Klouda received a Letter of Expectation for this

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 6 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

incident. Defendant denies that Mr. Klouda or Mr. Jokela are defendants in this lawsuit. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 38.

39.   Defendant admits that, on September 22, 2003, Bruce Jokela had an accident with a boom mower when he was exiting the AOA through the E21 gate and admits that he snagged a fence post and bent it over, causing damage of approximately $20.00. Defendant admits that Mr. Jokela received a Letter of Instruction for this incident. Defendant denies that not a word was said about his accident. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 39.

40.   Defendant is without knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 40 and, therefore, denies them. Defendant admits that Plaintiff Billingham was disciplined for two incidents in mid June 2002, involving mowing and watering assignments, in which Plaintiff Billingham failed to follow instructions, failed to report equipment malfunctions, and failed to use effective time management. Defendant further admits that the issue concerning failure to report equipment malfunctions involved overheating of a Honda mower. Defendant further admits that Plaintiff Billingham submitted statements to her supervisors from mechanics indicating that, in response to the mower's overheating problem, they blew out material that was blocking the radiator's air flow. Defendant denies that Plaintiff Billingham followed her supervisor's orders exactly and denies that the mechanic's letters are evidence that she did follow orders. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 40.

41.   Upon information and belief, Defendant admits that John Eberhart, Hearing Examiner for ASCHR, issued a subpoena on June 30, 2003, to Plaintiff

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Billingham to provide testimony in a discrimination case brought by a former temporary electrician at DOT/PF. Defendant denies that Plaintiff Billingham was compelled to testify against the electrician. Defendant denies the allegations in the second sentence of Paragraph 41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 41 and, therefore, denies them. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 41.

42. Upon information and belief, Defendant admits that Plaintiff Billingham filed a complaint of discrimination with the EEOC, number 380-2004-00472 and that the document speaks for itself as to its contents. The second sentence of Paragraph 42 calls for a legal conclusion and, therefore, no response is required.

43. Defendant admits that the June 28, 2004, correspondence from Mort Plumb to Ms. Billingham regarding her dismissal from employment addressed the terms of the Letter of Dispute Resolution, which was specific to Plaintiff Billingham. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 43.

44. Defendant admits that a former female employee of DOT/PF brought a lawsuit in which Mort Plumb was a defendant. Defendant denies the allegations in the second sentence of Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant admits that in a performance evaluation for the period of December 16, 2002 to June 10, 2003, Fred Klouda gave the following examples of times when Plaintiff Billingham was provided training and then could not demonstrate her proficiency when asked to do so: (1) A class was given to show WG58s and WG56s

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 8 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

how to utilize the airless paint sprayer. Everyone in the first class could demonstrate how to use it except Ms. Billingham. She had to be given three additional training sessions before she could demonstrate she could perform the basic task; (2) Elsa wanted to be signed off to "Partially Proficient" level on the compactor. Steve Pringle accompanied her on two occasions with the equipment and she could not perform the pre-operational tasks of checking the oil. Defendant admits that Ms. Billingham eventually was signed off as "Partially Proficient" on use of the airless paint sprayer on March 23, 2003, and on use of the Dynapac compactor on March 19, 2003. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

**COUNT THREE: RETALIATION**

48. Defendant admits that upon Plaintiff Billingham's dismissal from DOT/PF she was not recommended for rehire. Upon information and belief, Defendant admits that, due to an oversight, Plaintiff Billingham started working as a non-permanent Engineering Technician WG 59 at Ted Stevens International Airport on August 25, 2004. Upon information and belief, Defendant admits that once the error was brought to the attention of Management Services, the Project Manager, Joe Owens, notified Plaintiff Billingham by correspondence dated August 28, 2004, that her services as a non-permanent employee would no longer be needed. Defendant is without knowledge or information sufficient to form a belief as to the truth of what Mr. Owens stated to Ms. Billingham and, therefore, denies the allegations in the fourth and fifth sentences of Paragraph 48. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 48.

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 9 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

49. Defendant admits that Dave Eberle currently holds the position of Director of Construction at Ted Stevens Anchorage International Airport. Defendant admits that Mr. Eberle is aware that Plaintiff Billingham filed a lawsuit against a previous employer. Defendant admits that Mr. Eberle was Regional Director for the Central Region of DOT/PF for approximately three years, ending in June 2003. Defendant denies that Mr. Eberle had knowledge of Ms. Billingham's employment at Ted Stevens Anchorage International Airport prior to her filing this lawsuit.

50. Defendant admits that Charlotte Withers-Mushat sent e-mail correspondence to Tracy Newbill at Public Employees Union, Local 71 on August 30, 2004, requesting that Plaintiff Billingham not be referred to the Department of Transportation again for employment due to her termination from the Department. Defendant denies that the letter blacklisted Plaintiff Billingham. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 50.

**FIRST CAUSE OF ACTION**

51. Defendant denies the allegations in Paragraph 51.

52. The first sentence of Paragraph 52 calls for a legal conclusion and, therefore, no response is required. Defendant denies the allegations in the second sentence of Paragraph 52.

**SECOND CAUSE OF ACTION**

53. Defendant denies the allegations in Paragraph 53.

**THIRD CAUSE OF ACTION**

54. Defendant denies the allegations in Paragraph 54.

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 10 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

## RESPONSE TO PRAYER FOR RELIEF

55. Plaintiff is not entitled to any of the prayed-for relief.

## DEFENSES

In defense of Plaintiff Billingham's claims, Defendant asserts the following:

1. Plaintiff Billingham failed to state a claim upon which relief may be granted.

2. Plaintiff Billinhgam's claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff Billingham's claims are barred, in whole or in part, by sovereign immunity.

4. Plaintiff Billingham's claims are barred, in whole or in part, because she failed to exhaust contractual or administrative remedies.

5. Plaintiff Billingham's claims are barred, in whole or in part, by the doctrines of estoppel and res judicata.

6. Plaintiff Billingham's claims are barred, in whole or in part, by the doctrines of waiver and laches.

7. Plaintiff Billingham's federal claims are barred to the extent they exceed the scope of her last charge of discrimination filed with the EEOC.

8. Plaintiff Billingham's federal claims are barred to the extent she failed to comply with the statutory requirements as conditions precedent to the filing of civil actions.

9. Plaintiff Billingham's claims are barred, in whole or in part, because of her failure to mitigate alleged damages.

Defendant's Answer
*Elsa Billingham v. State of Alaska/DOT & PF,
and Individual Defendants*, 3:05-cv-0240 (TMB)
Page 11 of 12

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

10. Defendant reserves the right to add defenses that may be discovered as the case progresses.

DATED: May 30, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:
/s/ Brenda B. Page
Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5136 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No. 0303007

**CERTIFICATE OF SERVICE**

This is to certify that on May 30, 2006, a true and correct copy of the **DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT** in this proceeding was served by first class U.S. Mail on the following:
//
//

Elsa Billingham
P.O. Box 231625
Anchorage, AK 99523

/s/ Brenda B. Page
Assistant Attorney General
Attorney for the State of Alaska and Individual Defendants