SCHEDULING AND PLANNING CONFERENCE REPORT

3. Contested Issues of Fact and Law. Plaintiff Billingham alleges:

1. She was discriminated against on the basis of her age and sex in violation of Title VII, AS 18.80.220.

2. Plaintiff Billingham has been defamed and her name and reputation has been violated.

3. Plaintiff Billingham has been subjected to intentional infliction of emotional distress.

4. Plaintiff Billingham was subjected to disparate treatment in violation of the covenant of good faith and fair dealing.

5. Plaintiff Billingham objects to the dismissal of her complaint, when she was summoned to testify at an age discrimination hearing of an electrician. She had written an affidavit for him regarding his termination from the State. Sec. 23.40.110. Unfair labor practices. A public employer or an agent of a public employer may not: (4) discharge or discriminate against an employee because an employee has signed or filed an affidavit, petition, or complaint or given testimony under AS 23.40.070—23.40.260:AS 42.40.720—42.40.890: Plaintiff Billingham had formally and informally protested discriminatory policy which is protected activity.

Plaintiff Billingham had filed with ASCHR and The EEOC regarding discrimination and men who were promoted were not members of a protected class. Billingham alleges retaliation due to her protests.

Exhibit A
Page 1 of 5

Plaintiff Billingham has witness and affidavit's regarding the discriminatory policies of Ted Stevens Airfield Maintenance Department.

Mort Plumb Jr. the Director of the Airport and Dave Eberle the Director of Construction, Dan Hartman Air Field Manager and Wayne Gibson, previous Airfield Manager, all had knowledge of Billinghams protected activity.

EEOC COMPLIANCE MANUAL     page 12 of 26

c. Protected Activity : Participation

1. Definition: The anti-retaliation provisions make it unlawful to discriminate against any individual because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, hearing, or litigation under Title V11, the ADEA, the EPA, or the ADA. This protection applies to individuals challenging employment discrimination under the statutes enforced by the EEOC in EEOC proceedings, in state administrative or court proceedings, as well as in Federal court proceedings, and to individuals who testify or otherwise participated in such proceedings/24. Protection under the particpation clause extends to those file untimely charges.

12 EEOC COMPLIANCE MANUAL  page 13 of 26

Retaliatory acts designed to interfere with an individual's prospects for employment are unlawful regardless of whether they cause a prospective employer to refrain from hiring the individual.

Dan Hartman, Airfield Manager said directly that if there were any more" complaints of human rights violations." then he would make it harder to get promotions."

1. Plaintiff Billingham has filed with ASCHR and the EEOC to protest her failure to be promoted, sex discrimination, and retaliation.

2. Plaintiff Billingham is qualified for the positions she had applied for: as evidenced by her class A CDL, XPT endorsements license. Her clean driving record, she had not been convicted of any moving violations three years prior to her termination.

3. Plaintiff Billingham was subjected to disparate treatment and extreme prosecution at the hands of Airport Management, and a hostile working environment.

4. Plaintiff Billingham was terminated from her permanent position at Ted Stevens Anchorage International Airport, Airfield Maintenance.

5. Plaintiff Billingham has been blacklisted not only by the Alaska State Department of Transportation but also by several of the Unions that she is a member of.

EEOC COMPLIANCE MANUAL   page 13 of 26

D. ADVERSE ACTION

1. The most obvious types of retaliation are denial of promotion, refusal to hire, denial of job benefits, demotion, suspension, and discharge. Other types of Adverse actions include threats, reprimands, negative evaluation, harrassment or other adverse treatment.

Plaintiff Billingham had worked for three day at Ted Stevens International Airport. In the Construction Department; Her supervisor Joe Owens had told her that the job was a seasonal position and would last approximately three months. He laid her off and stated that this had nothing to do with him or his department. He was instructed to write her a letter of termination.

4.Friday May 9 2003  Letter from Jim Ashton describing the events that occurred:

Management presented you with a letter terminating your employment with the State of Alaska.

As was previously stated, you still have a job at the Ted Stevens Anchorage International Airport. You did agree to the terms of a suspension, a voluntary demotion and "Last Chance Agreement" in lieu of a termination during the meeting.  The issue was thoroughly discussed both during our caucus and while in the meeting with Management.

July 7 2004  Plaintiff Billingham filed a grievance with Public Employees Union Local 71.

October 11 2004  Plaintiff Billingham recieves a letter from Business Representative Dale Johnson stating that the union has processed her grievance and that it does not have the merit to proceed to arbitration.

August 28 2004 Plaintiff Billingham recieves a letter of termination from Joe Owens describing the termination of her employment.  Joe Owens tells Billingham that this has nothing to do with him or his department, he was instructed to write this letter.

August 30 2004  Plaintiff Billingham files another grievance against the State of Alaska, Department of Transportation regarding her termination of her wg gd 59 position.

The union does not follow through on this grievance , Dale Johnson does admit that Joe Owns admitted that my layoff was due to my previous job at the airport. Dale Johnson admitted that I had done nothing wrong.

Exhibit A
Page 4 of 5

Page 4 of 5

February 9 2005 Plaintiff Billingham files a complaint against Public Employees Union Local 71 for failure to represent, with Alaska Labor Relations.

December 30 2004 Plaintiff Billingham files an EEOC complaint against Public Employees Local 71. This complaint is resolved through mediation.

3.) Plaintiff Billingham has continued to work and search for employment through the unions and other avenues. Billingham would be willing to provide copies of her 2004 and 2005 income tax returns. This will mitigate damages.

*Morgan v. National Railroad. Passenger Corp.*, 232 F.3d 1008, 84 FEP Cases 225 (9th Cir. 000), *affirmed in part reversed in part*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106, 88 FEP Cases 601 (2002), involved prelimitations harassment causally related to EEO complaints as part of a continuing pattern of retaliation, which should have been presented to the jury not only as background information, but also for purposes of liability, ruled the Ninth Circuit. The trial court had incorrectly dismissed on summary judgment all incidents occurring more than 300 days prior to the filing of plaintiff's EEOC charge, the Ninth Circuit ruled, because the incidents were part of a continuing violation. The Supreme Court reversed this ruling, as to discrete retaliatory acts such as failure to promote or termination, which could not be saved as "continuing violations." In contrast, retaliatory hostile environment claims may link a series of acts of harassment not actionable by themselves which together result in a cumulative effect. Even though not all of the component acts fall within the limitations period, such hostile environment claims are not time-barred, ruled the court, in part affirming the Ninth Circuit. 563 U.S. 101 (2002).

Exhibit A
Page 5 of 5