DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5135
Fax: (907) 258-4978

Attorney for the State of Alaska, Department
of Transportation and Public Facilities

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES | ) ) ) ) |
| Defendant. | ) ) |
| _____ ) | Case No. 3:05-cv-0240 (TMB) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO COMPLETE INTERROGATORIES

Defendant, State of Alaska, Department of Transportation and Public Facilities, by and through the Office of the Attorney General, submits this response to Plaintiff Elsa Billingham's Motion for Additional Time to Complete Interrogatories. In her motion, Ms. Billingham requests an extension of time to respond to and to serve written discovery requests until December 30, 2006. Defendant objects to the requested extension because it violates the terms of the Scheduling and Planning Order in this matter and, if granted, will require an extension of all of the impending deadlines set by

Response to Motion for Additional Time to Complete Interrogatories                Page 1 of 6
*Elsa Billingham v. SOA/DOT&PF, and Individual Defendants*
3:05-cv-0240 (TMB)

the Court in its Order. Ms. Billingham has not shown good cause for such undue delay in proceeding with this litigation.

The parties submitted a Scheduling and Planning Conference Report with the Court on June 26, 2006, with the recommendation that all discovery be commenced in time to be completed by December 31, 2006. The Court conducted a Status Hearing with the parties on July 26, 2006. At the hearing, the parties informed the Court that they had taken into account Ms. Billingham's *pro se* status in requesting a six-month discovery period. Ms. Billingham also informed the Court at the hearing that she might be offered out-of-town employment during the course of litigation. The Court stressed to the parties the importance of meeting deadlines, even if Ms. Billingham should be offered such employment.

After the hearing, the Court issued a Scheduling and Planning Order on July 28, 2006. In the Order, the Court set the following deadlines:

| | |
|---|---|
| Preliminary disclosures and witness list | September 1, 2006 |
| Final revised witness list | November 30, 2006 |
| <u>Completion</u> of discovery | December 31, 2006 |
| Dispositive motions | January 30, 2007 (30 days after close of discovery). |

The Order also provided that if fact discovery is not completed by the date specified: (1) counsel may stipulate to a continuance of no more than two months for completion of the same; (2) a discovery conference must be requested if more time is

Response to Motion for Additional Time to Complete Interrogatories
*Elsa Billingham v. SOA/DOT&PF, and Individual Defendants*
3:05-cv-0240 (TMB)

Page 2 of 6

require to complete such discovery; and (3) the "court will not routinely approve requests or stipulations for extensions of time for discovery." In addition, the Order provided that the deadline for completion of discovery applied to all depositions and that a deposition may be taken after the close of discovery only by leave of the Court upon a showing of good cause.

The parties timely exchanged preliminary disclosures and preliminary witness lists. Defendant served its First Set of Discovery Requests on Ms. Billingham on September 13, 2006. The requests included authorizations for release of employment and health-related records. Ms. Billingham served seven separate sets of discovery requests directed to individual employees and former employees of Defendant on September 29, 2006, and served four additional sets of discovery requests, again directed to individual employees, on October 4, 2006. The eleven sets of discovery requests contained approximately 77 interrogatories and 116 requests for production, not including subparts. Defendant notified Ms. Billingham of its objections to the discovery requests on October 5, 2006. In response, Ms. Billingham retrieved the eleven sets of discovery requests and indicated that she would serve a new set of discovery requests directed to Defendant.

In addition, Ms. Billingham requested, and Defendant agreed to, an extension of time to October 30, 2006, in which to respond to Defendant's discovery requests. Ms. Billingham also indicated in a telephone conversation with Defendant's counsel on October 12, 2006, that she believed that she was going to object to signing the authorizations for release of employment and health-related records.

