# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **ELSA BILLINGHAM,**<br><br>        **Plaintiff,**<br><br>  vs.<br><br>**STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES,**<br><br>        **Defendants.** | Case No. 3:05-cv-0240   TMB<br><br>**O R D E R** |

## CONSENT PROTECTIVE ORDER

The Joint Motion for Protective Order is **GRANTED**.

**IT IS HEREBY ORDERED:**

1. All information and documents produced in discovery by Plaintiff or the State that are designated as "Confidential" are to be treated as confidential and not subject to disclosure except under the conditions set forth below.

2. The information and documents designated as confidential shall be used solely for the purposes of this litigation and for no other purpose.

3. No persons other than the parties, the parties' counsel, consultants, or expert witnesses retained by the parties, shall have access to the documents designated as confidential.

4. Any person granted access herein, other than counsel and the custodian of such documents, shall sign the agreement appended to this order.

5. No copies of these documents may be made except for use as an exhibit to a deposition, motion or at trial.

6. All confidential documents and information filed with the court for any purpose must be conspicuously labeled "CONFIDENTIAL-Sealed by Court Order-For Court use Only." Electronic access to such documents will be limited to the court and parties to the action.

7. The documents filed by the Plaintiff with the Court on May 16, 2006, at Docket [32] in support of her Supplemental Statement of Facts Accident Files of Co-Workers will be sealed and electronic access will be limited to the court and parties to the action.

8. To the extent Plaintiff previously provided the documents filed with the Court on May 16, 2006, to other individuals or agencies, Plaintiff will seek to ensure that those individuals and agencies maintain the confidentiality of the documents and the information about third parties contained herein.

9. Testimony elicited during a deposition or any proceeding that calls for or has resulted in the disclosure of information that is confidential should be treated as a confidential under this protective order.

10. All copies of documents protected under this order shall, at the termination of this litigation, be returned to the State of Alaska.

11. Counsel shall maintain a list of all persons to whom such confidential documents and information have been disclosed and the list shall be available for inspection by the attorneys of record for any other party.

12. This Consent Protective Order is intended to provide a mechanism for handling confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents the parties consider confidential on any grounds including, without limitation, under the confidentiality provision of AS 39.25.080, relevance, work product or privilege.

13. The parties seeking discovery shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to information or documents designated as "Confidential." The party seeking discovery will treat all materials or information designated as "Confidential" in accordance with the requirements of this Order during the pendency of such motion. The parties agree that before seeking any relief from the Court under this paragraph they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 7th day of March, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge