TALIS J. COLBERG
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5135
Fax: (907) 258-4978

Attorney for the State of Alaska, Department
of Transportation and Public Facilities

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALASKA, DEPARTMENT )<br>OF TRANSPORTATION AND PUBLIC )<br>FACILITIES )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-cv-0240 (TMB) |

**MOTION FOR STATUS CONFERENCE**

Defendant, State of Alaska, Department of Transportation and Public Facilities, by and through the Office of the Attorney General, pursuant to Rule 16.1(d) of the Local Rules of the United States District Court for the District of Alaska, requests that the Court schedule a status conference to address whether attorney William S. Labahn continues to represent Plaintiff Elsa Billingham in this matter and to consider new deadlines for the completion of discovery and for filing discovery and dispositive motions.

On March 28, 2007, Defendant filed a notice to the Court indicating that attorney William S. Labahn, who has entered an appearance on behalf of Plaintiff Elsa Billingham, was disbarred from practice in the state of Oregon on March 12, 2007. Defendant concurrently filed a motion for extension of time to complete discovery because of the delay and uncertainty caused by Mr. Labahn's representation of Ms. Billingham. Mr. Labahn has not withdrawn or been suspended from this case and, therefore, remains the attorney of record for Ms. Billingham. It appears that his continued representation of Ms. Billingham is problematic, however, under the Alaska Bar Rules and Rules of Professional Conduct and Defendant seeks a status conference with the Court to determine how to proceed.

When an attorney has been disbarred in another jurisdiction, the Alaska Bar Rules provide a process of reciprocal discipline that takes at least 30 days for resolution. Alaska Bar R. 27. While Mr. Labahn continues at this time to be an active member of the Alaska Bar Association, Alaska Bar Rule 15 prohibits an attorney from "engaging in the practice of law while on inactive status, or while disbarred or suspended from the practice of law for any reason." Alaska Bar R. 15(a)(6). A "disbarred or suspended attorney" means an attorney "who has been disbarred or suspended from the practice of law in any jurisdiction." Alaska Bar R. 15(c)(1)(A). In addition, the Local Rules for the United States District Court of the District of Alaska provide that:

> Whenever it appears to the court than any member of the bar of this court or any non-resident attorney permitted to appear or who has

>applied to appear before this court has been disbarred, suspended from practice, or convicted of a serious crime as defined by the Alaska Bar Rules, or similar authority in a state other than Alaska, the attorney will be immediately suspended from practice before this court.

D. Ak. LR 83.1(g)(1)[A].

The Alaska Rules of Professional Conduct also expressly prohibit the unauthorized practice of law, providing that a lawyer shall not "practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." Alaska R. Prof. Cond. 5.5. Moreover, it is professional misconduct for a lawyer to knowingly assist or induce another to violate or attempt to violate the rules of professional misconduct. Alaska R. Prof. Cond. 8.4(a). As a result, Defendant's counsel appears to be prohibited from interacting with Mr. Labahn as the opposing counsel in this matter if he is engaged in unauthorized practice of law. Therefore, Defendant requests that the Court schedule a status conference so that the issue of Mr. Labahn's representation of Ms. Billingham can be addressed and resolved.

Because of the uncertainty in representation, litigation of this matter has come to a standstill. Therefore, Defendant requests that the Court address the issue of extension of deadlines at the status conference. Although Defendant moved the Court on March 28, 2007, for a 60-day extension of the deadline for completion of discovery, Defendant requests that this issue be addressed at the status conference to determine appropriate deadlines given the continuing delay caused by the representation issue.

Finally, Defendant's counsel will be out of state on personal business from April 26, 2007, until May 4, 2007, and will be unable to attend a status conference during that time. Therefore, Defendant's counsel respectfully requests that the Court schedule a status conference before or after the period of her absence.

Defendant is filing a concurrent motion for shortened time for consideration of scheduling the status conference so that this matter can be resolved expeditiously and the parties can proceed with litigation. Defendant's counsel has not consulted with Mr. Labahn or Ms. Billingham regarding this motion because of the uncertainty in Mr. Labahn's status in this lawsuit, but notes that, on March 22, 2007, Mr. Labahn also requested a status conference.

RESPECTFULLY submitted this 10th day of April, 2007.

TALIS J. COLBERG
ATTORNEY GENERAL

By: /s/ Brenda B. Page

Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5136 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No. 0303007

**CERTIFICATE OF SERVICE**

This is to certify that on April 10, 2007, a true and correct copy of the **DEFENDANT'S MOTION FOR STATUS CONFERENCE AND PROPOSED ORDER** in this proceeding was served by first class U.S. Mail on the following:

>William S. Labahn
>310 "K" Street, Suite 200
>Anchorage, Alaska 99501

Courtesy copy:

>Elsa Billingham
>P.O. Box 231625
>Anchorage, AK 99523

   /s/ Brenda B. Page