*Kevin Dougherty*
ATTORNEY AT LAW
2501 Commercial Drive, Suite 140
Anchorage, Alaska 99501
(907) 276-1640



September 21, 2004

Mr. Dale Johnson
Public Employees Local 71
2510 Arctic Blvd.
Anchorage, AK 99503

Dear Dale:

You have asked me to review the dismissal of Laborer Ms. Elsa Billingham on June 28, 2004 by DOT to determine whether the Labor Agreement was complied with.

## I.
### Progressive Discipline Followed

To begin, Ms. Billingham's disciplinary record indicates that she has been suspended on six occasions:

| | |
|---|---|
| August, 2000 | 3 day suspension |
| September, 2000 | 5 day suspension |
| January, 2001 | 10 day suspension |
| February, 2001 | 12 day suspension |
| August, 2002 | 30 day suspension |
| May 12, 2003 | 30 day suspension |

Exh. C, Att. 1
Page 1 of 4
PEU 0132

Such a lengthy record of disciplinary action indicates that this employee has a long history of unacceptable performance including the following:

A.) Safety infractions (stop sign incident, glass broken by equipment misuse, failure to follow safety instructions).

B.) Failure to follow directions

C.) Substandard work performance

D.) Intentionally destroying a foreman's document

This record of discipline demonstrates that the Employer has certainly followed the progressive discipline principle of labor relations, and thus would provide the foundations for the dismissal imposed in June, 2004.

## 2.
## Employee Was On Last Chance Agreement

Secondly, as the attached <u>Letter of Dispute Resolution</u> executed in June, 2003 indicates, Ms. Billingham was retained under a "Last Chance Agreement" arising from her May, 2003 disciplinary suspension. Under the terms of that resolution, Elsa was expressly notified that she would be dismissed if 1). her performance did not reach mid-acceptable or higher after one year as a WG 58 or, 2). one more act of unacceptable behavior occurred.

### 3.
### Numerous Instances of Substandard Performance

Unfortunately, there are numerous occasions recorded in the disciplinary file which 1). document unacceptable and low-acceptable evaluations (see the attached June 28, 2004 Performance Evaluation which records 5 months at "unacceptable" and 3 months at "low-acceptable" in her progress reports), and 2). acts of unacceptable behavior (damage to the irrigation lines, vehicle inspection failure concerning brake light, failure to complete work, chain of command conflicts, unauthorized leave complaints and co-worker conflicts).[1] Therefore, the Employer had a strong basis to terminate this employee. It should also be noted that Ms. Billingham's refusal to accept feedback, as noted in the November 18, 2003 memorandum further underscores the Employer's right to terminate.

### 4.
### No disparate Treatment Apparent

Finally, it should be noted that no evidence of disparate treatment against Ms. Billingham arises from this file to indicate discrimination in this dismissal. Other male DOT employees have also been subject to "Last Chance Agreements" following substandard job performance. [See the files on DOT employees John S_____ and

---

[1] Although there seems to be substantial evidence that a mower was improperly operated which differs from Ms. Billingham's information, this incident can be set aside as unsettled given the number of other problems which permit dismissal.

Gerald S_____.] Instead, it appears that the discipline arises from a number of reports of Ms. Billingham's unsatisfactory performance from several sources. Thus the dismissal is based on performance with no evidence of disparate treatment on the basis of sex.

### Conclusion

The Employer had grounds to dismiss this employee based on 1). progressive discipline principles, 2). the last chance agreement and 3). unacceptable work performance documented in numerous ways in the June, 2003 to June, 2004 period. Therefore, I must strongly advise that the grievance be withdrawn.

Sincerely,

Kevin Dougherty
General Counsel for
Public Employees Local 71

Enc.

KD/th
092004.ElsaB

*Kevin Dougherty*
ATTORNEY AT LAW
2501 Commercial Drive, Suite 140
Anchorage, Alaska 99501
(907) 276-1640

EXHIBIT
2
K. Dougherty

December 6, 2004

Ms. Elsa Billingham
P.O. Box 231625
Anchorage, AK 99523

Dear Ms. Billingham:

As the General Counsel for Local 71, I have been asked to respond to your letter dated November 11, 2004.

Please note that my letter dated September 21, 2004 reviewed the Employer's just cause for the dismissal based on the 1) **six previous disciplinary suspensions** which led to the Last Chance Agreement, 2) failure to reach a mid-acceptable level in the State evaluations based on the **"5 months of unacceptable and 3 months at low-acceptable"** evaluations.[1]

---

[1] The Last Chance Agreement permits dismissal for either a) failing to reach a "mid-acceptable evaluation" or b) "one more act of unacceptable behavior". Here, Ms. Billingham's substandard evaluations were too numerous and severe to provide any reasonable basis to challenge the Employer's dismissal. Several of these evaluations were not disputed.

EB 0247

Exh. C, Att. 2
Page 1 of 2

Ms. Elsa Billingham
Page 2

Here the Union thoroughly reviewed your case file, including interviewing co-workers and superiors. Given the clear findings that the Employer had reasonable grounds to terminate Local 71 properly determined that the grievance lacked sufficient merits to proceed to arbitration.

Finally to answer your additional questions:

- The Alaska Supreme Court Kollodge v. State 757 P2d at 1034 decision recognizes the union's discretion not to arbitrate grievances with weak merits.

- A.S. 23.40.210 provides for an arbitration process but does not dictate which cases should be arbitrated. See Kollodge v. State cited above.

- Regarding your due process question, please note that the Employer did hold a Pre-Termination hearing. This meeting was held prior to your termination in June 2004 with DOT Superintendent Dan Hartman and your DOT Supervisors along with Local 71's Dale Johnson and Elsa Billingham.

As the attorney for Local 71, I cannot offer you legal advice. Therefore, I suggest your consult an attorney if you need legal advice.

Sincerely,

Kevin Dougherty

KD:th
120504 ElsaBillingham

cc: Dale Johnson

EB 0248   Exh. C, Att. 2
Page 2 of 2