# ALASKA STATE COMMISSION FOR HUMAN RIGHTS

*COMPLAINT OF DISCRIMINATION*  *ASCHR NO.* C-02-269

| | |
|---|---|
| **COMPLAINANT:** | Elsa Billingham |
| **ADDRESS:** | P.O. Box 231625, Anchorage, Alaska 99523 |
| **TELEPHONE:** | 332-3791 |

| | |
|---|---|
| **RESPONDENT:** | State of Alaska, Department of Transportation and Public Facilities, Ted Stevens International Airport |
| **ADDRESS:** | 4100 Aircraft Drive, Anchorage, Alaska 99517 |
| **TELEPHONE:** | 266-2429 |

I would also like this complaint filed with EEOC
*DATE OF MOST RECENT OR CONTINUING DISCRIMINATION:* **August 4, 2002** and continuing
*RESPONDENT EMPLOYS:* 20 or more

Respondent has employed me for eight years as an equipment operator, wage grade 56. During my employment, I have been denied training that would permit me to qualify for testing for promotion to equipment operator wage grade 54. I have complained to respondent that I was denied training because of my sex. Respondent has regularly assigned work to younger males that permits them to work and to be paid at grade 54 and above, but does not provide upgrades to me on a regular basis. On August 4, 2002 respondent placed me on 30-day suspension after the mower I was using overheated.

I allege that respondent has discriminated against me on the basis of my sex, female and age, 52, and retaliated against me for opposing sex discrimination in violation of AS 18.80.220, the Age Discrimination in Employment Act of 1967, as amended, and Title VII of the Civil Rights Act of 1964, as amended, for the following reasons:

1. During my employment, I have repeatedly requested training on equipment, which would qualify me to test for openings for grade 54 operators. Respondent has denied training to me but has provided that training to male operators. I applied to test for open grade 54 positions, and I learned on July 1 and July 16, 2002 that those positions had been awarded to younger males.
2. Respondent regularly assigns work to younger males, which allows them to work and to be paid at grade 54, and to obtain experience on equipment used by grade 54 employees. Respondent does not provide upgrades to me on a regular basis.
3. I have repeatedly complained to respondent that I believed that I was denied training and experience on the equipment because of my sex. In 1996 I participated in an investigation of a sex discrimination complaint against respondent.
4. On August 4, 2002, I was suspended for failing to follow instructions after the mower I was using overheated. I believe that I was suspended because I am female, 52 years old, and I had opposed sex discrimination.

I pledge to inform the Human Rights Commission and any other agency listed above of any change in my address or telephone number and will cooperate fully with them in the proceeding of this complaint.

I swear or affirm that I have read the above complaint and that it is true to the best of my knowledge, information and belief.

_____  8/9/02
SIGNATURE OF COMPLAINANT    DATE
Subscribed and sworn to me this 9th day of August
20 02 at Anchorage, AK

_____
SIGNATURE OF NOTARY PUBLIC or POSTMASTER
My commission expires July 6, 2003

If no notary public is available, please certify below:

A notary public or other official empowered to administer oaths is not available. Therefore, I swear and certify under penalty of perjury that the above complaint is true to the best of my knowledge, information and belief

_____
SIGNATURE OF COMPLAINANT    DATE

_____
PLACE (City, Town, or Village and State)

Exh. I Page 1 of 1

FEB-03-2004 TUE 03:35 PM ●●VA  FAX NO. ●●0250  P. 05/05

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>380-2004-00472 |

Alaska State Commission For Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Elsa Billingham | (907) 332-3791 | 11-28-1949 |

Street Address: P O Box 231625, Anchorage, AK 99523

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STATE OF ALASKA - TRANSPORTATION | 500 or More | |

Street Address: Airfield Maintenance, 4100 Aircraft Dr., Anchorage, AK 99517

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-10-2003    Latest: 01-12-2004
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Since 1994 I have been employed by the State of Alaska's Department of Transportation and Public Utilities. Throughout that time I have worked as an equipment operator at the Anchorage airport. I am a 54 year old woman, and I have filed an earlier charge concerning employment discrimination against me by my employer. This charge, 38A-2002-00285, is still under investigation.

Since my filing of that charge in August of 2002 I believe that I have continued to be discriminated against because of my age and sex. I now believe that I am also being retaliated against because of my earlier charge of illegal discrimination. These actions are violations of Title VII of the Civil Rights Act of 1964, as amended, and of the Age Discrimination in Employment Act.

