Case 3:05-cv-00240 (TMB)

ELSA BILLINGHAM
PO. BOX 231625
Anchorage Alaska 99523
(907) 332-3791

IN THE DISTRICT COURT FOR THE UNITED STATES

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALASKA, DEPARTMENT )<br>OF TRANSPORTATION AND PUBLIC )<br>FACILITIES. )<br>)<br>Defendant. ) | Case No. 3:05-cv-0240 |

RECEIVED
NOV 26 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT

Pro-Se Plaintiff Elsa Billingham is in Opposition to the State of Alaska, Department of Transportation And Public Facilities ("DOT/PF"), motion for Summary Judgment.

1. INTRODUCTION

This case concerns Plaintiff Billingham's termination from employment at Airfield Maintenance at Ted Stevens Anchorage International Airport. Billingham initially filed an expansive complaint against DOT/PF and numerous individual defendants in this lawsuit. The Court has previously dismissed most of Her claims, however, Ms. Billingham's only remaining claims are: (1) that her termination from DOT/PF In June 2004 was retaliatory and discriminatory based on her sex and age; and (2) that DOT/PF Management retaliated against her after her termination by "blacklisting" her from employment in finding Her ineligible for rehire. See defendant's deposition transcript "Newbill Dep. Exh. F.

Opposition for Summary Judgment
Elsa Billingham v. SOA/DOT&PF
3:05-cv-0240(TMB)

Case 3:05-cv-00240 (TMB)

Ms. Billingham's claims should not be dismissed because :

Ms. Billingham was performing according to her employer's legitimate expectations.

Employees with a similar discipline and performance history similar to Ms. Billinham's were Treated more favorably;

Ms. Billingham has provided extensive evidence that her termination was merely a pretext for Discrimination or retaliation;

DOT/PF has not acted in good faith an in accordance with the terms of the applicable Collective Bar-Gaining Agreement and supplementary Last Chance Agreement in terminating Ms. Billingham's Employment;

Ms. Billingham is ineligible for rehire at DOT/PF because she was terminated for filing with the EEOC, and the ASHRC, for engaging in protective activity, and for testimony ,in formal and informal Protected activity. Also for testimony at an age discrimination hearing for an electrician who had filed With the EEOC.

For all of these reasons, Ms. Billingham respectfully requests that the Court grant its motion for summary Judgment in her favor and do not dismiss Billingham's remaining claims.

11.  STATEMENT OF THE FACTS

A. Billingham had worked in "non-traditional", work for the past twenty seven years. As evidenced By the union printouts from Teamsters 959, Operating Engineers 302, and Local 341 laborers unions. Billingham has also worked non-union , in non-traditional work, in the field. Billingham has approximately 8,000 hrs. of successfully performed performance and hard work as is evidenced by some of the union documents. Billingham does not have documents to show for her work on non-union jobs ,but has approximately 2,000 Hours, of hard work in the construction industry, in the field. Billingham has a

Case 3:05-cv-00240 (TMB)

Class A CDL with all endorsements and also has a chauffeurs license., and a 40-hour hazardous materials

Certification, also a forklift certification. Billingham has training certificates from several Unions see exhibits.

Ms. Billingham recalls that:

She was terminated in 1981 for "borrowing" a pickup on the North Slope. This activity Was common practice at that time and many people "borrowed" pick-ups occasionally. Pick-ups are left idling on a continuous basis. This practice is still in effect but not so Much as it was at that time. Billingham was not terminated for performance problems. Billingham no longer works as a surveyor, and no longer "borrows" pick-ups on the North Slope. This happened so long ago, this should not be taken into consideration.

Billingham was terminated from NorthWestern Construction after being involved in an Accident in 1981. Billingham was an inexperienced truck driver, but was rehired by This same company on several occasions. This happened so long ago that this should not Be taken into consideration. Refer to exhibit         dispatch records.

Billingham was discharged from Kiewit in 1983 because she took a position operating a loader. Billingham was not qualified for this position and should not have taken the dispatch.

Billingham was discharged from a surveying position with Alpha Tech. Inc. in 1983 because she had made a mistake. Billingham no longer works as a surveyor. This should not be taken into Consideration this happened many years ago, and should be dismissed from this complaint.

Billingham was illegitimately discharged from Enserch Ak. Construction in 1989, when she drove a 35-Ton 3308 Terex end-dump that had developed a radiator leak. Billingham did not cause the leak. The truck had been inspected and pre-tripped by an oiler prior to Billingham operating the truck. Billingham discovered water under the truck and immediately drove over to the shop. A mechanic Named Carol EB inspected the truck. There were two witnesses. Debbie Larsh and an operator named Dennis. The mechanic authorized Billingham to drive the truck. Billingham watched the temperature Gage and drove the truck. Billingham did not cause the radiator leak and the truck did not overheat. Men do not get fired over radiator leaks. Billingham filed with the EEOC and filed a complaint in State Court. This incident should not be taken into consideration as this occurred over eighteen years Ago.

Billingham was discharged from a water truck driver position with Eastwind in 1994. Billingham Believes that the rear-end may have gone out. Billingham does not believe she caused this.

B. BILLINGHAM WAS GIVEN ENTRY LEVEL WORK ASSIGNMENTS, THE MORE ARDUOUS AND DIRTIER WORK ASSIGNMENTS. THE MEN WERE GIVEN THE CLEANER AND MORE PRESTIGEOUS WORK ASSIGNMENTS.

Billingham was hired in May of 1994 as a laborer. The job paid approximately $13.00 an hour.

So was Erik Seibels and Dean Powell. Erik Seibel Billingham was 44 years old at the time. Erik Seibels

Was approximately 22 years old and Dean Powell was approximately the same age as Billingham.

Opposition for Summary Judgment
Elsa Billingham v. SOA/DOT&PF
3:05-cv-0240(TMB)