TALIS J. COLBERG
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5135
Fax: (907) 258-4978

Attorney for the State of Alaska, Department
of Transportation and Public Facilities

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM,  )<br>  )<br>           Plaintiff,  )<br>  )<br> v.  )<br>  )<br>STATE OF ALASKA, DEPARTMENT  )<br>OF TRANSPORTATION AND PUBLIC  )<br>FACILITIES  )<br>  )<br>           Defendant.  )<br>_____ ) | Case No. 3:05-CV-0240 (TMB) |

**AFFIDAVIT OF BRENDA B. PAGE**

UNITED STATES DISTRICT COURT  )
                                                        ) ss.
DISTRICT OF ALASKA                        )

I, Brenda B. Page, state after being duly sworn and based upon my personal knowledge that:

1. I am an Assistant Attorney General in the Civil Division of the Department of Law assigned to represent the Defendant in the above captioned lawsuit.

Affidavit of Brenda B. Page                                          Page 1 of 3
*Elsa Billingham v. SOA,DOT&PF*
3:05-cv-0240 (TMB)

**Exh. 2
Page 1 of 11**

2. Defendant filed excerpts from deposition transcripts in support of its motion for summary judgment in this matter in accordance with Local Rule 7.1(a)(3)[B] of the Local Rules for the United States District Court for the District of Alaska. The transcript excerpts were from depositions of Plaintiff Elsa Billingham, Jim Ashton, William Meers, Kevin Dougherty, Dale Johnson, and Tracy Newbill.

3. Plaintiff Elsa Billingham was deposed on September 25, 2007. She elected to read and sign her deposition transcript and, on November 27, 2007, submitted a certification that she accepted the transcript copy as true and correct. I received a copy of that certification from Kathy Novak, the court reporter for the deposition, on November 29, 2007. I am attaching a true and accurate copy of the certification, with an attached document from Ms. Billingham, as I received it from Kathy Novak. Ms. Billingham did not make any changes to the relevant excerpted portions of her deposition.

4. In addition, I am attaching the Reporter's Certificates from the condensed deposition transcripts of Jim Ashton, William Meers, Kevin Dougherty, Dale Johnson and Tracy Newbill showing that these deponents waived signature of the deposition transcripts.

Affidavit of Brenda B. Page
*Elsa Billingham v. SOA,DOT&PF*
3:05-cv-0240 (TMB)

Page 2 of 3

Exh. 2
Page 2 of 11

5. The original sealed deposition transcripts are available to be filed with the Court if the Court so requests.

Further this affiant sayeth naught.

_____
Brenda B. Page

SUBSCRIBED AND SWORN TO before me this 30th day of November, 2007, at Anchorage, Alaska.



_____
Notary Public in and for the State of Alaska
My Commission Expires: with office

Affidavit of Brenda B. Page
*Elsa Billingham v. SOA, DOT&PF*
3:05-cv-0240 (TMB)

Page 3 of 3

Exh. 2
Page 3 of 11

Elsa Billingham  
September 25, 2007

Billingham v. State of Alaska, DOT/PF  
Case No. 3:05-cv-0240 (TMB)

Page 288

1  WITNESS CERTIFICATE  
    BILLINGHAM VS. STATE OF ALASKA  
2   ELSA BILLINGHAM - SEPTEMBER 25, 2007  
       CASE NO. 3:05-cv-0240 (TMB)  
3  
   I hereby certify that I have read the foregoing  
4  deposition and accept it as true and correct, with  
   the following exceptions:  
5  
   ================================================  
6  Page    Line    Description/Reason for Changes  
   ================================================  
7  ____    ____    _____  

8  ____    ____    _____  

9  ____    ____    _____  

10 ____    ____    _____  

11 ____    ____    _____  

12 ____    ____    _____  

13 ____    ____    _____  

14 ____    ____    _____  

15 ____    ____    _____  

16 ____    ____    _____  

17 ____    ____    _____  

18 ____    ____    _____  

19 ____    ____    _____  

20 ____    ____    _____  

21 11-27-2007        E. B[signature]  
   Date Read        Witness Signature  
22  
   (Use additional paper to note corrections as needed,  
23  dating and signing each one.)          (KN)  

24  

25  

Summit Court Reporting, LLC  
907/264-6776

Exh. 2  
Page 4 of 11

ELSA BILLINGHAM
P.O. BOX 231625
ANCHORAGE ALASKA 99523
(907) 332-3791

This document is to be added as a supplement to the affadavit of Elsa Billinghmam that was taken

On September 25, 2007.

1. 1973 and 1974: Elsa Billingham attended the University of New Mexico in Albuquerque, New Mexico. Billingham is not exactly sure which year she attended college, but attended On a part-time basis only.

