TALIS J. COLBERG
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Fax: (907) 258-4978

Attorney for the State of Alaska, Department
of Transportation and Public Facilities

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALASKA, DEPARTMENT )<br>OF TRANSPORTATION AND PUBLIC )<br>FACILITIES, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-cv-0240 (TMB) |

**DEFENDANT'S SUPPLEMENT ON THE ISSUE OF COLLATERAL ESTOPPEL
TO MOTION FOR SUMMARY JUDGMENT**

Defendant, State of Alaska, Department of Transportation and Public Facilities ("DOT/PF"), by and through the Office of the Attorney General, submits this supplemental brief on the issue of collateral estoppel in support of its motion for summary judgment. An Alaska state superior court recently upheld the Alaska State Commission for Human Right's ("ASCHR" or "Commission") dismissal of Plaintiff Elsa Billingham's January 2004 claims of retaliation and age and sex discrimination. Because

Defendant's Supplement on the Issue of Collateral Estoppel
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

Page 1 of 10

the superior court's decisions have preclusive effect under Alaska statutory and common law, under the federal full faith and fair credit statute, the same preclusive effect must be applied in this litigation.

I. **BRIEF PROCEDURAL SUMMARY**

In January 2004, Ms. Billingham filed a complaint against DOT/PF with the Equal Employment Opportunity Commission ("EEOC") and ASCHR, in which she alleged sex and age discrimination and retaliation for filing a previous complaint.[1] (Attached as Supp. Ex. 1). She specifically alleged that she was not allowed the same opportunities for training and experience than those given to younger, male co-workers and that she was disciplined more harshly than male co-workers for errors or accidents on the job. In addition, she alleged that she was discriminatorily suspended and demoted in June 2003—a reference to the Last Chance Agreement negotiated on her behalf by her union. The EEOC dismissed Ms. Billingham's 2004 complaint and issued a notice of

---

[1] The January 2004 complaint was Ms. Billingham's second complaint against DOT/PF. The EEOC and ASCHR dismissed Ms. Billingham's first complaint, filed in 2002, in which she alleged that she was discriminated against with regard to training, work assignments, and promotional opportunities and suspended based on her sex, age, and opposition to sex discrimination. This Court dismissed the claims brought in that complaint as time-barred in its May 15, 2006, Order.

Defendant's Supplement on the Issue of Collateral Estoppel
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

Page 2 of 10

right to sue.[2] On November 2, 2004, ASCHR adopted the EEOC's action and determined that Ms. Billingham's allegations were not supported by substantial evidence. (Attached as Supp. Ex. 2).

Ms. Billingham appealed ASCHR's decision in Alaska state superior court on December 2, 2004, pursuant to the Alaska statutes providing for judicial review of ASCHR decisions, AS 18.80.135 and AS 44.62.560-70. (Notice of Appeal and Points on Appeal attached as Supp. Ex. 3). On July 7, 2006, after briefing by the parties, the superior court issued a thoughtful and thorough eleven-page Decision on Appeal, holding that Ms. Billingham failed to establish a *prima facie* case of retaliation and failed to show a causal link between the filing of her August 2002 complaint and the 2003 discipline and Last Chance Agreement. (Attached as Supp. Ex. 4, pp. 8-9).

The superior court remanded the case to ASCHR, however, on Ms. Billingham's sex and age discrimination claims, requesting that ASCHR clarify the basis of its findings that Ms. Billingham's discrimination claims were completely lacking in merit. (*See* Supp. Ex. 4, p. 10). After remand, ASCHR requested that the court allow it to conduct additional investigation. (Motion for Modification of Scope of Remand attached as Ex. 5). This request was based on Ms. Billingham's allegations that she was

---

[2] After the EEOC's dismissal, Ms. Billingham failed to file a timely lawsuit, and this Court dismissed the claims brought in the January 2004 complaint as time-barred in its May 15, 2006, Order.

Defendant's Supplement on the Issue of Collateral Estoppel    Page 3 of 10
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

denied the opportunity to present evidence during the administrative investigation and her submission to ASCHR of hundreds of additional pages of documents. (Ex. 5, pp. 1-2).

The court agreed to the request and, upon concluding the expanded investigation, ASCHR issued a Determination on Remand, dismissing Ms. Billingham's discrimination claims and finding that evidence did not support her allegations of disparate treatment. (Attached as Ex. 6). On February 15, 2008, the superior court issued a decision upholding ASCHR's findings that Ms. Billingham failed to establish a *prima facie* case of age and sex discrimination and affirming ASCHR's dismissal of Ms. Billingham's claim in all respects. (Order Following Determination on Remand attached as Ex. 7).

