Case 3:05-cv-00240-TMB   Document 125-6   Filed 05/02/2008   Page 1 of 11

**RECEIVED**

JUL 1 2 2006

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE     **Attorney Generals Offic**

ELSA BILLINGHAM )
)
)
Appellant, )
)
vs. )
)
)
)
STATE OF ALASKA )
HUMAN RIGHTS COMMISSION )
Appellee. )
)

FILED in the Trial Courts
State of Alaska, Third District

**JUL 7** 2006

_____ of the Trial Courts
by. _____ Deputy

Case No. 3AN-04-12964 CI

## DECISION ON APPEAL

### I
### Introduction

In 1994, Elsa Billingham began working for the State of Alaska, Department of Transportation (DOT), where she held a number of different positions including laborer, custodian, and equipment operator. On January 23, 2004, Billingham filed a discriminatory complaint against DOT with the Equal Employment Opportunity Commission (EEOC) alleging age and sex discrimination in violation of state and federal law. Billingham claimed that she was not given the same training opportunities as younger male employees and received harsher punishments than her male co-workers. Billingham also claimed that a demotion in June 2003 was retaliation for a previous discrimination claim filed in August 2002.

Though the claim was filed with the EEOC, the State of Alaska Human Rights Commission (Commission) informed Billingham that it considered her

**Supp. Exhibit 4**
**Page 1 of 11**

Case 3:05-cv-00240-TMB   Document 125-6   Filed 05/02/2008   Page 2 of 11

EEOC filing as a charge filed with the Commission as well.[1]   After investigating Billingham's employment discrimination charges, the EEOC dismissed Billingham's claim on the basis that it was not supported by the substantial evidence necessary to establish a violation of federal law.   The Commission's staff reviewed this determination and found similarly under state law.   Billingham now appeals the Commission's decision to this court.

## II
## Statement of Facts

Elsa Billingham filed a complaint under the Alaska Human Rights Act and federal law (Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act) on January 23, 2004.   This complaint was filed in response to a thirty-day suspension, demotion, and restriction on training that Billingham received after failing to follow instructions regarding what piece of equipment to use for a project, damaging state equipment, and failure to report the damage. The actions complained of at issue — the suspension, demotion, and limits on training — were all terms negotiated by Billingham's union to resolve a dispute whether she should be terminated.   This dispute resolution agreement allowed Billingham to keep her job despite numerous prior workplace infractions during her tenure with DOT.

In her appeal, Billingham claims that she was subject to discriminatory punishment, and that she was coerced into signing the Letter of Dispute

---

[1] There is a work-share agreement between EEOC and the Commission that states only one agency will initially proceed with the investigation of such claims in order to avoid duplicative efforts.

Resolution.  She also asserts that the actions taken against her by DOT were retaliation for an earlier claim filed with the Commission.[2]  In her brief to this court, Billingham argues that the Commission failed to "follow up step-by-step to trace, track, to search into, to examine and inquire into with care and accuracy, evidence submitted by" DOT, as well as failed to adequately investigate the evidence she submitted.    Billingham claims that witnesses were never interviewed and that DOT submitted no evidence to compare whether the actions taken against her were common practice.[3]    Billingham asserts the Commission's determination that she failed to support her claim by substantial evidence is faulty.

In response, the Commission asserts that preliminary investigations revealed that Billingham developed a poor work record with an extensive disciplinary history.  For example, on November 13, 1996, Billingham received a Letter of Instruction informing her that she must tell her supervisor before leaving her work station, except for the end of her shift and at lunch.[4] Nevertheless, she was issued a Letter of Expectation on April 23, 1999, for leaving her duty station without notifying her supervisor.[5]  This was not the last Letter of Expectation Billingham received as a result of her workplace misconduct.

---

[2] Billingham filed an earlier complaint with the Commission in August 2002 alleging sex and age discrimination. Exc. at 55.

[3] For example, Billingham provided a letter from a co-worker who described the conditions at the DOT as a "good-old boy network," explaining that women and minorities did experience unequal treatment, thus corroborating Billingham's claim.  See Exc. at 65-81.

