SARAH PALIN, GOVERNOR

## HUMAN RIGHTS COMMISSION

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE: (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX: (907) 278-8588

Elsa Billingham
PO Box 231625
Anchorage, AK 99523

Camille Brill
Division of Personnel
Department of Administration
State of Alaska
619 E Ship Creek Drive # 309
Anchorage, AK 99501

RE: *Elsa Billingham v. State of Alaska, Dept. of Transportation and Public Facilities*
ASCHR No. E-04-003

### DETERMINATION ON REMAND

Complainant filed a complaint with the Equal Employment Opportunity Commission (EEOC) on January 30, 2004 alleging that respondent discriminated against her and retaliated against her for filing a previous complaint when it gave her less training and subjected her to harsher discipline than her younger male coworkers. EEOC co-filed complainant's complaint with the Alaska State Commission for Human Rights (the Commission). EEOC dismissed complainant's case on April 22, 2004. On November 2, 2004, the Commission separately found that complainant's allegations were not supported by substantial evidence. Complainant appealed the Commission's findings to the Alaska Superior Court on July 28, 2005. On July 7, 2006, the Court affirmed the Commission's finding that complainant was not retaliated against, but remanded the case to the Commission on complainant's discrimination claim. On October 5, 2006, the Court issued an order permitting the Commission to conduct additional investigation into complainant's different treatment allegations. Pursuant to the Court's order, the Commission conducted additional investigation and now issues the following determination.

Complainant worked for respondent as an equipment operator. Complainant alleges that respondent treated her differently because of her sex and age by not allowing her the same opportunities to train on equipment as were given to her younger male coworkers. Complainant also alleges that she was treated differently because of her sex when she was disciplined for errors or accidents on the job and male coworkers were not disciplined for similar errors or accidents. On June 28, 2004, respondent terminated complainant's

*Determination*                 Page 2                 E-04-003

employment; however, complainant's complaint does not include any allegations regarding her termination.

Respondent denies complainant's allegations. Record (R) 0084-0086. Respondent asserts it gave complainant the same training as her male coworkers. Respondent further asserts that it disciplined complainant for legitimate and non-discriminatory reasons. Specifically, respondent maintains that it disciplined complainant because she had an extensive accident and incident record. Respondent further asserts that it disciplined complainant because she continually failed to accept supervision, follow instructions, and accept responsibility for her actions.

Investigation showed that complainant began working for respondent as a laborer, wage grade (WG) 58, in May 1994. Respondent's system of wage grade numbering uses progressively lower numbers to indicate progressively higher pay. Evidence showed that respondent promoted complainant to equipment operator, WG 57, in June 1998, and to equipment operator, WG 56, in July 1999.

Investigation showed that respondent gave its equipment operators on-the-job training. Evidence showed that in 2003, respondent trained complainant to operate equipment used by WG 53, 54, and 58 operators. R 0112-0116. Specifically, it trained her to operate its snow groomer and dozer (WG 53 equipment); trackless and dump truck (WG 54 equipment); and twice on the airless hand paint sprayer (WG 58). During the same one year period, respondent gave male operators the following equipment training: two WG 56 males on WG 53 and 54 equipment; one WG 56 male on WG 54, 56, and 58 equipment; one WG 56 male on WG 53 equipment; and one WG 56 male on WG 54 equipment. R 0113-0116. Complainant identified one of these male operators as younger than her. Evidence did not support complainant's allegation that she received less training than younger male operators because of her sex or age.

Investigation showed complainant continually failed to follow respondent's supervisor's instructions and failed to accept responsibility for her work-related errors and accidents. Specifically, since 1996 respondent gave complainant numerous letters of instruction, suspension, expectation, and reprimands for various infractions. R 0088, 0092-0109. Complainant's infractions included repeated failure to follow instructions, confrontation with her foreman, work-related accidents, and failure to accept responsibility for her actions. In June 2003, respondent suspended complainant for 30 days because she failed to follow orders and accept responsibility for her actions in an April 2003 incident. R 0091. During that incident she backed the equipment she was operating into a stop sign, and contrary to policy, left the scene without immediately reporting the incident to her foreman. On June 3, 2003, complainant, her union, and respondent reached an agreement to suspend complainant for thirty days and demote her to WG 58. R 0091. Respondent asserts that it took this action against complainant because she continually failed to follow supervisory instructions and failed to accept responsibility for her work-related errors and accidents. Respondent further asserts that complainant's actions created an unsafe environment for both her coworkers and the public.

Complainant identified nine male coworkers who she alleged respondent disciplined less harshly for safety-related infractions. R 0491-0492. Investigation showed that respondent counseled (orally and in writing), reprimanded, and suspended male equipment operators for accidents and damage to equipment. R 0118-0120, 1310-1311, 1152-1153, 1220-1221, 1047, 1052, 0854-0866, 0693-0696, 0698-0700, 0702-0703, 0706, 0708, 0649. Evidence showed that none of the coworkers identified by complainant had more safety-related incidents or accidents than did complainant. Investigation showed that respondent disciplined complainant primarily because she continually failed to follow supervisory instructions and failed to accept responsibility for her work-related errors and accidents. Evidence did not support complainant's allegation that respondent disciplined her more harshly than younger male operators.

Investigation did not show that respondent discriminated against complainant because of her sex or age. Therefore, having concluded the investigation, I find that complainant's allegations are not supported by substantial evidence.

_August 21, 2007_
Date

_[signature]_
Triptaa Surve
Investigations Director

On behalf of the executive director, I approve this determination.

_August 21, 2007_
Date

_[signature]_
Cynthia Dubell
Investigations Director