DAVID R. EDGREN
EDGREN LAW OFFICES
750 West Fireweed, Suite 201
Anchorage, Alaska 99503
Phone: (907) 272-3325
Fax: (907) 272-3317



Attorneys for the Plaintiff

## IN THE DISTRICT COURT FOR THE UNITED STATES
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELSA BILLINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALASKA, DEPARTMENT )<br>OF TRANSPORTATION AND )<br>PUBLIC FACILITIES, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-cv-0240 (TMB) |

### PLAINTIFF'S RESPONSIVE SUPPLEMENT ON THE ISSUE OF
### COLLATERAL ESTOPPEL TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff Elsa Billingham ("Billingham"), by and through her attorneys, Edgren Law Offices, LLC, and hereby submits her supplemental briefing on the issue of collateral estoppel in connection with the Defendant State Department of Transportation and Public Facilities' ("Department") pending motion for summary judgment. This briefing responds to the supplemental briefing filed by the Department on May 2, 2008.

The Department asserts four grounds supporting its contention that "Ms. Billingham is barred from relitigating any issues of retaliation or discrimination that

occurred before January 2004 because the [Alaska state] superior court's decisions carry preclusive effect. Department's Supplemental Briefing, p. 4. These grounds are that the federal Full Faith and Credit Statute applies to this case (Department's Supplemental Briefing, p. 4-5.), that an Alaska Statute (AS 18.80.280) bars relitigation of the issues decided by the superior court (Department's Supplemental Briefing, p. 5-6), that the doctrine of collateral estoppels bars relitigation of the issues decided by the superior court (Department's Supplemental Briefing, p. 6-7), and that the Alaska State Commission for Human Rights ("ASCHR") administrative proceedings and superior court judicial review provided Billingham a full and fair opportunity to litigate (Department's Supplemental Briefing, p. 7-9). Billingham agrees with the Department as to the correctness of the law asserted in connection with each of the first three grounds[1] and that each would, under appropriate circumstances, serve as a basis to find a litigant's ability to pursue an issue in the federal court to be foreclosed. In the instant situation, however, because ASCHR and the superior court on review did not consider the specific issue of discriminatory conduct by the Department in connection with Billingham's termination by the Department, none

---

[1] Billingham does not agree that the fourth basis asserted by the Department, that ASCHR's administrative proceedings and superior court judicial review provided Billingham a full and fair opportunity to litigate, represents an independent "ground" on which this court could find that Billingham's remaining claims in the instant litigation are collaterally estopped. Rather, this basis would appear to be as the Department admits: "another factor that generally is considered in applying collateral estoppel." Department's Supplemental Briefing, p. 7.

**PLAINTIFF'S RESPONSIVE SUPPLEMENT
ON THE ISSUE OF COLLATERAL ESTOPPEL
TO MOTION FOR SUMMARY JUDGMENT – PAGE 2 OF 5**

of these grounds is applicable, and collateral estoppel[2] does not bar Billingham from pursuing that remaining claim.

Billingham adopts, for the purpose of this briefing, the Department's "Brief Procedural Summary (Department's Supplemental Briefing, p. 2-4) and the eight exhibits the Department attached to its briefing. She adds the following. Her "Charge of Discrimination" (Department's Exhibit No. "1") that commenced her case with ASCHR does not claim that she was unlawfully discriminated against in connection with her termination of employment by the Department. There is nothing in the record of ASCHR's decisionmaking on Billingham's (Department's Exhibit Nos. 2 and 6) case that demonstrates it considered whether Billingham was unlawfully discriminated against in connection with her termination of employment by the Department[3]. Finally, there is nothing in the orders of the superior court to indicate that it did anything other than determine that the ASCHR demonstrated by substantial evidence that ASCHR's findings were supported by substantial evidence. (Department's Exhibit Nos. 4 and 7)

As noted in the recent oral argument on the Department's summary judgment motion, Billingham acknowledges that the court's orders during the course of the case have by and large left extant only her contentions in her complaint as to unlawful

---

[2] And, more properly in connection with the first ground involving the applicability of the Full Faith and Credit Statute, preclusion.

**PLAINTIFF'S RESPONSIVE SUPPLEMENT
ON THE ISSUE OF COLLATERAL ESTOPPEL
TO MOTION FOR SUMMARY JUDGMENT – PAGE 3 OF 5**

discrimination by the Department in discharging her. That said, these contentions cannot be said to be precluded by 28 U.S.C. § 1738, as ASCHR's administrative decision did not address this issue and it was thus not taken up on appeal to the superior court. Alaska Statute 18.80.280 likewise is no help to the Department. In order, using the language of the statute, for the "acquittal" of the Department by the ASCHR and the superior court to serve as a bar to relitigation in another forum of a violation of Alaska's Human Rights Act[4], there must be a particular "act or omission alleged" that would be such a violation See AS 18.80.230. Because Billingham did not allege a violation of the Human Rights Act in connection based on her termination of employment by the Department in her complaint filed with ASCHR, the Department could not be acquitted of such conduct and AS 18.80.230 thus does not apply. Finally, the Department's argument based on Alaska case law concerning concerning collateral estoppel fails on three of the four criteria it asserts in citing Sengupta v. Univ. of Alaska[5]. There can be no identity between the issue of whether Billingham's termination was based on unlawful discriminatory conduct by the Department between the instant case and the one before the superior court as that issue was not before the superior court. Following from that, the superior court could not

---

[3]   Indeed, ASCHR actually noted that "[o]n June 28, 2004, [the Department] terminated [Billingham's] employment; however, [Billingham's] complaint does not include any allegations regarding her termination." Department's Exhibit No. 6, p. 1-2.

[4]   Alaska Statutes, Title 18, Chapter 20.

[5]   21 P.3d 1240, (Alaska 2001).

have resolved the issue of whether the Department acted unlawfully in terminating Billingham "on the merits" because that issue was not before it[6]. Finally, there is no way that the determination of the issue was essential to the final judgment of the first tribunal, as the issue was never in front of it in the first place.

Based on all of the foregoing, this case should not be dismissed based on either preclusion or under a theory of collateral estoppel, and Billingham should be afforded her day in court to air her remaining discrimination claims against the Department.

RESPECTFULLY SUBMITTED at Anchorage, Alaska, this 16th day of May, 2008.

> EDGREN LAW OFFICES
> ATTORNEYS FOR PLAINTIFF
>
> By: *(signature)*
> David R. Edgren
> Alaska Bar No. 9406058

---

[6] Billingham notes that the third Sengupta criteria; that being that the issue in question was resolved in the first action by a final judgment on the merits should be in any event held to have been failed to be met in any situation where the case was before the first court on administrative appeal. This is because, as the superior court noted in its first order issued in the case (Department's Exhibit No. 4), the Alaska Supreme Court has established

> [W]here the evidence is conflicting, the reviewing court *will not reweigh the evidence and substitute its judgment for that of the trier of fact*. Thus, the evidence should be reviewed in favor of the findings [of the trier of fact] even though the reviewing court *might have taken a contrary view of the facts*.

Alaska State Comm'n for Human Rights v. Yellow Cab, 611 P.2d 487, 490 (Alaska 1980) (emphasis added).