TALIS J. COLBERG
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Fax: (907) 258-4978

Attorney for the State of Alaska, Department
of Transportation and Public Facilities

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

ELSA BILLINGHAM,                          )
                                          )
                 Plaintiff,               )
                                          )
v.                                        )
                                          )
STATE OF ALASKA, DEPARTMENT               )
OF TRANSPORTATION AND PUBLIC              )
FACILITIES                                )
                                          )
                 Defendant.               )
_____)    Case No. 3:05-cv-0240 (TMB)

**DEFENDANT'S REPLY FOR SUPPLEMENTAL BRIEF
ON THE ISSUE OF COLLATERAL ESTOPPEL
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, State of Alaska, Department of Transportation and Public

Facilities ("DOT/PF"), by and through the Office of the Attorney General, submits this

reply for its supplemental brief on the issue of collateral estoppel in support of its motion

for summary judgment. The Alaska state superior court's decision that Plaintiff Elsa

Billingham failed to establish a *prima facie* case of discrimination or retaliation arising

from her January 2004 complaint is binding and precludes Ms. Billingham from

Defendant's Reply for Supplemental Brief on the Issue of Collateral Estoppel
*Elsa Billingham v. SOA/DOT&PF*                          Page 1 of 5
3:05-cv-0240 (TMB)

relitigating in this lawsuit any alleged issues of discrimination or retaliation that occurred before January 2004.

In her response to Defendant's supplemental brief, Ms. Billingham concedes that that the superior court's decision carries preclusive effect and that "the court's orders during the course of the case have by and large left extant only her contentions in her complaint as to unlawful discrimination by the Department in discharging her." (Docket No. 129, pp. 2-4). While acknowledging the preclusive effect of the superior court's decision, Ms. Billingham argues that because the decision was based on her January 2004 complaint with the Alaska State Commission for Human Rights—a complaint that did not cover her termination in June 2004—this Court is not precluded from considering her claim that the termination itself was discriminatory.[1] DOT/PF does not argue or assert otherwise.

In its supplemental brief, DOT/PF argued that the superior court's decision precludes Ms. Billingham from "relitigating any issues of retaliation or discrimination that occurred before January 2004," and concluded that the only issues left to be litigated in this lawsuit are whether DOT/PF discriminated or retaliated against Ms. Billingham

---

[1]    In her supplemental response, Ms. Billingham asserts that she is not precluded from pursuing her claim of discriminatory termination, but she makes no mention of retaliation. Her emphasis on discrimination is puzzling because her counsel appeared to acknowledge at oral argument that Ms. Billingham has no basis to support her discrimination claims and, instead, argued that her claims were based on alleged retaliation.

Defendant's Reply for Supplemental Brief on the Issue of Collateral Estoppel
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

when it terminated her employment and when it placed her on an ineligible for rehire status with DOT/PF after her termination.    (Docket No. 125, pp. 4, 9-10).    Ms. Billingham apparently agrees with that conclusion.

While Ms. Billingham's termination claim remains to be considered on summary judgment, the preclusive effect of the superior court's decision has a serious impact on that claim.  As discussed in Defendant's motion for summary judgment, Ms. Billingham's termination was the result of many years of performance issues, misconduct, and progressive discipline, which culminated in a Last Chance Agreement in June 2003.  When Ms. Billingham failed to meet the requirements of that Agreement, she was terminated.

In an attempt to defeat summary judgment, Ms. Billingham argued that her termination was unlawful because she was unfairly subjected to a Last Chance Agreement based on progressive discipline that was harsher than that received by male co-workers for their errors and accidents.  But the superior court concluded that the Last Chance Agreement and the progressive discipline leading up to the Agreement were not discriminatory or retaliatory—a decision that is binding.

Because the superior court decided those issues, Ms. Billingham cannot relitigate them in this lawsuit.  The only issue left to be decided is whether DOT/PF's enforcement of the Last Chance Agreement was discriminatory or retaliatory.    The evidence shows that it was not.  As discussed in the summary judgment briefing and oral

Defendant's Reply for Supplemental Brief on the Issue of Collateral Estoppel
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)                                                    Page 3 of 5

argument, the evidence shows that DOT/PF management believed that Ms. Billingham

failed to raise her performance to a mid-acceptable level as required by the Last Chance

Agreement and, as a result, she was terminated pursuant to the terms of the Agreement.

The evidence also shows that the male employees who failed to fulfill the terms of their

Last Chance Agreements likewise were terminated.

Thus, while Ms. Billingham's termination claim remains to be considered

by this Court, the preclusive effect of the superior court's decision narrows the analysis

and supports DOT/PF's arguments that Ms. Billingham's termination claim should be

dismissed on summary judgment.

RESPECTFULLY submitted this 21st day of May, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

By:   /s/  Brenda B. Page
Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-6612 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No.  0303007

Defendant's Reply for Supplemental Brief on the Issue of Collateral Estoppel
*Elsa Billingham v. SOA/DOT&PF*
3:05-cv-0240 (TMB)

**CERTIFICATE OF SERVICE**
This is to certify that on the 21st day of
May, 2008, a true and correct copy of
**DEFENDANT'S REPLY FOR
SUPPLEMENTAL BRIEF ON THE
ISSUE OF COLLATERAL
ESTOPPEL IN SUPPORT OF
MOTION FOR SUMMARY
JUDGMENT** in this proceeding was
served by first class U.S. Mail on the
following:

     David R. Edgren
     750 E. Fireweed Lane, Suite 201
     Anchorage, AK 99503


  /s/  Leticia Alvarez
     Law Office Assistant

Defendant's Reply for Supplemental Brief on the Issue of Collateral Estoppel
*Elsa Billingham v. SOA/DOT&PF*        Page 5 of 5
3:05-cv-0240 (TMB)