Case 3:05-cv-00240-TMB



SEP 0 4 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ELSA BILLINGHAM                       )
              Plaintiff,                )          **MOTION**
                           )
Vs.                                   )          Case NO. 3:05-cv-00240-TMB
                           )
STATE OF ALASKA, DEPARTMENT           )
OF TRANSPORTATION AND PUBLIC          )          **TO AMEND JUDGEMENT**
FACILITIES,                           )          **IN A CIVIL CASE**
             Defendant.           )
_____)

### MOTION TO AMEND JUDGEMENT IN A CIVIL CASE

Pro-Se Plaintiff Elsa Billingham objects to the **DECISION BY COURT** For the following reasons.

1. Pursuant to **Fed Civ. Rule 59 e.** Plaintiff Billingham has not had a hearing, in which her evidence is Admitted. Billingham requests that she be allowed to amend this judgement.

2. Much of Billingham's evidence has been redacted and is under seal. Billingham has been unable to Request her evidence that is in Superior Court be made available to Billingham.

3. None of Billingham's expert witnesses have been allowed to speak.

4. When ASCHR investigated Billingham's case before the Superior Court, they refused to include In their investigation any of Billingham's witnesses. So none of the evidence from witnesses has Been allowed in either Billingham's administrative review before ASCHR,or the Superior Court.

5. This Court is not allowing Billingham's evidence which is necessary to show disparate treatment, Is being allowed, I.e. Accident Summary Logs, Which is a strong showing that similarly situated Men **did** have more accidents and more serious and expensive accidents than Billingham., However Pursuant to **Fed. Civ. Rule 1003** Rule 1003, A duplicate is admissible to the same extent as an original. This Evidence was given to Billingham by the State and the names were redacted to provide Confidentiality and the States Bates numbering system is on these documents. Billingham Agreed to do this in "good faith," However Billingham is now unable to group comparators. Billingham's evidence should be accepted.

1

Case 3:05-cv-00240-TMB

6. Plaintiff requests that this court allow Billingham to complete the evidence that she has and to

Be able to complete her comparators, by allowing her to have them  unredacted.

7. Plaintiff Billingham requests that she be allowed to turn into District Court ,video taping DVD  of

Depositions of supervisors at TSAIA.  Billinghm's attorney David Edgren failed to do this.

Billingham is not an attorney, but would like the opportunity to do this.  The court reporters office

Has the original copies of these DVD's.  Billingham would give the court the original copies.

Billingham is unable to afford to have these DVD's transcribed but would like to be able to turn

These DVD's  into the court as  some her defense.

8.   Billingham will not turn these DVD's into the Attorney General's office unless they request them.

Assistant Attorney General Brenda B Page sat in on the deposition's and is aware of all the facts

And evidence that was presented.

**PLAINTIFF BILLINGHAM OBJECTS TO: IT IS ORDERED AND ADJUDGED**

1. DOT/PF's discrimination and retaliation against Billingham is continuing.  Billingham is unable to

Find full time permanent employment.  Billingham has not only been blacklisted by the State of

Alaska and the DOT/PF, and all of their contractors, Billingham is also blacklisted by the Municipality

Of Anchorage and the School District.  Billingham is also blacklisted by several of the unions of which

She is a member.  Billingham is also blacklisted by the military bases and their contractors ,

Billingham's father is a veteran of two wars. Billingham is also blacklisted by the oil companies and

their contractor's.  Billingham is innocent of any wrong doing .

2. Billingham has  tried unsuccessfully to find employment and is unable to do so.

Billingham has had a loss of earning capacity and  is attempting to live on her State retirement of $525

Per month with no medical benefits.

3. Billingham  requests that this court take a second look at Billingham's evidence and allow her to

Have her evidence unredacted so that Billingham may build a case on the evidence that she has.  Most

Of which was given to Billingham by the State.  Most of the evidence has Bates numbers on them.

Case 3:05-cv-00240-TMB

Billingham's claims of "hostile environment" harrassment ,are actionable under section 703 of Title VII

Of the Civil rights Act of 1964, 42 U.S.C. 2000e-2(a), as forms of sex discrimination.  Billingham's

Evidence,  of accident summary logs show that other employee's had more accidents and more

Serious accidents than Billingham.  Evidence shows that these people were not terminated from

Their employment and subjected to  Letters of Dispute Resolutions., and put under surveillance.

**Norcon, inc,** Appellant, v. **Mary Kotowski,** Appellee. Nos. S-6390, S-6420.  Supreme Court of Alaska.

Feb. 19,1999. 971  PACIFIC REPORTER, 2d SERIES PAGE 158.

4. Master and Servant  30(1.15)  Supreme Court has recognized that a retaliatory discharge gives rise to a cause of action for breach of the duty of good faith and fair dealing.

See: **Ledbetter v. Good year Tire and Rubber Co.,** and **Cracler Barrel v. Humphries.**

Plaintiff Billingham respectfully requests that Billingham be allowed to review her evidence in

Superior Court, and be allowed to unredact some of her evidence in order to show  her comparators.

Dated this 4th day of September          By _____

Elsa Billingham
PO. Box 231625
Anchorage, Alaska 99523
(907) 332-3791

CERTIFICATE OF SERVICE

This is to certify that on September 4th 2008
A true and correct copy of the Plaintiff's
Motion to Amend Judgement in a Civil Case:
Was served in person by Elsa Billingham to

Brenda B. Page
Assistant Attorney General
1031 W. 4th Ave. Suite 200
Anchorage Alaska 99501
Phone: (907) 269-5135
Fax (907) 258-4978