Response to Motion for Additional Time to Complete Interrogatories   Page 3 of 6
*Elsa Billingham v. SOA/DOT&PF, and Individual Defendants*
3:05-cv-0240 (TMB)

Ms. Billingham then filed her motion requesting additional time to complete interrogatories with the Court on October 23, 2006, without consulting with Defendant's counsel regarding the additional extension request. In her motion, Ms. Billingham requested additional time until December 30, 2006, to complete her interrogatories and responses to interrogatories, indicating that she has taken a job out of town and will be unable to complete her interrogatories and responses at this time. She further noted that she will notify the Court as soon as she is back in town. Ms. Billingham did not provide the Court or Defendant's counsel with information as to how to contact her during the time she is out of town.

Although Defendant is aware of the difficulties faced by a plaintiff proceeding *pro se* in litigation, Ms. Billingham's request for an extension of time to serve and respond to discovery requests is, in essence, a request for complete suspension of this litigation during the period of time in which she is out of town. The parties simply cannot proceed with discovery (or even communicate) during this suspension. Ms. Billingham has not shown good cause for the requested delay because she has not demonstrated why an out-of-town job precludes her from proceeding with litigation.

Moreover, if the requested extension is granted, it appears unlikely that the parties will be able to complete discovery within two months of the current discovery deadline as required by the Court's Order. Ms. Billingham is requesting an extension of time to serve and respond to discovery to December 30, 2006 – a day before the current deadline for <u>completion</u> of all discovery. Although Ms. Billingham has provided

Response to Motion for Additional Time to Complete Interrogatories                           Page 4 of 6
*Elsa Billingham v. SOA/DOT&PF, and Individual Defendants*
3:05-cv-0240 (TMB)

Defendant with responses to its interrogatory requests, she has not responded to its requests for document production or returned or objected to the requested releases. If Ms. Billingham does not provide the requested releases, Defendant anticipates filing a motion with the Court to compel production. Ms. Billingham's authorizations for release of her employment and medical records are necessary for Defendant to obtain those records. Defendant believes that it needs to obtain the documents it seeks through the releases before taking Ms. Billingham's deposition so that it can question her regarding the information revealed by the documents. Moreover, given the nature, scope, and number of the requests in the first eleven sets of discovery requests propounded by Ms. Billingham, the parties may need some time to work out discovery disputes related to Ms. Billingham's discovery requests. As a result, Defendant believes that it is unlikely that the parties will be able to complete discovery within two months of the current discovery deadline if Ms. Billingham's request for an extension is granted.

Accordingly, Defendant objects to Ms. Billingham's request for an extension because it will cause undue delay in proceeding with this litigation. Defendant is concerned that this litigation will proceed in a stop-and-start fashion if Ms. Billingham is allowed to suspend litigation every time she takes a job out of town. If the Court should, however, grant Ms. Billingham's request for an extension, Defendant requests a discovery conference because it believes that the current deadlines listed above will need to be extended by at least three months to allow the parties sufficient time to complete

Response to Motion for Additional Time to Complete Interrogatories    Page 5 of 6
*Elsa Billingham v. SOA/DOT&PF, and Individual Defendants*
3:05-cv-0240 (TMB)

discovery. Defendant submits two alternative orders for the Court's consideration with this motion.

RESPECTFULLY submitted this: 3rd day of November, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: /s/ Brenda B. Page

Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5136 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No. 0303007

### CERTIFICATE OF SERVICE

This is to certify that on November 3, 2006, a true and correct copy of the **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO COMPLETE INTERROGATORIES, ATTACHMENT A, AND ATTACHMENT B (PROPOSED ORDERS)** in this proceeding was served by first class U.S. Mail on the following:

>Elsa Billingham
>P.O. Box 231625
>Anchorage, AK 99523

/s/ Keri Hile
Keri Hile, Law Office Assistant
Attorney General's Office

Response to Motion for Additional Time to Complete Interrogatories                                         Page 6 of 6
*Elsa Billingham v. SOA/DOT&PF, and Individual Defendants*
3:05-cv-0240 (TMB)