Throughout 2003, and continuing to the present, there have been many occasions when I am not allowed to gain training and experience in operating various pieces of equipment in use at my workplace, while younger less senior males are given these opportunities. I have also been disciplined more harshly than younger male workers for any errors or accidents on the job. In June 2003 I was suspended and then demoted to a lower pay classification. Male co-workers with similar errors or accidents have not been disciplined. Because of these acts of discrimination I continue to suffer harm both in my current earnings and conditions of work, and in my future opportunities for promotion and advancement.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 1/28/04    *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements
Commission Expires 09/05/07

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 01/23/04

[NOTARY PUBLIC SEAL - DEBORAH E. MILLER, STATE OF ALASKA]

Exh. J
Page 1 of 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>380-2004-03898 |
|---|---|---|

Alaska State Commission For Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>**Ms. Elsa Billingham** | Home Phone No. (Incl Area Code)<br>**(907) 332-3791** | Date of Birth<br>**11-28-1949** |
|---|---|---|
| Street Address<br>**P O Box 231625  Anchorage, AK 99523** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**ALASKA STATE TRANSPORTATION DEPT** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(907) 266-2429**<br>266-2427<br>266-2425 |
|---|---|---|
| Street Address<br>**4100 Aircraft Drive, Anchorage, AK 99517** | | |
| Name<br>PUBLIC EMPLOYEES LOCAL 71 | No. Employees, Members | Phone No. (Include Area Code)<br>(907) 276-7211 |
| Street Address<br>2510 ARCTIC BLVD ANC AK 99503-2516 | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☒ OTHER (Specify below.) HARASSMENT

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-28-2004   Latest: 06-28-2004
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I filed charge 380-2004-00472 with the EEOC, which closed this case with a dismissal in July 2004. I believe that because of my sex, Female, and then age, 54, and in retaliation for filing this EEOC Charge, the employer terminated my employment on June 28, 2004.

I believe that the employer's action is in violation of Title VII of the 1964 Civil Rights Act, as amended.

I have been blacklisted by the Dept of Transportation and Public Employees Local 71. I can no longer work for the Dept of Transportation. I have not been allowed a hearing where I could present my case and witnesses.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

DEC 30 2004  /s/ E Billingham
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
DEC 30 2004

12/30/04
Commission Expires September 12, 2007

Exh. K
Page 1 of 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, and individual defendants, MORT PLUMB, JR., DAVE EBERLE, DAN HARTMAN, FRED KLOUDA, DOUG HUNTER and BRUCE JOKELA,<br><br>　　　　　Defendants. | Case No. 3:05-cv-0240-TMB<br><br>O R D E R |

## INTRODUCTION

Several matters are before the Court in this employment discrimination case. Defendants move to dismiss Plaintiff Elsa Billingham's claims regarding incidents that occurred before Billingham's employment was terminated as time-barred. Defendants also seek dismissal of Billingham's claims against individually named Defendants. Docket Nos. 17 (Mot.); 21 (Opp'n); 20 (Reply).[1] On March 7, 2006, the Court granted Billingham's motion for leave to file a second amended complaint. Docket No. 19. While the Court received a notice of response to the second amended complaint from Defendants, docket no. 23, the second amended complaint was not filed. The proposed second amended complaint that was attached to the motion for leave to file was,

---

[1] Billingham served the opposition on Defendants on March 15, 2006, but did not file it with the Court until March 24, 2006, which accounts for why the reply to the opposition was filed prior to the opposition.

1

Exh. L
Page 1 of 6

therefore, entered for Billingham at docket no. 29. Billingham, proceeding pro se, has filed several other documents. On March 29, 2006, Billingham filed a motion for an extension of time to oppose the motion to dismiss. Docket No. 22. However, Billingham filed an opposition to the motion to dismiss on March 24, 2006. Billingham has also filed a motion for leave to file a proposed order and other documentation in support of her opposition to the motion to dismiss. Docket No. 24. On April 21, 2006, Billingham filed a new, more substantive opposition to the motion to dismiss, as well as a revised statement of facts. Docket Nos. 25; 26.[2] In response, Defendants filed a motion for leave to file a supplemental reply memorandum. Docket No. 27.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to bringing this lawsuit, Billingham filed multiple complaints with the Equal Employment Opportunity Commission ("EEOC"), and the Alaska State Commission for Human Rights ("ASCHR").[3] The first was filed both with the EEOC and ASCHR in August, 2002. In this complaint, Billingham alleged that during her eight years of employment with the Department of Transportation and Public Facilities she was denied advancement opportunities based on her age and sex. Docket No. 17, Ex. A. ASCHR issued its decision on the claim on June 18, 2004. ASCHR concluded that Billingham's allegations were not supported by substantial evidence, and it closed the case. *Id.*, Ex. B. The EEOC adopted ASCHR's conclusions, and issued a notice of right to sue on July 7, 2004. *Id.*, Ex. C.