2. 1987, Elsa Billingham was arrested on a DUI in Wasilla Alaska. Billingham was not convicted Of a DUI, but in the same incident, Billingham was convicted of resisting arrest. Billingham Deny's resisting arrest, and willingly went with the State Trooper to Palmer Alaska where she Willingly blew an alcohol test.

11-27-2007    *[signature: E Brimm]*

Case 3:05-cv-00240-TMB   Document 97-3   Filed 11/30/2007   Page 6 of 11

Elsa Billingham
September 25, 2007

Billingham v. State of Alaska, DOT/PF
Case No. 3:05-cv-0240 (TMB)

Page 287

1   REPORTER'S CERTIFICATE

2

3

4            I, KATHERINE L. NOVAK, RPR, Registered

5   Professional Reporter, hereby certify:

6            That I am a Court Reporter and Notary

7   Public for the State of Alaska; that the deponent

8   was duly sworn; that the foregoing proceedings were

9   taken by me in Stenotype Shorthand and thereafter

10  transcribed by me; that the transcript constitutes a

11  full, true and correct record of said proceedings

12  taken on the date and time indicated therein; and

13  that signature is reserved.

14           Further, that I am a disinterested

15  person to said action.

16           IN WITNESS WHEREOF, I have hereunto

17  subscribed my hand and affixed my official seal this

18  15th day of October 2006.

19

20

21

22           _____
             Katherine L. Novak, RPR,
             and Notary Public for the
23           State of Alaska.

24           My Commission Expires 6-10-09

25

James Ashton  
September 26, 2007

Billingham v. State of Alaska  
Case No. 3:05-cv-0240 (TMB)

Page 72

1 REPORTER'S CERTIFICATE
2
3 I, KATHERINE L. NOVAK, RPR,
4 Registered Professional Reporter, and Notary Public
5 in and for the State of Alaska, do hereby certify:
6 That the witness in the foregoing
7 proceedings was duly sworn; that the proceedings
8 were then taken before me at the time and place
9 herein set forth; that the proceedings were reported
10 stenographically by me and later transcribed by
11 computer transcription; that the transcript
12 constitutes a full, true and correct record of said
13 proceedings taken on the date and time indicated
14 therein; and that signature is waived.
15 Further, that I am a disinterested
16 person to said action.
17 IN WITNESS WHEREOF, I have hereunto
18 subscribed my hand and affixed my official seal this
19 16th day of October 2007.
20
21
22 _____
   Katherine L. Novak, RPR,
23 and Notary Public for the
   State of Alaska.
24
   My Commission Expires 6-10-09
25

### Page 32

1  similarities to some of the incidents that
2  Ms. Billingham had been involved with at the
3  airport?
4  　A.　In my opinion, yes. One is not following
5  policy and procedure. She seems to have a problem
6  with reporting incidences when they occur, wherever
7  they occur. And also, that, yes, similar things
8  have happened in her employment, when she was
9  employed with the State of Alaska where it's caused
10 damage to other vehicles.
11 　Q.　Have you had any other involvement with
12 Elsa Billingham, other than what we've talked
13 about?
14 　A.　I don't believe so.
15 　Q.　Let me just ask you, in a general sense --
16 well, actually, let me ask you this. I mean, how
17 much actual contact have you had with
18 Ms. Billingham, in terms of talking with her and
19 meeting with her?
20 　A.　I've met with -- she's come into the
21 office a few times throughout my tenure there to
22 discuss different -- what she felt was things that
23 were being done against her, or things that weren't
24 being -- like the wage grade upgrade, she brought
25 that up a couple of times.

### Page 33

1  　　Other than that, it was just in the
2  passing when she's come into the office to pay her
3  dues or -- her membership dues. And just, you know,
4  in general passing by, hi, how is it going, type
5  thing.
6  　Q.　Did you get any sense from those contacts
7  with Ms. Billingham as to what her general attitude
8  was towards her employment out at airfield
9  maintenance?
10 　A.　Well, she -- when she was out there, you
11 know, again because she felt that she was being --
12 you know, not given the same opportunities as
13 everybody else, I mean, she seemed at times to be
14 frustrated. But other than that, she pretty much
15 seemed upbeat to me all the time.
16 　Q.　And when you're, you know, assessing
17 discipline for your members, do you take into
18 account things such as, you know, how many times
19 certain conduct has been repeated and an employee's
20 ability to change their conduct and responsiveness
21 to discipline?
22 　A.　Yes. In essence, more so than management
23 is the one that's doing that, to decide the type of
24 discipline or the severity of the discipline. At
25 the same time I'm listening to it and taking that