## II. ARGUMENT

Ms. Billingham is barred from relitigating any issues of retaliation or discrimination that occurred before January 2004 because the superior court's decisions carry preclusive effect. The superior court held that she failed to establish retaliation or discrimination by DOT/PF when she was disciplined in 2003 and placed under the terms of a Last Chance Agreement—she cannot relitigate those issues in this lawsuit.

### A. The Federal Full Faith And Fair Credit Statute Applies To This Case

The federal full faith and fair credit statute requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the state's own courts. 28 U.S.C. § 1738; *Kremer v. Chem. Const. Corp.*,

Defendant's Supplement on the Issue of Collateral Estoppel   Page 4 of 10
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

456 U.S. 461, 466, 102 S. Ct. 1883 (1982). Although different preclusion rules may apply to *unreviewed* findings of administrative agencies, the full faith and fair credit statute applies when administrative findings have been *reviewed* by state courts of general jurisdiction. *Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032-33 (9th Cir. 1994); *see also Eilrich v. Remas,* 839 F.2d 630, 632 (9th Cir. 1988) (explaining that federal courts "must give preclusive effect to state court reviewed administrative determinations under 28 U.S.C. § 1738").

In this case, Ms. Billingham appealed ASCHR's determination to superior court—a state court of general jurisdiction. The superior court reviewed ASCHR's administrative findings and issued comprehensive decisions on those findings. Therefore, the full faith and fair credit statute applies in this case and requires this Court to give the superior court's decisions the same preclusive effect given to the decisions under Alaska law.

    **B.**    **An Alaska Statute Bars Relitigation Of The Issues Decided By The Superior Court**

Ms. Billingham's ASCHR complaint was brought under the Alaska Human Rights Act ("Act"), AS 18.80, which contains a provision giving preclusive effect to the superior court's decisions by providing that:

> The acquittal of a person by the commission or a court of competent jurisdiction of any alleged violation of this chapter is a bar to any other action, civil or criminal, based on the same act or omission.

Defendant's Supplement on the Issue of Collateral Estoppel
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

Page 5 of 10

AS 18.80.280. In the Act, a "person" includes employers. AS 18.80.300(13).

In this case, the superior court upheld ASCHR's dismissal of Ms. Billingham's claims of discrimination and retaliation through January 2004, thus acquitting DOT/PF of the alleged violations of the Act. Therefore, the statute precludes Ms. Billingham from relitigating the issues of discrimination and retaliation decided by the superior court in *any other action*, including the action she brought in this Court.

C. **The Doctrine Of Collateral Estoppel Also Bars Relitigation Of The Issues Decided By The Superior Court**

In addition to the statutory bar, the doctrine of collateral estoppel provides another bar to relitigation of the issues decided by the superior court. Under Alaska law, collateral estoppel applies when:

1) The party against whom the preclusion is employed was a party to or in privity with a party to the first action;

2) The issue precluded from relitigation is identical to the issue decided in the first action;

3) The issue was resolved in the first action by a final judgment on the merits; and

4) The determination of the issue was essential to the final judgment.

*Sengupta v. Univ. of Alaska,* 21 P.3d 1240, 1250 (Alaska 2001).

There is no dispute that all of these elements are fulfilled here. Ms. Billingham was a party to the superior court action and the issues to be precluded from relitigation are identical to those decided in superior court. Moreover, the superior

Defendant's Supplement on the Issue of Collateral Estoppel   Page 6 of 10
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

court's decision was a final judgment on the merits and the court's factual and legal determinations regarding Ms. Billingham's claims were essential to the final judgment. Because all of the elements are met, collateral estoppel bars Ms. Billingham from relitigating the issues resolved by the superior court in its decisions.

### D. ASCHR's Administrative Proceedings And The Superior Court's Judicial Review Provide A Full And Fair Opportunity To Litigate

The ASHCR administrative process and judicial review provide a full and fair opportunity to litigate—another factor that generally is considered in applying collateral estoppel. Both federal and Alaska courts have recognized that the lack of an opportunity to fully and fairly litigate an issue might preclude the application of collateral estoppel. *Kremer*, 456 U.S. at 480-81, 102 S. Ct. 1883; *Rapaport v. Tesoro Alaska Petroleum*, 794 P.2d 949, 952 (Alaska 1990).