[4] Exc. at 104-105.

[5] Exc. at 102.

Case 3:05-cv-00240-TMB      Document 125-6      Filed 05/02/2008      Page 4 of 11

Billingham began to engage in more serious misconduct starting in 1999, and in July 2000, she was suspended for three days after she failed to accept her supervisor's directions, which resulted in damage to a passing motorist's vehicle.[6] She was suspended again for five days for destruction of state property and dishonesty when she ripped out pages from her foreman's logbook, tore it to shreds, and then lied about it.[7] In December 2000, Billingham was issued a ten-day suspension for repeatedly refusing to follow orders concerning work assignments.[8] The record reveals that Billingham was suspended at least twice more before the incident at issue in this appeal, once for thirty days.[9]

The Commission claims its investigation revealed that in 2003, Billingham did receive training on equipment which may have exceeded the amount her younger male co-workers received.[10] Additionally, while it is undisputed that Billingham was involved in a workplace accident in April 2003 (the incident at issue), the Commission argues its investigation revealed that other employees were disciplined for similar accidents.[11]

The accident leading to the punishment which Billingham claims was discriminatory occurred in April 2003. It is undisputed that Billingham backed into a stop sign causing damage to state property, which she failed to report.

---

[6] Exc. at 101. Billingham ignored her supervisor's instructions regarding a piece of equipment to use for a task, and instead used another piece of equipment, ultimately damaging the motorist's vehicle.

[7] Exc. at 100. This event occurred on Sept. 7, 2000.

[8] Exc. at 99.

[9] Exc. at 93-98. Each of these suspensions resulted from alleged inappropriate conduct or workplace violations.

[10] Exc. at 114-116.

[11] Exc. at 117-120. None of the other employees, with the exception of one who was dismissed, received suspensions as harsh as Billingham's 30-day suspension.

There is also no dispute that in June 2003, Public Employees Local 71 represented Billingham in a dispute resolution settlement. The resulting Letter of Dispute Resolution negotiated by Local 71 on Billingham's behalf was a "last chance agreement" which stated that, in lieu of dismissal, Billgham would receive a suspension, demotion, and would not be eligible for training on certain equipment.[12]

The Commission asks this court to dismiss Billingham's appeal arguing substantial evidence exists in the record to support its conclusion that Billingham's complaints should be dismissed. First, the Commission points out that under both Alaska and Federal law, the complainant has the burden of establishing, by objective evidence, a prima facie case of discrimination. The Commission contends that Billingham failed to provide such evidence to support her discrimination and retaliation claims. Furthermore, the Commission asserts that Billingham's claims are untimely, as they were filed more than 180 days after the discriminatory act occurred. Lastly, the Commission argues that the relief Billingham requested is unavailable.

### III
### Standard of Review

In reviewing agency determinations of this nature, the court must look to see if the agency's determination was supported by "substantial evidence."[13] Substantial evidence is said to exist if, considering the record as a whole, the quantum of the evidence is substantial enough such that a reasonable mind

---

[12] Exc. at 90-91.
[13] *Alaska State Comm'n for Human Rights v. Yellow Cab*, 611 P.2d 487, 493 (Alaska 1980).

might accept the administrative agency's decision.[14]   As the Alaska Supreme

Court notes:

> "[W]here the evidence is conflicting, the reviewing court will not reweigh the
> evidence and substitute its judgment for that of the trier of fact.  Thus, the
> evidence should be reviewed in favor of the findings [of the Commission]
> even though the reviewing court might have taken a contrary view of the
> facts."[15]

Accordingly, this court must look to the record and determine if substantial

evidence exists to support the Commission's findings.