On January 30, 2004, Billingham filed her second discrimination charge with ASCHR and the EEOC. *Id.*, Ex. D. This charge covered conduct between January 10, 2003, to January 12, 2004. In this filing, Billingham alleged that she was being subjected to ongoing discrimination, as

---

[2] The Court is sensitive to the difficulties a non-lawyer faces in navigating the court system. However, it is important that Billingham follow the Federal Rules of Civil Procedure, as well as the Local Rules for the District of Alaska. In particular, the Court directs Billingham to Local Rule 7.1, which sets out basic rules for motion practice.

[3] Administrative agency decisions may be considered in a 12(b)(6) motion without converting it to a summary judgment motion. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

ORDER

well as retaliation for filing the earlier complaint. The EEOC investigated this complaint, and determined on April 22, 2004, that it was "unable to conclude that the information obtained establishe[d] violations." *Id.*, Ex. E. The EEOC simultaneously issued a notice of right to sue. ASCHR reviewed the EEOC's determination, and adopted it on November 2, 2004. *Id.*, Ex. F.

Billingham filed her third complaint with ASCHR and the EEOC on December 30, 2004. There, Billingham alleged that she was fired in retaliation for her prior complaints, and that she was unable to find other employment with the Department of Transportation because she had been blacklisted by the Department and her union. *Id.*, Ex. G. The EEOC investigated, and closed its file, concluding that the information did not establish statutory violations. *Id.*, Ex. H. As to this claim, the EEOC issued its notice of right to sue on July 18, 2005.

Billingham filed this case on October 11, 2005. She has since filed several amended complaints. In the second amended complaint, filed as an exhibit to the motion for leave to file the second amended complaint, Billingham alleges three counts under Title VII and AS 18.80.220. In Count I she alleges discrimination based on being passed over for promotions, a lack of response from supervisors when she reported inappropriate conduct by co-workers, and inappropriate conduct by the supervisors themselves. In Count II Billingham alleges wrongful termination following an accident she had on the job and after she testified in an unrelated age discrimination suit. In Count III Billingham alleges retaliation, claiming she was "blacklisted" from further employment with the Department of Transportation. Defendants argue that Billingham's claims about conduct she complained of in her first two ASCHR and EEOC complaints are barred because she did not institute suit within the ninety days allowed by the notice of right to sue. Defendants also argue that Billingham's claims against individual defendants should be dismissed.

## DISCUSSION

A complaint will not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). For purposes of a motion to dismiss, all material allegations in the complaint will be taken as true and

ORDER

construed in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *SmileCare*, 88 F.3d at 782–83.

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Even where recovery is unlikely based on the pleadings, a plaintiff may still offer evidence in support of the complaint. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

**I.   Notice of Right to Sue**

Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 provides that within ninety days of the issuance of a notice of right to sue from the EEOC, "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The ninety-day time limit constitutes a statute of limitations. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990). A claim filed after the ninety days has expired is, therefore, time-barred.

Here, it is plain that Billingham failed to file suit within ninety days of either the first or second EEOC/ASCHR claims. The first notice of right to sue was issued on July 7, 2004. The second was issued on April 22, 2004. This suit was instituted on October 11, 2005, over one year after the later dated notice of right to sue was issued. The claims brought in the first two EEOC/ASCHR complaints, therefore, are time-barred and will be dismissed. Billingham's suit was instituted within the ninety-day period for the third complaint. The retaliation and wrongful termination claims are, therefore, timely.

**II.   Individually Named Defendants**

Pursuant to AS 18.80.220, it is unlawful for "an employer to refuse employment to a person, or to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's race, religion, color, or national origin." *See* AS 18.80.220(a)(1). The Alaska Supreme Court has stated that the Alaska Human Rights Act, codified in AS 18.80.220, "mirrors Title VII of the Federal Civil Rights Act of 1964" in barring discrimination and that courts should "look to decisions under Title VII in interpreting

ORDER

Alaska's anti-discrimination laws." *See ERA Aviation v. Lindfors*, 17 P.3d 40, 43 (Alaska 2000). However the Alaska statute is "intended to be more broadly interpreted than federal law to further the goal of eradicating discrimination." *Miller v. Safeway, Inc.*, 102 P.3d 282, 290 (Alaska 2004).