### Page 34

1  into consideration as I'm trying to calculate a
2  lesser discipline for the member and work out
3  something to where -- in which case is evident in
4  Ms. Billingham, the letter of dispute resolution.
5  　Q.　Let me see if I have any other questions.
6  　　And I asked you this, I think you've
7  already answered this, but have you been involved in
8  processing any grievances of Elsa Billingham with
9  any other employers other than the one we talked
10 about at the Municipality and the State of Alaska?
11 　A.　No, ma'am.
12 　　MS. PAGE: I don't have any other
13 questions.
14 　　THE WITNESS: Then we are done.
15 　　MS. PAGE: You're done. Absolutely.
16 We'll go off the record.
17 　　(Proceedings recessed at 10:59 a.m.)
18 　　(Signature waived.)
19 　　　　　-oOo-

### Page 35

1  　　　　REPORTER'S CERTIFICATE
2
3  　　　I, KATHERINE L. NOVAK, RPR,
4  Registered Professional Reporter, and Notary Public
5  in and for the State of Alaska, do hereby certify:
6  　　　That the witness in the foregoing
7  proceedings was duly sworn; that the proceedings
8  were then taken before me at the time and place
9  herein set forth; that the proceedings were reported
10 stenographically by me and later transcribed by
11 computer transcription; that the transcript
12 constitutes a full, true and correct record of said
13 proceedings taken on the date and time indicated
14 therein; and that signature is waived.
15 　　　Further, that I am a disinterested
16 person to said action.
17 　　　IN WITNESS WHEREOF, I have hereunto
18 subscribed my hand and affixed my official seal this
19 15th day of October 2007.
20
21
22
23 　　　　　_____
　　　　　Katherine L. Novak, RPR,
　　　　　and Notary Public for the
24 　　　　　State of Alaska.

　　　　　My Commission Expires 6-10-09

Page 24

1  it would be one worthwhile to take through that ADR
2  mediation process, so we did meet with the EEOC
3  mediator. I'm not sure I have his name, unless it's
4  in the file. And we actually resolved it at that
5  time.
6      Q.  And then you said she also filed something
7  with the Alaska Labor Relations Agency. Was that an
8  unfair labor practice allegation against the
9  union?
10     A.  Yes, it was. Yes. It was cast as a
11 failure to represent, which is part of the ALRA
12 process in the statute on labor relations.
13     Q.  And how was that resolved?
14     A.  That was dismissed by that agency.
15     Q.  On behalf of the union, basically?
16     A.  Dismissed by finding in favor of the
17 union, yes.
18     Q.  Now, at the time you reached these
19 conclusions that you set forth in your letter of
20 September 21st, 2004, to Mr. Johnson, Ms. Billingham
21 had not filed her EEOC complaint or her unfair labor
22 practice complaint against the union, had she?
23     A.  No, she had not.
24     Q.  So these conclusions were not affected in
25 any way by allegations she made against the union,

Page 25

1  were they?
2      A.  That's true, they weren't.
3      Q.  Okay. Let me see if I have anything else.
4          When you reviewed the termination
5  decision, you said you went through her file. Did
6  you talk to any individuals, either Ms. Billingham
7  or any of the management out at airfield
8  maintenance?
9      A.  No. Let me walk through that, to make
10 sure I'm fully accurate, but I'm certain I did not
11 talk to management, for a number of reasons. And I
12 did not talk with her.
13         And I may have talked to the union,
14 certainly, to -- I have a feeling I would have done
15 that, to ask questions, just to be thorough. So it
16 would have just been with the client, not with
17 anyone beyond that.
18     Q.  And have you dealt with Ms. Billingham
19 with any other employers other than airfield
20 maintenance?
21     A.  No. Let me -- again, let me thoroughly
22 think through that.
23         No, I have not. As you might be aware, I
24 have heard through the local union that she has had
25 other disciplinary problems with other employers,

Page 26

1  but I haven't dealt with her, directly or
2  indirectly, or even had to review it, I just heard
3  about it.
4      MS. PAGE:  I don't have any other
5  questions.
6      THE WITNESS:  Thank you.
7      (Proceedings recessed at 11:46 a.m.)
8      (Signature waived.)
9          -oOo-

Page 27

REPORTER'S CERTIFICATE

    I, KATHERINE L. NOVAK, RPR,
Registered Professional Reporter, and Notary Public
in and for the State of Alaska, do hereby certify:
    That the witness in the foregoing
proceedings was duly sworn; that the proceedings
were then taken before me at the time and place
herein set forth; that the proceedings were reported
stenographically by me and later transcribed by
computer transcription; that the transcript
constitutes a full, true and correct record of said
proceedings taken on the date and time indicated
therein; and that signature is waived.
    Further, that I am a disinterested
person to said action.
    IN WITNESS WHEREOF, I have hereunto
subscribed my hand and affixed my official seal this
15th day of October 2007.