As the United States Supreme Court explained, to qualify for full faith and fair credit, a "full and fair opportunity to litigate" in state proceedings means that the party was afforded the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause. *Kremer*, 456 U.S. at 481-82, 102 S. Ct. 1883. In the *Kremer* decision, the Court held that the state administrative agency's investigation procedures, which allowed the complainant to submit evidence, and judicial review of the agency's determination provided sufficient procedural safeguards under the Due Process Clause. *Id.* at 482-86.

Defendant's Supplement on the Issue of Collateral Estoppel
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

Page 7 of 10

Similarly, in Alaska courts, a full and fair opportunity to litigate "does not refer to the quality or quantity of the argument or evidence addressed to an issue. It requires only two things: first, that the issue has been effectively raised in the prior action … and, second, that the losing party has had a fair opportunity procedurally, substantively, and evidentially to contest the issue." *Murray v. Feight,* 741 P.2d 1148, 1153-54 (Alaska 1987). There is no doubt that ASCHR proceedings afford a complainant with a full and fair opportunity to litigate. ASCHR is not simply a complaint-taking agency, it is charged with a mandate to seek out and eradicate employment discrimination. *State of Alaska, Dep't of Fish and Game v. Meyer,* 906 P.2d 1365, 1374 (Alaska 1995). During an ASCHR investigation, a complainant has an opportunity to submit evidence, to rebut the respondent's evidence, and ASCHR's staff has the power to issue requests for production, interrogatories and subpoenas, and to take depositions. 6 AAC 30.225; 6 AAC 30.320. A determination that there is not substantial evidence to support a complainant's allegations can only be made if there is no objective evidence to establish a *prima facie* case of discrimination or to support a genuine dispute regarding the employer's reasons for its decisions. *Meyer,* 906 P.2d at 1375-76.

Finally, judicial review is available to ensure that a complainant receives the procedural rights to which he or she is entitled. AS 18.80.135; AS 44.62.560-70. The availability of appellate review of an administrative determination affords a losing party a full and fair opportunity to litigate her claims for the purposes of collateral estoppel.

Defendant's Supplement on the Issue of Collateral Estoppel   Page 8 of 10
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

*See Balough v. Fairbanks North Star Borough,* 995 P.2d 245, 269 (Alaska 2000) (finding that ability to submit written briefs and present oral argument for superior court appeal of administrative decision provided full and fair opportunity to litigate for purposes of preclusion).

In this case, Ms. Billingham had a full and fair opportunity to litigate her claims through the ASCHR proceedings and subsequent judicial review. Thus, collateral estoppel bars any relitigation of the issues that have been decided by superior court.

### III. CONCLUSION

The superior court held that Ms. Billingham failed to show a *prima facie* case of retaliation and failed to establish a *prima facie* case of age and sex discrimination arising from her January 2004 complaint. Included in that complaint were claims that she suffered disparate treatment in discipline and in being placed on a Last Chance Agreement in 2003. The superior court's decision is binding and precludes Ms. Billingham from relitigating those issues in this lawsuit.

As a result, the only issues left to be litigated in this matter are the limited questions of: (1) whether DOT/PF discriminated or retaliated against Ms. Billingham when it terminated her for failure to raise her performance to a mid-acceptable level as required by the Last Chance Agreement; and (2) whether Ms. Billingham's ineligibility

Defendant's Supplement on the Issue of Collateral Estoppel
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

Page 9 of 10

for rehire with DOT/PF after being terminated for cause was retaliatory or discriminatory.[3]

RESPECTFULLY submitted this 2nd day of May, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

By: /s/ Brenda B. Page
Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-6612 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No. 0303007

**CERTIFICATE OF SERVICE**
This is to certify that on the 2nd day of May, 2008, a true and correct copy of **DEFENDANT'S SUPPLEMENT ON THE ISSUE OF COLLATERAL ESTOPPEL TO MOTION TO STRIKE** in this proceeding was served by first class U.S. Mail on the following:

David R. Edgren
750 E. Fireweed Lane, Suite 201
Anchorage, AK 99503

/s/ Leticia Alvarez
    Law Office Assistant

---

[3] Ms. Billingham's counsel appeared to acknowledge at oral argument that Ms. Billingham did not have any basis for her discrimination claims and that her claims were based on alleged retaliation.

Defendant's Supplement on the Issue of Collateral Estoppel     Page 10 of 10
to Motion for Summary Judgment
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)