## IV
## Discussion

### A. Alaska law

Under Alaska law, any person aggrieved by discriminatory conduct

prohibited by statute can file a complaint with the Commission.[16]   Among other

forms of proscribed conduct, it is unlawful for an employer to suspend or take

other adverse action against an employee because of her sex or age.[17]   It is also

unlawful for an employer to retaliate against an employee for opposing such

practices.[18]  Federal law also prohibits such forms of discrimination.[19]

---

[14] *Municipality of Anchorage Police and Fire Retirement Bd. v. Coffey*, 893 P.2d 722, 726 (Alaska 1975).
[15] *Yellow Cab*, 611 P.2d at 490.
[16] AS 18.80.100
[17] AS 18.80.220(a)(1).
[18] AS 18.800.220(a)(4).   It is unlawful for an employer...to discharge, expel, or otherwise discriminate against a person because the person has opposed any practices forbidden under AS 18.80.200-18.80.280 or because the person has filed a complaint in a proceeding under this chapter.
[19] Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.  42 U.S.C.A. § 2000 et seq.  However, it should be noted that AS 18.80.220 is intended to be more broadly interpreted than federal law to further the goal of eradicating discrimination. *Miller v. Safeway, Inc.*, 102 P.3d 282 (Alaska 2004).

Case 3:05-cv-00240-TMB     Document 125-6     Filed 05/02/2008     Page 7 of 11

Under AS 18.80.110, the Commission shall formally investigate matters set out in a complaint promptly and impartially. The executive director or a staff member must then informally investigate the complaint to determine whether the allegations are supported by *substantial evidence.*[20] If the investigator determines that the allegations are supported by substantial evidence, the investigator shall immediately try and eliminate the discrimination complained of by conference, conciliation, and persuasion. By implication, if the investigator determines that the allegations of the compliant are not supported by substantial evidence, the complaint is dismissed.[21] If substantial evidence does exist, and informal efforts to eliminate the discrimination are unsuccessful, a hearing before the Commission is required.[22]

Alaska law requires the complainant to establish a prima facie case of discrimination or retaliation by introducing sufficient evidence to raise an inference of discriminatory intent.[23] The employee must meet this initial threshold before the burden will shift to the employer. Once the burden shifts, the employer must articulate a legitimate, non-discriminatory reason, supported by evidence, for the treatment.[24] If the employer establishes a legitimate reason for its actions, the burden shifts back to the employee to persuade the court that

---

[20] AS 18.80.110 (emphasis added).
[21] *State of Alaska, Dep't of Fish and Game v. Meyer,* 906 P.2d 1365, 1368 (Alaska 1995).
[22] AS 18.800.120.
[23] *Meyer,* 906 P.2d at 1374-75.
[24] *Id.*

discriminatory motives were more likely the reason; this is usually satisfied by showing that the employer's explanation is pretextual. [25]

### B. Substantial Evidence Supports the Commission's Conclusion that Billingham Failed to Prove a Prima Facie Case of Retaliation

To establish a prima facie case of discriminatory retaliation, a complainant must establish that (1) the complainant engaged in a protected activity (e.g., opposed a discriminatory practice); (2) the complainant suffered an adverse employment action; and (3) there was a causal link between the protected activity and the employer's action.[26]   Causation may be inferred from the proximity in time between the protected action and the retaliatory action.[27] If a complainant establishes a prima facie case of discrimination or retaliation, the burden shifts to the employer to articulate legitimate, nondiscriminatory reasons for the employment action.[28]

In the present case, Billingham has failed to show a prima facie case of retaliation.   Billingham has not shown the necessary causal link between the filing of her August 2002 complaint and the disciplinary action taken by the DOT in June 2003.   It is undisputed that Billingham was involved in a workplace accident causing significant damage to state property.   It is not disputed that this was one of many serious workplace infractions engaged in by appellant.   The Letter of Dispute Resolution, which details the punishment at issue, was

---

[25] *Id.* at 1375. This test is known as the *Burdine/Thomas* test.  *Texas Dep't pf Community Affairs v. Burdine,* 450 U.S. 248, 253-56 (1981); *Thomas v. Anchorage Telephone Utility,* 741 P.2d 618, 622 (Alaska 1987).   The test is also referred to as the *McDonnel Douglas* test.
[26] *Raad v. Alaska State Comm'n for Human Rights,* 86 P.3d 899, 905 (Alaska 2004).
[27] *Id.*
[28] *Id.*

Case 3:05-cv-00240-TMB    Document 125-6    Filed 05/02/2008    Page 9 of 11

negotiated on behalf of Billingham and agreed to by Public Employee Local 71. There is nothing in the record to suggest that this agreement, which was determined some ten months after the filing of the 2002 complaint, was retaliatory in nature.    Accordingly, the Commission's determination as to Billingham's retaliation claim is affirmed.