The Ninth Circuit has held that "[t]he liability schemes under Title VII . . . limit civil liability to the employer." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Because individual liability cannot be imposed on employees, inasmuch as Billingham's complaint asserts Title VII claims against individual employees of the Department of Transportation and Public Facilities, the claims must be dismissed.

Whether Billingham can bring claims against individual employees under AS 18.80.220 appears to be an unanswered question of Alaska statutory interpretation. Were Billingham represented by counsel, the Court might exercise its discretion to retain these claims, with an eye toward certifying novel issues of state law to the Alaska Supreme Court. However, in light of Billingham's pro se status, it is highly unlikely that the Supreme Court would accept certification. Therefore, to the extent that Billingham's complaint states claims against individual employees under AS 18.80.220, those claims will be dismissed. Billingham should understand that this dismissal is without prejudice to bringing the claims in state court.

### III.  Remaining Claims

Billingham's complaint also alleges that her employer breached the covenant of good faith and fair dealing implied in her employment contract. Actions based on the covenant of good faith and fair dealing in employment contracts sound in contract. *Municipality of Anchorage v. Gentile*, 922 P.2d 248, 260 (Alaska 1996). The statute of limitations for contract actions is three years. *See* AS 09.10.053. It is not clear from the complaint what actions Billingham alleges violated the covenant, and consequently it is not possible to determine whether this claim is timely. This claim will therefore not be dismissed.[4]

---

[4] Defendants also argue that to the extent Billingham raises sexual harassment claims, they should be dismissed as untimely. Although Billingham's complaint is peppered with the term 'sexual harassment,' by the Court's reading she uses the term to describe discrimination based on sex. The Court therefore does not reach this section of Defendants' motion.

ORDER

**IT IS THEREFORE ORDERED:**

Defendants' motion to dismiss at **Docket No. 17** is **GRANTED IN PART**. Billingham's claims that were raised in EEOC 38A-2002-00285 and EEOC 380-2004-00472 are dismissed as untimely. Billingham's claims based upon Title VII against individual defendants are dismissed. Billingham's claims against individual defendants based on AS 18.80.220 are dismissed without prejudice to their refiling in state court. Because there are not other claims against the individual Defendants, they will be dismissed from this lawsuit. Billingham's motion for an extension of time at **Docket No. 22** is **DENIED AS MOOT**. Billingham's motion for leave to file additional documentation at **Docket No. 24** is **DENIED AS MOOT**. Defendants' motion for leave to file a supplemental reply at **Docket No. 27** is also **DENIED AS MOOT**.

Dated at Anchorage, Alaska, this _15_ day of May 2006.

/s/ Timothy M. Burgess
**TIMOTHY M. BURGESS**
United States District Judge

ORDER

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

ELSA BILLINGHAM, )
)
Plaintiff, )
)
v. )
)
STATE OF ALASKA, DEPARTMENT )
OF TRANSPORTATION AND PUBLIC )
FACILITIES, )
)
Defendant. )
_____ )  Case No. 3:05-cv-0240 (TMB)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUESTS FOR ADMISSION**

Defendant, State of Alaska, Department of Transportation and Public Facilities, by and through the Office of the Attorney General, objects and responds to Plaintiff Elsa Billingham's Requests for Admissions as follows:

**General Objection:**

Defendant objects to the Requests for Admission propounded by Ms. Billingham because the form of the requests are improper. Some of the requests are presented as questions, while most are statements with question marks at the end. Subject to and without waiving this objection, Defendant will respond to Ms. Billingham's requests to the best of its ability as if the requests were in a proper statement form.

Defendant also objects to the Requests for Admission regarding the genuineness of documents because the attached documents have been altered to include exhibit numbers, from this lawsuit or other forums in which Ms. Billingham

**Response:** Defendant objects to Request for Admission No. 23 because it is vague and ambiguous, overly broad, unduly burdensome, and is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Request for Admission No. 23 because discovery of this information can be better obtained through the scheduled deposition of Mr. Eberle.

**Request for Admission No. 24:** Please admit or deny: Pat Whitrock had E-mailed Joe Owens and told him to write a letter to Billingham to terminate her employment, when Billingham had been on the job for only three day's.