Katherine L. Novak, RPR,
and Notary Public for the
State of Alaska.

My Commission Expires 6-10-09

**Page 32**

1     A. Yes.
2     Q. Was that an unfair labor practice or --
3     A. No. It's just her allegations of what she
4 perceived as the union's failure to represent her.
5 And basically, at that time, it's kind of way out of
6 my hands. And then that's when our attorneys, our
7 labor attorneys get involved and protect our
8 interest at that part.
9     Q. So you were not involved in handling any
10 subsequent actions she may have taken against the
11 union then?
12     A. No. No. Only thing I would do at that
13 time is just present all of my evidence and
14 conclusions to the investigation and hand that
15 over.
16     Q. Who was doing that, conducting that
17 investigation; do you remember?
18     A. Well, that's still me.
19     Q. Oh, okay.
20     A. Yeah. Yeah, that's still me. I do all --
21 you know, I'm just saying, I'm going back to the
22 part of, you know, the conclusion of what I came up
23 with.
24     Q. Okay.
25     A. Kevin and I's decision, and then whatever

**Page 33**

1 her attorney is asking for at that time, and then
2 we --
3     Q. Did she ever have an attorney?
4     A. I heard she had an attorney a couple of
5 times.
6     Q. So let me make sure I'm clear on this. So
7 at some point Ms. Billingham made certain
8 allegations that the union had failed to properly
9 represent her?
10     A. Right.
11     Q. And my understanding from what you're
12 saying is you turned over what you had done in --
13     A. Yes. It's a file, our grievance file.
14     Q. And who did you turn that over to?
15     A. Well, our grievance file is there for
16 Jim --
17     Q. Okay.
18     A. -- and our labor attorney, Kevin, to look
19 at, and just, you know, go over whatever steps they
20 take at that time.
21     Q. And regarding her complaints against the
22 union, do you know how they resolved?
23     A. That's funny you say that, because it --
24 from her opinion, it's never going to be fixed. So,
25 you know, we just -- what she wants is to go back to

**Page 34**

1 her job and, you know, Dan to be gone and everybody
2 else that she don't like to be gone and everything
3 will be better.
4     Q. So you don't know if any actual formal
5 proceedings have resolved one way or the other?
6     A. No. No.
7     Q. Have you had occasion to deal with any
8 other grievances that Ms. Billingham may have filed
9 against other employers, other than the State?
10     A. No.
11     Q. Do you know whether she has?
12     A. I do not know that.
13     MS. PAGE: I don't have any additional
14 questions. I'm done.
15     THE WITNESS: You're done?
16     MS. PAGE: Yeah.
17     MR. DOUGHERTY: No questions.
18 (Proceedings recessed at 9:44 a.m.)
19 (Signature waived.)
20     -oOo-

**Page 35**

1             REPORTER'S CERTIFICATE
2
3     I, KATHERINE L. NOVAK, RPR,
4 Registered Professional Reporter, and Notary Public
5 in and for the State of Alaska, do hereby certify:
6     That the witness in the foregoing
7 proceedings was duly sworn; that the proceedings
8 were then taken before me at the time and place
9 herein set forth; that the proceedings were reported
10 stenographically by me and later transcribed by
11 computer transcription; that the transcript
12 constitutes a full, true and correct record of said
13 proceedings taken on the date and time indicated
14 therein; and that signature is waived.
15     Further, that I am a disinterested
16 person to said action.
17     IN WITNESS WHEREOF, I have hereunto
18 subscribed my hand and affixed my official seal this
19 15th day of October 2007.
20
21
22
23     Katherine L. Novak, RPR,
        and Notary Public for the
24     State of Alaska.
25     My Commission Expires 6-10-09

Page 36

1  REPORTER'S CERTIFICATE
2
3  I, KATHERINE L. NOVAK, RPR,
4  Registered Professional Reporter, and Notary Public
5  in and for the State of Alaska, do hereby certify:
6  That the witness in the foregoing
7  proceedings was duly sworn; that the proceedings
8  were then taken before me at the time and place
9  herein set forth; that the proceedings were reported
10 stenographically by me and later transcribed by
11 computer transcription; that the transcript
12 constitutes a full, true and correct record of said
13 proceedings taken on the date and time indicated
14 therein; and that signature is waived.
15 Further, that I am a disinterested
16 person to said action.
17 IN WITNESS WHEREOF, I have hereunto
18 subscribed my hand and affixed my official seal this
19 16th day of October 2007.
20
21
22  _____
    Katherine L. Novak, RPR,
23  and Notary Public for the
    State of Alaska.
24
    My Commission Expires 6-10-09
25