### C. Billingham's Discrimination Claim

For an employee to establish a prima facie case of discrimination, the complainant has the burden to show: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered adverse employment action despite her qualifications; and (4) her employer treated her less favorably than other qualified persons.[29] If the employee cannot offer objective evidence of facts to establish a prima facie case of discrimination, the claim cannot proceed.  Federal law uses essentially the same test.[30]

Though never truly defining the term, the Alaska Supreme Court has equated substantial evidence to probable cause, and noted that substantial evidence exists if there is a "reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious person in the belief that the law is being violated."[31]

---

[29] *Yellow Cab*, 611 P.2d at 490.  It was in the case that the Alaska Supreme Court announced that it would be adopting the US Supreme Court test for establishing a prima facie case of discrimination.  See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[30] *Fong v. American Airlines, Inc.*, 626 F.2d 759, 761-62 (Ninth Cir. 1980).

[31] *Meyer*, 906 P.2d 1376. (quoting *Sprague v. Glassboro State College*, 391 A.2d 558, 561 (1978)).

For example, in the *State of Alaska, Dept. of Fish & Game v. Meyer,* the court stated that the complainant established substantial evidence of discrimination sufficient to warrant a hearing in front of the Commission by "offering objective evidence of facts which established a prima facie case of discrimination *and* which raised a genuine dispute about [the employer's] explanation of its decisions."[32] In other words, to dismiss a complaint for lack of substantial evidence the evidence provided must "demonstrate that [Billingham's] claims were completely lacking in merit, or that a fact finder would be compelled to find for the [employer]."[33]

It is not clear from the record on what basis the Commission concluded that Billingham's age and sex discrimination claim was completely lacking in merit or why it would necessarily resolve Billingham's claim in favor of DOT. The record reflects that evidence was submitted by DOT to rebut Billingham's claim, but it is unclear whether the Commission informally investigated this evidence or what of the DOT's information it relied upon in reaching its conclusion that Billingham age and sex discrimination claim lacked merit. Rather than remand this aspect of Billingham's claim for a hearing, the court concludes that this Commission should be given the opportunity to issue findings in support of its conclusion that Billingham's discrimination claim was not supported by substantial evidence.

---

[32] *Id.* at 1375-76. (emphasis added) The *Meyer* Court suggests that complainant must both establish a prima facie case of discrimination and offer some evidence to rebut the employer's non-discriminatory reasons in order to meet the "substantial evidence" burden necessary to receive a hearing.

[33] *Id.* at 1376.

# V
# Conclusion

The Commission's conclusion that Billingham's retaliation claim lacked substantial evidence is **AFFIRMED**. This case is **REMANDED** to the Commission to issue findings regarding its conclusion that Billingam's age and sex discrimination claim lacked substantial evidence.[34] The remand shall be for a period of 90 days and expire on October 9, 2006. Further proceedings on the appeal are **STAYED** during the period of remand. The Commission shall transmit its findings directly to the Superior Court for the conclusion of this appeal. No further briefing will be required of the parties unless ordered by the court.

DATED this 7th day of July, 2006, at Anchorage, Alaska.

_____

Philip R. Volland
Superior Court Judge

I certify that on July 7, 2006, a true copy
of the foregoing was mailed to the following
parties at their addresses of record:

AGO Milks / E. Billingham / Human Rights Commission

_____
Judicial Assistant

---

[34] The records reveals that within the Commission's "Determination" it stated that Billingham's "complaint was timely filed in accordance with 6 AAC 30.230(b)." Exc. at 9. As such, the court finds unpersuasive the Commission's argument that Billingham's claim was untimely. In accordance with the court's decision, the Commission's relief argument is moot.

*Billingham v. State, Human Rights Commission*
Case No. 3AN-04-12964 CI
**Decision on Appeal** - Page 11 of 11