**Response:** Defendant objects to Request for Admission No. 24 because it is vague and ambiguous, overly broad and unduly burdensome and is duplicative of previous discovery requests propounded by Ms. Billingham. Defendant further objects to Request for Admission No. 24 because discovery of this information can be better obtained through the scheduled deposition of Mr. Wittrock. Subject to and without waiving its objections, Defendant admits that Joe Owens recalls that he was contacted by telephone by either Pat Wittrock or an individual with the State's Division of Personnel in August 2004 and was informed that Ms. Billingham was ineligible for employment with the State of Alaska, Department of Transportation and Public Facilities ("DOT/PF").

**Request for Admission No. 25:** Please admit or deny: Joe Owens, told Billingham that her termination had nothing to do with him Or his department.?

**Response:** Defendant denies Request for Admission No. 25 as written. Defendant admits that Joe Owens informed Ms. Billingham that her release from

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

employment as a non-permanent Engineering Technician WG59 at the TSAIA Project Office was not related to her performance on the project Mr. Owens had assigned to her.

**Request for Admission No. 26:** Please admit or deny: Joe Owens told Billingham that he had received an E-mail from Pat Whitrock Terminating her employment with the State of Alaska as an engineering Tech. wg. Gd. 59.

**Response:** Defendant denies Request for Admission No. 26 as written. Defendant admits that Joe Owens informed Ms. Billingham that he had been informed that she was ineligible for employment with DOT/PF.

**Request for Admission No. 27:** Please admit or deny: Mort Plumb Jr. had authorized Billingham's termination from her State Employment.

**Response:** Defendant objects to Request for Admission No. 27 because it is vague and ambiguous. Subject to and without waiving its objections, Defendant admits that Mort Plumb Jr. gave approval to Mr. Hartman's decision to terminate Ms. Billingham's employment at Airfield Maintenance.

**Request for Admission No. 28:** Plead admit or deny: Joe Owen's told Billingham that her termination from employment had to do With her past employment with the State of Alaska?

**Response:** Defendant objects to Request for Admission No. 28 because it is vague and ambiguous. Subject to and without waiving its objections, Defendant admits that Joe Owens informed Ms. Billingham that the termination of her

employment from the non-permanent Engineering Technician WG 59 position had to do with her past employment with the State of Alaska.

**Request for Admission No. 29:** Please admit or deny: Charlotte Withers had been involved in Billingham's termination from State Employment, when Billingham was employed as an engineering –tech wg. Gd. 59.

**Response:** Defendant objects to Request for Admission No. 29 because it is vague and ambiguous. Subject to and without waiving its objections, Defendant admits that Charlotte Mushat (then Withers) sent e-mail correspondence to Tracy Newbill at Public Employees Local 71 on August 30, 2004, requesting that Ms. Billingham not be referred to the DOT/PF again for employment consideration due to Ms. Billingham's termination from employment at Airfield Maintenance.

**Request for Admission No. 30:** Please admit or deny: Billingham is the victim or retaliation by the State of Alaska, DOT/PF.?

**Response:** Denied.

**Request for Admission No. 31:** Please admit or deny: Andrew Tyler was involved in the discrimination investigation held by The State of Alaska, Department of Transportation, PF., in Anchorage, Alaska?

**Response:** Defendant objects to Request for Admission No. 31 because it is vague and ambiguous. Defendant is not aware of an individual named "Andrew Tyler" related to this matter. Subject to and without waiving its objections, Defendant admits that Tyler Andrews, a former employee of the State's Division of Personnel, has conducted discrimination investigations involving the State of Alaska.

**Request for Admission No. 89:** Please admit or deny: This is a true and accurate copy of a state document?

**Response:** Defendant denies Request for Admission No. 89 because portions of the document identified as Exhibit No. 89 are not legible due to darkness of the printed copy.

**Request for Admission No. 90:** Please admit or deny: This is a true and accurate copy of a state document?

**Response:** Defendant admits that the document identified as Exhibit No. 90 appears to be a true and accurate copy of a document in Defendant's possession.

DATED this 5th day of October, 2007 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: /s/ Brenda B. Page
Brenda B. Page
Assistant Attorney General
Alaska Bar No. 0303007
Attorney for the Defendants

**CERTIFICATE OF SERVICE**

This is to certify that on this date, a true and correct copy of the foregoing document in this proceeding was mailed to the following:

Elsa Billingham
P.O. Box 231625
Anchorage, AK 99523

/s/ Sheri Lopez   10-5-07
Signature        Date

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100